UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

04-30055-MAP

)
MICHELE LEADER, LANCE )
LEADER, KURTIS LEADER, )
PPA LANCE LEADER, )
)
    Plaintiffs )
)
v. )
)
WAL-MART STORES, INC. )
)
    Defendant. )
)

FILING FEE PAID:
RECEIPT # 305549
AMOUNT $ 150.00
BY DPTY CLK MCA
DATE 3/19/04

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 81.1 of the United States District Court for the District of Massachusetts, defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), hereby removes the case entitled *Michele Leader, Lance Leader, Kurtis Leader PPA Lance Leader*, Superior Court Department, Hampden County, Civil Action No. 2004-00186, to the United States District Court for the District of Massachusetts, Western Division. As grounds for removal, Wal-Mart states:

    1. On or about February 18, 2004, this action was commenced by Michele Leader, Lance Leader, Kurtis Leader PPA Lance Leader ("Plaintiffs") against Wal-Mart, and is now pending in the Hampden Superior Court (attached hereto as Exhibit A). On or about February 27, 2004, Plaintiffs'

Complaint was served upon Wal-Mart Stores, Inc. through its agent in Massachusetts, Corporation Service Company (attached hereto as Exhibit B. Wal-Mart filed and served its Answer to the aforementioned Complaint on March 17, 2004 (attached hereto as Exhibit C). There have been no further proceedings in this action.

2.  This Court has original jurisdiction for removal purposes pursuant to 28 U.S.C. § 1332 in that this is a civil action wherein the amount in controversy, as alleged by the Plaintiffs in their statement of damages (attached hereto as Exhibit D), exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this action may properly be removed to this Court pursuant to 28 U.S.C. § 1441.

3.  Plaintiffs have alleged in their Complaint that they are all domiciled in the Commonwealth of Massachusetts. Upon information and belief, when they filed their Complaint, Plaintiffs were, and still are, citizens of the Commonwealth of Massachusetts.

4.  Wal-Mart was at the time this action was commenced and is still a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Arkansas. Wal-Mart was not at the time this action was commenced and is not now a citizen of the Commonwealth of Massachusetts.

WHEREFORE, Wal-Mart respectfully requests that this Court enter an order removing this action from Hampden Superior Court to this Court.

WAL-MART STORES, INC.

By its attorneys,

CRAIG AND MACAULEY
 PROFESSIONAL CORPORATION

Dated: March 18, 2004

/s/ Richard E. Quinby

Richard E. Quinby, BBO#545641
Chauncey D. Steele IV, BBO#647207
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
(617) 367-9500

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 18, 2004.

/s/ Chauncey D. Steele IV

3

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.                                      SUPERIOR COURT
                                                  CIVIL ACTION NO. 04-186

MICHELE LEADER, LANCE           )
LEADER, KURTIS LEADER, ppa      )
LANCE LEADER,                   )
  Plaintiffs,                   )
                                )   **AMENDED COMPLAINT AND**
                                )   **DEMAND FOR JURY TRIAL**
vs.                             )
                                )
                                )
WAL-MART STORES, INC.,          )
  Defendant.                    )

1. The Plaintiff, Michele Leader, is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts.

2. The Plaintiff, Lance Leader, is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts and at all times relevant hereto, was the spouse of the Plaintiff Michele Leader.

3. The Plaintiff, Kurtis Leader, ppa Lance Leader is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts and at all times relevant hereto was the son of the Plaintiffs Michele Leader and Lance Leader and brings this action through his father and next friend, Lance Leader.

4. The Defendant, Wal-Mart Stores, Inc. (the "Defendant"), is a business duly organized and existing under the law, with a place of business at 141 Springfield Road, Westfield, Massachusetts.

5. On or about February 1, 2002, the Defendant caused to have placed at the entrance of its store at 141 Springfield Road, Westfield, Massachusetts, a place where persons lawfully on the Defendants premises were expected and directed to enter the facility, mats, rugs and/or other floor covering which were kept, placed, maintained and/or affixed in a careless, negligent, unsafe and/or dangerous condition.

