Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

### HDCV2004-00186
### Leader et al v Wal-Mart Inc

*04 CV30055-MAP*

| | | | | | |
|---|---|---|---|---|---|
| File Date | 02/18/2004 | Status | Needs review for service (acneserv) | | |
| Status Date | 02/18/2004 | Session | A - Civil A - CtRm 6 | | |
| Origin | 1 | Case Type | B04 - Other negligence/pers injury/pro | | |
| Lead Case | | Track | F | | |
| Service | 05/18/2004 | Answer | 07/17/2004 | Rule12/19/20 | 07/17/2004 |
| Rule 15 | 07/17/2004 | Discovery | 12/14/2004 | Rule 56 | 01/13/2005 |
| Final PTC | 02/12/2005 | Disposition | 04/13/2005 | Jury Trial | Yes |

**PARTIES**

**Plaintiff**
Michele Leader
Active 02/18/2004

Private Counsel 655409
Thomas E Day
Doherty Wallace Pillsbury & Murphy
1414 Main Street
1 Monarch Place 19th floor
Springfield, MA 01144-1002
Phone: 413-733-3111
Fax: 413-734-3910
Active 02/18/2004 Notify

**Plaintiff**
Lance Leader
Active 02/18/2004

\*\*\* See Attorney Information Above \*\*\*

**Plaintiff**
Kurtis Leader PPA
Active 02/18/2004

\*\*\* See Attorney Information Above \*\*\*

**Defendant**
Wal-Mart Inc
Answered: 03/22/2004
Answered 03/22/2004

Private Counsel 647207
Chauncey D. Steele IV
Craig & Macauley
600 Atlantic Avenue
Federal Reserve Plaza
Boston, MA 02210
Phone: 617-367-9500
Fax: 617-742-1788
Active 03/22/2004 Notify

case01 224633 y y y y y y

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2004-00186
### Leader et al v Wal-Mart Inc

Private Counsel 545641
Richard E Quinby
Craig & Macauley
600 Atlantic Avenue
Federal Reserve Plaza
Boston, MA 02210
Phone: 617-367-9500
Fax: 617-742-1788
Active 03/22/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/18/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 02/18/2004 | | Origin 1, Type B04, Track F. |
| 02/20/2004 | 2.0 | Amended complaint |
| 03/22/2004 | 3.0 | ANSWER:  Wal-Mart Inc(Defendant)   TO |

### EVENTS

A TRUE COPY
OF THE DOCKET MINUTES:
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
31st day of March, 2004

*Tonya Marlow CSI*
Deputy Assistant   Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04 185 | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|
| PLAINTIFF(S) Michele Leader, Lance Leader, Kurtis Leader, ppa Lance Leader | | DEFENDANT(S) Wal-Mart, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Thomas E. Day, Esq., Doherty, Wallace, Pillsbury & Murphy, PC, 1414 Main St., Ste 1900, Springfield, MA 01144-1900   (413) 733-3111 Board of Bar Overseers number: 655409 | | ATTORNEY (if known) HAMPDEN COUNTY SUPERIOR COURT FILED FEB 18 2004 CLERK-MAGISTRATE |

Origin code and track designation

Place an x in one box only:
- [XX] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence, Personal Injury | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $............
  2. Total Doctor expenses .................................................. $ 26,041.59
  3. Total chiropractic expenses/Physical Therapy Expenses ................. $ 14,975.40
  4. Total physical therapy expenses ....................................... $ 3,655.00
  5. Total other expenses (describe) Lab fees, diagnostics tech., components, ambulance, medical devices, prescription medication ............ $ 16,284.63
     Subtotal $ 60,956.62
B. Documented lost wages and compensation to date ........................... approx. $ 45,900.00
C. Documented property damages to date ...................................... $ N/A
D. Reasonably anticipated future medical and hospital expenses .............. Uncertain $
E. Reasonably anticipated lost wages ........................................ Uncertain $
F. Other documented items of damages (describe) ............................. $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Plaintiff tripped and fell at a Walmart store, causing severe injury to her knee, requiring surgery. Recovery from surgery was complicated by deep venous thrombosis, requiring further hospitalization. Patient's recovery has been further complicated by onset of fibromyalgia, [with attendant sleep disturbances, body and joint pain and headaches]. $............

TOTAL $ 106,857.62

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 2/17/04

A true copy Attest: Tanya Marlow Deputy Assistant Clerk

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### CONTRACT
| Code | Description | Track |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

### TORT
| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

### REAL PROPERTY
| Code | Description | Track |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

### EQUITABLE REMEDIES
| Code | Description | Track |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS
| Code | Description | Track |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

A true copy,
Attest:

_Tanya Marlow C S II_
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.                                                                SUPERIOR COURT
                                                                            CIVIL ACTION NO. 04-186

HAMPDEN COUNTY
SUPERIOR COURT
FILED
FEB 20 2004
CLERK-MAGISTRATE

MICHELE LEADER, LANCE
LEADER, KURTIS LEADER, ppa
LANCE LEADER,
  Plaintiffs,

vs.

