SCANNED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30055-MAP

MICHELE LEADER, LANCE )
LEADER, KURTIS LEADER, ppa )
LANCE LEADER, )
  Plaintiffs, )
)   **SECOND AMENDED COMPLAINT**
vs. )   **AND DEMAND FOR JURY TRIAL**
)
WAL-MART STORES, INC. and WAL- )
MART STORES EAST, LP, )
  Defendants. )

1. The Plaintiff, Michele Leader, is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts.

2. The Plaintiff, Lance Leader, is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts and at all times relevant hereto, was the spouse of the Plaintiff Michele Leader.

3. The Plaintiff, Kurtis Leader, ppa Lance Leader is an individual with a residence at 172 Holyoke Road, Westfield, Massachusetts and at all times relevant hereto was the son of the Plaintiffs Michele Leader and Lance Leader and brings this action through his father and next friend, Lance Leader.

4. The Defendant, Wal-Mart Stores, Inc. (the "Defendant"), is a business duly organized and existing under the law, with a place of business at 141 Springfield Road, Westfield, Massachusetts.

5. The Defendant, Wal-Mart Stores East, LP is a business duly organized and existing under the law with a place of business at 702 SW 8th Street, Bentonville, Arkansas.

6. On or about February 1, 2002, the Defendant caused to have placed at the entrance of its store at 141 Springfield Road, Westfield, Massachusetts, a place where persons lawfully on the Defendants premises were expected and directed to enter the facility, mats, rugs and/or other floor covering which were kept, placed, maintained and/or affixed in a careless, negligent, unsafe and/or dangerous condition.

7. Said mats, rugs and/or other floor coverings were placed at the entrance of the store under the direction, control, supervision and/or with the permission, knowledge and consent of the Defendant acting through its agents, servants and/or employees in the ordinary course of its business of operating the store located at 141 Springfield Road, Westfield, Massachusetts.

8. On February 1, 2002, said mats, rugs and/or floor coverings were in a dangerous, defective and unsafe condition in the normal path of customers entering the store and which condition was not open, obvious and/or readily visible and/or discernable to customers acting with ordinary care.

9. At all times relevant hereto, the Defendant was aware of, knew, should have known and/or consented to the said dangerous, defective and unsafe condition of the entryway of the store premises located in an area where the public was invited to have access and where customers of the store would normally walk near, over, and/or through, all of which were facts known to or that should have been known to the Defendant in the exercise of due care.

10. On February 1, 2002, the Plaintiff, Michele Leader, was lawfully on the premises and property of the Defendant as a business invitee and, while entering the Defendant's store at 141 Springfield Road, Westfield, Massachusetts, was caused to fall, landing on the concrete floor on both of her knees, and sustaining serious injury as a direct and proximate result of said dangerous and unsafe condition.

11. The presence of said dangerous and unsafe condition over which the Plaintiff, Michele Leader, tripped and fell, constituted a defective, unsafe and dangerous condition of the property, which condition was known, should have been known, and/or was maintained with the consent of the Defendant, and which existed as a direct and proximate result of Defendant's negligent failure to maintain and control the said property in a safe and careful manner.

12. The said dangerous, unsafe and defective condition, over which the Plaintiff, Michele Leader tripped, existed as a direct and proximate result of Defendant's negligent failure to warn persons lawfully on its property of the dangers posed and/or to make and/or maintain said property in a safe condition.

13. At all times relevant hereto, the Defendant knew and/or should have known of the danger posed by said dangerous, unsafe and defective condition and that persons such as Plaintiff Michele Leader would walk upon and/or cross said dangerous and defective condition and be exposed to a risk of danger and/or injury.

## COUNT I

13. The Plaintiff Michele Leader restates and incorporates by reference all of the matters set forth in paragraphs 1 through 12 above, and states:

14. As a direct and proximate result thereof, the Plaintiff, Michele Leader, was caused to trip and fall, and suffer severe and permanent injuries to her body and mind, great mental anguish and emotional distress, the inability to perform her normal activities, including employment activities, incurred substantial expense and cost for loss of earnings and medical expenses, and has suffered permanent disability.

WHEREFORE the Plaintiff Michelle Leader requests relief as follows:

1. That she be awarded compensatory and punitive damages, as provided by law, against the Defendant;
2. That she be awarded her costs, interest and reasonable attorneys fees;
3. For such other relief as this Court deems reasonable and proper.

## COUNT II

15. The Plaintiffs Lance Leader and Kurtis Leader, PPA, restate and incorporate by reference all of the matters set forth in paragraphs 1 through 14 above, and state:

16. As a direct and proximate result thereof, the Plaintiff, Lance Leader, has suffered, and will continue to suffer, a loss of his wife's services, love, comfort, consortium, conjugal relations, support and relationship; he has incurred and will continue to incur expenses on his wife's behalf, has lost the benefit of his wife's earnings and has suffered great mental anguish and emotional distress because of the injuries as aforesaid to his wife.

17. As a direct and proximate result thereof, the Plaintiff, Kurtis Leader, has suffered and will continue to suffer, a loss of his mother's services, love, comfort, consortium, support and relationship; he has lost the benefit of his mother's earnings and has suffered great mental anguish and emotional distress because of the injuries as aforesaid to his mother.

WHEREFORE, the Plaintiffs Lance Leader and Kurtis Leader request relief as follows:

1. That they each be awarded compensatory and punitive damages, as provided by law, against the Defendant;
2. That they each be awarded their costs, interest and reasonable attorneys fees;
3. For such other relief as this Court deems reasonable and proper.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS AND ISSUES.**

Dated: August __, 2004

THE PLAINTIFFS,
MICHELE LEADER, LANCE LEADER,
KURTIS LEADER, PPA LANCE LEADER
By their attorneys,

_____
John J. McCarthy, Esquire
BBO# 328280
Thomas E. Day, Esquire
BBO# 655409
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Telephone: 413-733-3111
Facsimile: 413-734-3910

3   235990-1