UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

```
_____
                               )
MICHELE LEADER, LANCE          )
LEADER, KURTIS LEADER,         )
PPA LANCE LEADER,              )   Civil Action No. 04-30055-KPN
                               )
        Plaintiffs             )
                               )
v.                             )
                               )
WAL-MART STORES, INC.          )
and WAL-MART STORES EAST,      )
LP,                            )
                               )
        Defendant.             )
_____)
```

**DEFENDANT WAL-MART STORES EAST, LP'S
MOTION TO CONDUCT A PHYSICAL EXAMINATION
AND INTERVIEW WITH PLAINTIFF MICHELLE LEADER**

NOW COMES the Defendant, Wal-Mart Stores East LP ("Wal-Mart"), who moves this Court pursuant to Fed. R. Civ. P. 35 for an order directing that Plaintiff Michelle Leader ("Plaintiff") submit to a physical examination before Kirk H. Johnson, M.D. at his offices, which are located at 33 Oak Avenue, Worcester, MA 01605, at 12 p.m. on May 20, May 27, June 1, or June 3 – whichever of these days is most convenient for the Plaintiff – immediately followed by a half-hour interview with Amy E. Vercillo, Wal-Mart's vocational expert, at the same location. Dr. Johnson, who has already performed a review of Plaintiff's medical records, will conduct an independent medical examination

of the Plaintiff's knees, which are alleged to have been injured as a direct and proximate result of Wal-Mart's negligence. Ms. Vercillo will interview the Plaintiff regarding her education and work experience with a view toward rendering an opinion on her employability in light of Plaintiff's allegation that she is unable to work anymore since her accident at Wal-Mart.

### I. Wal-Mart Has the Right to Conduct an Independent Medical Examination of the Plaintiff.

In support of its motion, Wal-Mart states the following: Rule 35 allows the Court to order a party to submit to a physical or mental examination by a physician when the physical or mental condition of a party is "in controversy." Fed. R. Civ. P. 35. In this case, Plaintiff and her husband, Lance Leader, have brought an action against Wal-Mart alleging that the Plaintiff tripped and fell on a dangerously-placed rug near the entrance to the Westfield, Massachusetts Wal-Mart Store on February 1, 2002. Plaintiff further alleges that, as a direct result of her alleged accident, she has suffered a multitude of maladies stemming from the trauma to both of her knees, one of which required surgery that was complicated by a blood clot See Letter from Plaintiffs' counsel to counsel for Wal-Mart (04/20/04), attached hereto as Exhibit 1. Thus, Plaintiff and her husband have put Plaintiff's physical condition squarely at issue and "in controversy" in the instant suit. Fed. R. Civ. P. 35.

Accordingly, in an effort explore the cause and extent of Plaintiff's alleged injuries, Wal-Mart arranged for Plaintiff's medical records to be examined by Kirk H. Johnson, M.D. in October of 2004.  Dr. Johnson is a board certified orthopedic surgeon who maintains a medical practice in Worcester, Massachusetts.  A copy of Dr. Johnson's curriculum vitae is attached hereto as Exhibit 2.  In November 21, 2004, Dr. Johnson produced a written report memorializing his orthopedic records review, which is attached hereto as Exhibit 3.  In the introduction to his report, Dr. Johnson noted that he did not have the luxury of examining the Plaintiff, and he has since communicated a willingness to examine her.  He has also indicated that, despite the conclusions he reached after reviewing the medical records, his examination will be truly independent, and he has specifically requested that counsel for the parties not be present to ensure that this is the case.

On January 25, 2005, in response to Wal-Mart's request that he permit his client to be examined, Plaintiffs' counsel requested certain information including the name of the physician conducting the examination, the nature of the examination, and the location of the examination. See Letter from Plaintiffs' counsel to counsel for Wal-Mart (01/25/05), attached hereto as Exhibit 4.  This information has since been provided to Plaintiff's counsel and is also contained within the instant motion.