6. Said mats, rugs and/or other floor coverings were placed at the entrance of the store under the direction, control, supervision and/or with the permission, knowledge and consent of the Defendant acting through its agents, servants and/or employees in the ordinary course of its business of operating the store located at 141 Springfield Road, Westfield, Massachusetts.

7. On February 1, 2002, said mats, rugs and/or floor coverings were in a dangerous, defective and unsafe condition in the normal path of customers entering the store and which condition

was not open, obvious and/or readily visible and/or discernable to customers acting with ordinary care.

8. At all times relevant hereto, the Defendant was aware of, knew, should have known and/or consented to the said dangerous, defective and unsafe condition of the entryway of the store premises located in an area where the public was invited to have access and where customers of the store would normally walk near, over, and/or through, all of which were facts known to or that should have been known to the Defendant in the exercise of due care.

9. On February 1, 2002, the Plaintiff, Michele Leader, was lawfully on the premises and property of the Defendant as a business invitee and, while entering the Defendant's store at 141 Springfield Road, Westfield, Massachusetts, was caused to fall, landing on the concrete floor on both of her knees, and sustaining serious injury as a direct and proximate result of said dangerous and unsafe condition.

10. The presence of said dangerous and unsafe condition over which the Plaintiff, Michele Leader, tripped and fell, constituted a defective, unsafe and dangerous condition of the property, which condition was known, should have been known, and/or was maintained with the consent of the Defendant, and which existed as a direct and proximate result of Defendant's negligent failure to maintain and control the said property in a safe and careful manner.

11. The said dangerous, unsafe and defective condition, over which the Plaintiff, Michele Leader tripped, existed as a direct and proximate result of Defendant's negligent failure to warn persons lawfully on its property of the dangers posed and/or to make and/or maintain said property in a safe condition.

12. At all times relevant hereto, the Defendant knew and/or should have known of the danger posed by said dangerous, unsafe and defective condition and that persons such as Plaintiff Michele Leader would walk upon and/or cross said dangerous and defective condition and be exposed to a risk of danger and/or injury.

## COUNT I

13. The Plaintiff Michele Leader restates and incorporates by reference all of the matters set forth in paragraphs 1 through 12 above, and states:

14. As a direct and proximate result thereof, the Plaintiff, Michele Leader, was caused to trip and fall, and suffer severe and permanent injuries to her body and mind, great mental anguish and emotional distress, the inability to perform her normal activities, including employment activities, incurred substantial expense and cost for loss of earnings and medical expenses, and has suffered permanent disability.

WHEREFORE the Plaintiff Michelle Leader requests relief as follows;
   1. That she be awarded compensatory and punitive damages, as provided by law, against the Defendant;
   2. That she be awarded her costs, interest and reasonable attorneys fees;
   3. For such other relief as this Court deems reasonable and proper.

## COUNT II

15. The Plaintiffs Lance Leader and Kurtis Leader, PPA, restate and incorporate by reference all of the matters set forth in paragraphs 1 through 14 above, and state:

16. As a direct and proximate result thereof, the Plaintiff, Lance Leader, has suffered, and will continue to suffer, a loss of his wife's services, love, comfort, consortium, conjugal relations, support and relationship; he has incurred and will continue to incur expenses on his wife's behalf, has lost the benefit of his wife's earnings and has suffered great mental anguish and emotional distress because of the injuries as aforesaid to his wife.

17. As a direct and proximate result thereof, the Plaintiff, Kurtis Leader, has suffered and will continue to suffer, a loss of his mother's services, love, comfort, consortium, support and relationship; he has lost the benefit of his mother's earnings and has suffered great mental anguish and emotional distress because of the injuries as aforesaid to his mother.