WAL-MART STORES, INC.,
  Defendant.

**AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

1. The Plaintiff, Michele Leader, is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts.

2. The Plaintiff, Lance Leader, is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts and at all times relevant hereto, was the spouse of the Plaintiff Michele Leader.

3. The Plaintiff, Kurtis Leader, ppa Lance Leader is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts and at all times relevant hereto was the son of the Plaintiffs Michele Leader and Lance Leader and brings this action through his father and next friend, Lance Leader.

4. The Defendant, Wal-Mart Stores, Inc. (the "Defendant"), is a business duly organized and existing under the law, with a place of business at 141 Springfield Road, Westfield, Massachusetts.

5. On or about February 1, 2002, the Defendant caused to have placed at the entrance of its store at 141 Springfield Road, Westfield, Massachusetts, a place where persons lawfully on the Defendants premises were expected and directed to enter the facility, mats, rugs and/or other floor covering which were kept, placed, maintained and/or affixed in a careless, negligent, unsafe and/or dangerous condition.

6. Said mats, rugs and/or other floor coverings were placed at the entrance of the store under the direction, control, supervision and/or with the permission, knowledge and consent of the Defendant acting through its agents, servants and/or employees in the ordinary course of its business of operating the store located at 141 Springfield Road, Westfield, Massachusetts.

7. On February 1, 2002, said mats, rugs and/or floor coverings were in a dangerous, defective and unsafe condition in the normal path of customers entering the store and which condition

215414-1

was not open, obvious and/or readily visible and/or discernable to customers acting with ordinary care.

8. At all times relevant hereto, the Defendant was aware of, knew, should have known and/or consented to the said dangerous, defective and unsafe condition of the entryway of the store premises located in an area where the public was invited to have access and where customers of the store would normally walk near, over, and/or through, all of which were facts known to or that should have been known to the Defendant in the exercise of due care.

9. On February 1, 2002, the Plaintiff, Michele Leader, was lawfully on the premises and property of the Defendant as a business invitee and, while entering the Defendant's store at 141 Springfield Road, Westfield, Massachusetts, was caused to fall, landing on the concrete floor on both of her knees, and sustaining serious injury as a direct and proximate result of said dangerous and unsafe condition.

10. The presence of said dangerous and unsafe condition over which the Plaintiff, Michele Leader, tripped and fell, constituted a defective, unsafe and dangerous condition of the property, which condition was known, should have been known, and/or was maintained with the consent of the Defendant, and which existed as a direct and proximate result of Defendant's negligent failure to maintain and control the said property in a safe and careful manner.

11. The said dangerous, unsafe and defective condition, over which the Plaintiff, Michele Leader tripped, existed as a direct and proximate result of Defendant's negligent failure to warn persons lawfully on its property of the dangers posed and/or to make and/or maintain said property in a safe condition.

12. At all times relevant hereto, the Defendant knew and/or should have known of the danger posed by said dangerous, unsafe and defective condition and that persons such as Plaintiff Michele Leader would walk upon and/or cross said dangerous and defective condition and be exposed to a risk of danger and/or injury.

## COUNT I

13. The Plaintiff Michele Leader restates and incorporates by reference all of the matters set forth in paragraphs 1 through 12 above, and states:

14. As a direct and proximate result thereof, the Plaintiff, Michele Leader, was caused to trip and fall, and suffer severe and permanent injuries to her body and mind, great mental anguish and emotional distress, the inability to perform her normal activities, including employment activities, incurred substantial expense and cost for loss of earnings and medical expenses, and has suffered permanent disability.

WHEREFORE the Plaintiff Michelle Leader requests relief as follows;
    1. That she be awarded compensatory and punitive damages, as provided by law, against the Defendant;
    2. That she be awarded her costs, interest and reasonable attorneys fees;
    3. For such other relief as this Court deems reasonable and proper.

## COUNT II

15. The Plaintiffs Lance Leader and Kurtis Leader, PPA, restate and incorporate by reference all of the matters set forth in paragraphs 1 through 14 above, and state:

16. As a direct and proximate result thereof, the Plaintiff, Lance Leader, has suffered, and will continue to suffer, a loss of his wife's services, love, comfort, consortium, conjugal relations, support and relationship; he has incurred and will continue to incur expenses on his wife's behalf, has lost the benefit of his wife's earnings and has suffered great mental anguish and emotional distress because of the injuries as aforesaid to his wife.

17. As a direct and proximate result thereof, the Plaintiff, Kurtis Leader, has suffered and will continue to suffer, a loss of his mother's services, love, comfort, consortium, support and relationship; he has lost the benefit of his mother's earnings and has suffered great mental anguish and emotional distress because of the injuries as aforesaid to his mother.