3

On March 7, 2005, Plaintiffs' counsel indicated that he would not permit his client to be "physically examined or touched in any manner" or to "disrobe" and that "it is up to Wal-Mart to provide reasonable transportation either by a limousine or taxi." See Letter from Plaintiffs' counsel to counsel for Wal-Mart (03/07/05), attached hereto as Exhibit 5. Although there is no rule requiring him to do so, Dr. Johnson his since indicated (and counsel for Wal-Mart has since informed Plaintiffs' counsel) that Dr. Johnson will not require the Plaintiff to disrobe provided that she wears shorts or a skirt that will enable him to examine her knees. See Letter from counsel for Wal-Mart to Plaintiffs' counsel (03/28/05), attached hereto as Exhibit 6. He has further indicated that, although he will need to touch her legs to perform the examination, he will not need to touch her anywhere else. See id. Finally, although there is no rule requiring the party requesting an examination to do so, Wal-Mart has agreed to reimburse the Plaintiff for the cost of her travel to the examination up to the prevailing Internal Revenue Service rate of $.405 per mile. See id.

## II. Wal-Mart's Vocational Expert Should Be Permitted to Conduct a Brief Interview the Plaintiff.

Plaintiff further alleges that, as a direct and proximate result of her accident at Wal-Mart, she was forced to request an unpaid medical leave of absence from her job as a special needs teacher for the Westfield Public Schools and is still unable to

4

return to work.  See Plaintiff's Deposition Transcript at 15-17, 63-64, attached hereto as Exhibit 7.  She further alleges that she her salary prior to quitting her job was $40,000 per year and that, since she stopped working, the salary rate for her former position has increased to $44,002 per year.  See Plaintiff's Answers to Wal-Mart's Interrogatories at No. 10, attached hereto as Exhibit 8.  Given these allegations and Plaintiff's relatively young age, 37-years-old, the sheer magnitude of her loss of earning capacity claim has forced Wal-Mart to hire a vocational expert named Amy E. Vercillo to render an opinion on the Plaintiff's prospects for future employment.  A copy of Ms. Vercillo's curriculum vitae is attached hereto as Exhibit 9.

Although Ms. Vercillo is fully capable of rendering an admissible opinion regarding the Plaintiff's earning capacity by examining the record in this case, she has specifically requested the opportunity to conduct an informal interview with the Plaintiff to fill in the gaps.  Furthermore, in an effort to inconvenience the Plaintiff as little as possible, Ms. Vercillo has agreed to travel to Dr. Johnson's office and conduct her interview with the Plaintiff at the conclusion of his IME, and Dr. Johnson has agreed to give her use of a private room for that purpose.

In short, Wal-Mart has demonstrated good cause for a physical examination and a subsequent interview of the Plaintiff and has sufficiently addressed all of Plaintiffs' counsel's

concerns. Further, as this matter is scheduled to be tried before a jury on October 17, 2005, Wal-Mart will be greatly and unfairly prejudiced if it is not permitted to conduct these examinations of the Plaintiff, whereas the Plaintiff will not be unfairly prejudiced at all if and when the Court allows this motion.

Finally, counsel for Wal-Mart would like the record to reflect that it has made every effort to schedule this examination without judicial intervention. Nevertheless, it has received a litany of excuses from Plaintiffs' counsel and no response whatsoever to its most recent letter, which was sent to Plaintiffs' counsel via facsimile on April 1, 2005 and which is attached hereto as Exhibit 10.

WHEREFORE, Defendant Wal-Mart Stores East, LP respectfully requests that this Court order the Plaintiff Michelle Leader to submit to a physical examination before Kirk H. Johnson, M.D. at his offices, which are located at 33 Oak Avenue, Worcester, MA 01605, at 12 p.m. on May 20, May 27, June 1, or June 3 — whichever of these days is most convenient for the Plaintiff — immediately followed by a half-hour interview with Amy E. Vercillo at the same location. At the suggestion of Dr. Johnson and Ms. Vercillo, Wal-Mart further asks that the Court prohibit counsel for either party from being present at said examinations. Finally, Wal-Mart respectfully requests that the Court extend the deadline for the production of Wal-Mart's expert reports, which

is presently May 20, 2005, to allow Wal-Mart's experts sufficient time to prepare their reports subsequent to their respective examinations.

Dated: April 15, 2005

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
 PROFESSIONAL CORPORATION

_____
Richard E. Quinby BBO#545641
Chauncey D. Steele IV BBO#647207
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts  02210
(617) 367-9500

## RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Plaintiff's counsel, John J. McCarthy on April 1, 2005 and that I attempted in good faith to resolve this issue.

_____
Chauncey D. Steele IV

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on April 15, 2005.

_____
Chauncey D. Steele IV

7