WHEREFORE, the Plaintiffs Lance Leader and Kurtis Leader request relief as follows:
1. That they each be awarded compensatory and punitive damages, as provided by law, against the Defendant;
2. That they each be awarded their costs, interest and reasonable attorneys fees;
3. For such other relief as this Court deems reasonable and proper.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS AND ISSUES.**

THE PLAINTIFFS,
MICHELE LEADER, LANCE LEADER,
KURTIS LEADER, PPA LANCE LEADER
by their attorneys,

Date:

John J. McCarthy, Esquire
BBO# 328280
Thomas E. Day, Esquire
BBO# 655409
Doherty, Wallace, Pillsbury, and
Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Telephone: 413-733-3111
Facsimile: 413-734-3910

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04-186

MICHELE LEADER, LANCE LEADER
KURTIS LEADER, ppa, LANCE LEADER_____, PLAINTIFF(S)

V.                                                    **SUMMONS**

WAL-MART STORES, INC._____, DEFENDANT(S)

To the above named defendant:
You are hereby summoned and required to serve upon
Thomas E. Day, Esquire
1414 Main St., Ste 1900, Springfield, MA 01144-1900, plaintiff's attorney, whose address is an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ___23rd___ day of ___February___ in the year of our Lord two thousand ~~three~~ four.

True copy Attest:
2/27/04
Deputy Sheriff Suffolk County

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2003 , I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____
_____
_____
_____
_____

Dated:_____, 2003


<u>N.B. TO PROCESS SERVER:</u>
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.</u>

(_____)
(_____, 2003 )
(_____)

**Corporation Service Company**
2711 Centerville Road Suite 400, Wilmington, DE, 19808
(888) 690-2882     sop@cscinfo.com

United States Corporation Company                                  The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

Date Processed: 27-FEB-04                                     Transmittal #: MA2019958C       ALL

To: THOMAS MARS C/O SHARON YOUNG                  Redirect sent to:
WAL-MART STORES, INC. LEGAL TEAM                  MR. KENNETH VERMILION
702 SW 8TH STREET
BENTONVILLE AR 72716-0555

TYPE OF REPRESENTATION:   Statutory

*We enclose the following documents which were served upon:*
                                    Corporation Service Company
*as registered agent in   Massachusetts        for*
                          WAL-MART STORES, INC. (ID#:  1868285)
*Documents were served on  27-FEB-04     via Personal Service*         ID#:  N/A

Title of Action: Michele Leader, et al                              Case #: 04-186
       vs. Wal-Mart Stores, Inc.
    Court: Hampden County Superior Court, Commonwealth of MA
Nature of Case: Personal Injury

| X | Summons      | ___ Notice of Mechanic's Lien   | ___ A self-addressed stamped envelope enclosed |
|---|--------------|--------------------------------|--------------------------------|
| X | Complaint    | ___ Notice of Attorney's Lien  |                                |
| ___ | Garnishment | ___ Notice of Default Judgment | ___ Duplicate copies of the Notice and Acknowledgement enclosed |
| ___ | Subpoena    |                                |                                |

X   Other:   Civil Action Cover Sheet

Answer Due:  20 days
Documents Sent:  Federal Express             ID#:
Call Placed:  No call placed                 Spoke to:  N/A
Comments:  N/A

Attorney for Claimant:
    Thomas E Day, Esq.
    Doherty, Wallace, Pillsbury and Murphy, P.C.
    One Monarch Place, 1414 Main Street, 19th Floor
    Springfield, MA  01144
    413-733-3111

Form Prepared By:  Bernardo Montanez

Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for detail or interpretation of the content of those documents.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                                 SUPERIOR COURT
                                                             CIV. ACTION NO. 04-186

```
                                    )
MICHELE LEADER, LANCE               )
LEADER, KURTIS LEADER,              )
PPA LANCE LEADER,                   )
                                    )
        Plaintiffs                  )
                                    )
v.                                  )
                                    )
WAL-MART STORES, INC.               )
                                    )
        Defendant.                  )
                                    )
```