WHEREFORE, the Plaintiffs Lance Leader and Kurtis Leader request relief as follows:
1. That they each be awarded compensatory and punitive damages, as provided by law, against the Defendant;
2. That they each be awarded their costs, interest and reasonable attorneys fees;
3. For such other relief as this Court deems reasonable and proper.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS AND ISSUES.**

Date: 2/19/04

THE PLAINTIFFS,
MICHELE LEADER, LANCE LEADER,
KURTIS LEADER, PPA LANCE LEADER
by their attorneys,

John J. McCarthy, Esquire
BBO# 328280
Thomas E. Day, Esquire
BBO# 655409
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Telephone: 413-733-3111
Facsimile: 413-734-3910

A true copy
Attest:

_Tanya Marlow_ CS II
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                    SUPERIOR COURT
                                                CIV. ACTION NO. 04-186

MICHELE LEADER, LANCE )
LEADER, KURTIS LEADER, )
PPA LANCE LEADER, )
                                )
    Plaintiffs  )
                                )       HAMPDEN COUNTY
                                )       SUPERIOR COURT
v.                              )            FILED
                                )
                                )         MAR 2 2 2004
WAL-MART STORES, INC. )
                                )       CLERK-MAGISTRATE
    Defendant.  )
                                )

## ANSWER AND JURY DEMAND
## OF DEFENDANT WAL-MART STORES, INC.

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby answers the allegations in the Complaint filed by Plaintiffs Michele Leader, Lance Leader, Kurtis Leader PPA Lance Leader ("Plaintiffs") as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

3

4.  Defendant admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.  Defendant denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.  Defendant denies the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.  Defendant denies the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.  Defendant denies the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.  Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

## COUNT I

13. Defendant incorporates its answers set forth in paragraphs 1 through 12 as if set forth fully herein.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

## COUNT II

15. Defendant incorporates its answers set forth in paragraphs 1 through 14 as if set forth fully herein.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If Wal-Mart was negligent, which Wal-Mart denies, Plaintiffs are barred in whole or in part from recovery herein because any damage they may have suffered was directly and proximately caused by their own negligence.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiffs have any cause of action against Wal-Mart, which Wal-Mart denies, Plaintiffs have waived the same by Plaintiffs' own conduct.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damage or injury herein, said damage or injury resulted from a risk which Plaintiffs voluntarily, knowingly, and willingly assumed.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs were negligent. Such negligence equaled or exceeded any negligence of Wal-Mart. Therefore, Plaintiffs may not recover.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Limitations.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any injury or damage, such injury or damage was caused by the negligence or fault of some other person or entity for whose conduct Wal-Mart is not legally liable.

### NINTH AFFIRMATIVE DEFENSE

Some or all of the damages alleged by Plaintiffs are not recoverable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they failed to mitigate their damages.

**WHEREFORE**, Defendant Wal-Mart Stores, Inc. demands that Plaintiffs' Complaint against it be dismissed with prejudice,

4

that judgment be entered for it on all claims against it, and that costs and attorneys' fees be granted to it.

### DEMAND FOR JURY TRIAL

Defendant Wal-Mart Stores, Inc. hereby demands a trial by jury.

Dated: March 17, 2004                    WAL-MART STORES, INC.

By its attorneys,

CRAIG AND MACAULEY
  PROFESSIONAL CORPORATION

_____
Richard E. Quinby (BBO #545641)
Chauncey D. Steele IV
(BBO #647207)
Craig and Macauley
  Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 17, 2004.

_____
Chauncey D. Steele IV

A true copy.
Attest:

_____
Deputy Assistant Clerk

5

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION NO.

MICHELE LEADER, LANCE )
LEADER, KURTIS LEADER, ppa )
LANCE LEADER, )
  Plaintiffs, )
                          )   **COMPLAINT AND DEMAND FOR**
vs.                     )   **JURY TRIAL**
                          )
WAL-MART, INC., )
  Defendant. )

*[Stamp: HAMPDEN COUNTY SUPERIOR COURT FILED FEB 18 2004, CLERK-MAGISTRATE]*

1. The Plaintiff, Michele Leader, is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts.

2. The Plaintiff, Lance Leader, is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts and at all times relevant hereto, was the spouse of the Plaintiff Michele Leader.

3. The Plaintiff, Kurtis Leader, ppa Lance Leader is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts and at all times relevant hereto was the son of the Plaintiffs Michele Leader and Lance Leader and brings this action through his father and next friend, Lance Leader.

4. The Defendant, Wal-Mart, Inc. (the "Defendant"), is a business duly organized and existing under the law, with a place of business at 141 Springfield Road, Westfield, Massachusetts.