## ANSWER AND JURY DEMAND
## OF DEFENDANT WAL-MART STORES, INC.

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby answers the allegations in the Complaint filed by Plaintiffs Michele Leader, Lance Leader, Kurtis Leader PPA Lance Leader ("Plaintiffs") as follows:

1.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Defendant denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendant denies the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

## COUNT I

13. Defendant incorporates its answers set forth in paragraphs 1 through 12 as if set forth fully herein.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

## COUNT II

15. Defendant incorporates its answers set forth in paragraphs 1 through 14 as if set forth fully herein.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If Wal-Mart was negligent, which Wal-Mart denies, Plaintiffs are barred in whole or in part from recovery herein because any damage they may have suffered was directly and proximately caused by their own negligence.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiffs have any cause of action against Wal-Mart, which Wal-Mart denies, Plaintiffs have waived the same by Plaintiffs' own conduct.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damage or injury herein, said damage or injury resulted from a risk which Plaintiffs voluntarily, knowingly, and willingly assumed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs were negligent. Such negligence equaled or exceeded any negligence of Wal-Mart. Therefore, Plaintiffs may not recover.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Limitations.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any injury or damage, such injury or damage was caused by the negligence or fault of some other person or entity for whose conduct Wal-Mart is not legally liable.

### NINTH AFFIRMATIVE DEFENSE

Some or all of the damages alleged by Plaintiffs are not recoverable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they failed to mitigate their damages.

**WHEREFORE**, Defendant Wal-Mart Stores, Inc. demands that Plaintiffs' Complaint against it be dismissed with prejudice,

4

that judgment be entered for it on all claims against it, and that costs and attorneys' fees be granted to it.

**DEMAND FOR JURY TRIAL**

Defendant Wal-Mart Stores, Inc. hereby demands a trial by jury.

Dated:   March 17, 2004              WAL-MART STORES, INC.

By its attorneys,

CRAIG AND MACAULEY
  PROFESSIONAL CORPORATION

_____
Richard E. Quinby (BBO #545641)
Chauncey D. Steele IV
(BBO #647207)
Craig and Macauley
  Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
(617) 367-9500

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 17, 2004.

_____
Chauncey D. Steele IV

5

| CIVIL ACTION COVER SHEET | DOCKET NO (S) | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|
| PLAINTIFF(S): Michele Leader, Lance Leader, Kurtis Leader, ppa Lance Leader | | DEFENDANT(S): Wal-Mart, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Thomas E. Day, Esq., Doherty, Wallace, Pillsbury & Murphy, PC, 1414 Main St., Ste 1900, Springfield, MA 01144-1900   (413) 733-3111 Board of Bar Overseers number: 655409 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- XX 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence, Personal Injury | ( F ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................... $ 26,041.5?
2. Total Doctor expenses ............................................................ $ 14,976.4?
3. Total chiropractic expenses/Physical Therapy Expenses ............................... $ 3,655.0?
4. Total physical therapy expenses ................................................... $ -------
5. Total other expenses (describe) Lab fees, diagnostics tech. & components, ............ $ 16,284.6?
   ambulance, medical devices, prescription medication
   Subtotal $ 60,957.6?
B. Documented lost wages and compensation to date ................................ approx. $ 45,900.00
C. Documented property damages to date .............................................. $ N/A
D. Reasonably anticipated future medical and hospital expenses ............... Uncertain $
E. Reasonably anticipated lost wages ........................................ Uncertain $
F. Other documented items of damages (describe)
                                                                                      $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Plaintiff tripped and fell at a Walmart store, causing severe injury to her knee, requiring surgery. Recovery from surgery was complicated by deep venous thrombosis, requiring further hospitalization. Patient's recovery has been further complicated by onset of fibromyalgia, [with attendant sleep disturbances, body and joint   $
   pain and headaches].
                                                                        TOTAL $ 106,857.62

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 2/17/04

AOTC-6 mtc005-11/9?
A.O.S.C 1-2000