5. On or about February 1, 2002, the Defendant caused to have placed at the entrance of its store at 141 Springfield Road, Westfield, Massachusetts, a place where persons lawfully on the Defendants premises were expected and directed to enter the facility, mats, rugs and/or other floor covering which were kept, placed, maintained and/or affixed in a careless, negligent, unsafe and/or dangerous condition.

6. Said mats, rugs and/or other floor coverings were placed at the entrance of the store under the direction, control, supervision and/or with the permission, knowledge and consent of the Defendant acting through its agents, servants and/or employees in the ordinary course of its business of operating the store located at 141 Springfield Road, Westfield, Massachusetts.

7. On February 1, 2002, said mats, rugs and/or floor coverings were in a dangerous, defective and unsafe condition in the normal path of customers entering the store and which condition was not open, obvious and/or readily visible and/or discernable to customers acting with ordinary care.

197477-1

8. At all times relevant hereto, the Defendant was aware of, knew, should have known and/or consented to the said dangerous, defective and unsafe condition of the entryway of the store premises located in an area where the public was invited to have access and where customers of the store would normally walk near, over, and/or through, all of which were facts known to or that should have been known to the Defendant in the exercise of due care.

9. On February 1, 2002, the Plaintiff, Michele Leader, was lawfully on the premises and property of the Defendant as a business invitee and, while entering the Defendant's store at 141 Springfield Road, Westfield, Massachusetts, was caused to fall, landing on the concrete floor on both of her knees, and sustaining serious injury as a direct and proximate result of said dangerous and unsafe condition.

10. The presence of said dangerous and unsafe condition over which the Plaintiff, Michele Leader, tripped and fell, constituted a defective, unsafe and dangerous condition of the property, which condition was known, should have been known, and/or was maintained with the consent of the Defendant, and which existed as a direct and proximate result of Defendant's negligent failure to maintain and control the said property in a safe and careful manner.

11. The said dangerous, unsafe and defective condition, over which the Plaintiff, Michele Leader tripped, existed as a direct and proximate result of Defendant's negligent failure to warn persons lawfully on its property of the dangers posed and/or to make and/or maintain said property in a safe condition.

12. At all times relevant hereto, the Defendant knew and/or should have known of the danger posed by said dangerous, unsafe and defective condition and that persons such as Plaintiff Michele Leader would walk upon and/or cross said dangerous and defective condition and be exposed to a risk of danger and/or injury.

## COUNT I

13. The Plaintiff Michele Leader restates and incorporates by reference all of the matters set forth in paragraphs 1 through 12 above, and states:

14. As a direct and proximate result thereof, the Plaintiff, Michele Leader, was caused to trip and fall, and suffer severe and permanent injuries to her body and mind, great mental anguish and emotional distress, the inability to perform her normal activities, including employment activities, incurred substantial expense and cost for loss of earnings and medical expenses, and has suffered permanent disability.

WHEREFORE the Plaintiff Michelle Leader requests relief as follows;
   1. That she be awarded compensatory and punitive damages, as provided by law, against the Defendant;
   2. That she be awarded her costs, interest and reasonable attorneys fees;
   3. For such other relief as this Court deems reasonable and proper.

## COUNT II

15. The Plaintiffs Lance Leader and Kurtis Leader, PPA, restate and incorporate by reference all of the matters set forth in paragraphs 1 through 14 above, and state:

16. As a direct and proximate result thereof, the Plaintiff, Lance Leader, has suffered, and will continue to suffer, a loss of his wife's services, love, comfort, consortium, conjugal relations, support and relationship; he has incurred and will continue to incur expenses on his wife's behalf, has lost the benefit of his wife's earnings and has suffered great mental anguish and emotional distress because of the injuries as aforesaid to his wife.

17. As a direct and proximate result thereof, the Plaintiff, Kurtis Leader, has suffered and will continue to suffer, a loss of his mother's services, love, comfort, consortium, support and relationship; he has lost the benefit of his mother's earnings and has suffered great mental anguish and emotional distress because of the injuries as aforesaid to his mother.

WHEREFORE, the Plaintiffs Lance Leader and Kurtis Leader request relief as follows:
1. That they each be awarded compensatory and punitive damages, as provided by law, against the Defendant;
2. That they each be awarded their costs, interest and reasonable attorneys fees;
3. For such other relief as this Court deems reasonable and proper.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS AND ISSUES.**

THE PLAINTIFFS,
MICHELE LEADER, LANCE LEADER,
KURTIS LEADER, PPA LANCE LEADER
by their attorneys,

Date: 2/17/04

John J. McCarthy, Esquire
BBO# 328280
Thomas E. Day, Esquire
BBO# 655409
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Telephone: 413-733-3111
Facsimile: 413-734-3910

A true copy.
Attest:

Tanya Marlow CSII
Deputy Assistant Clerk