UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

MICHELE LEADER, et als )
  Plaintiffs, )
  )
vs. )    CIVIL ACTION NO. 04-30055 KPN
  )
WAL-MART STORES, INC., et als )
  Defendants. )

**PLAINTIFF MICHELE LEADER'S PARTIAL OPPOSITION TO DEFENDANT WAL-MART STORES EAST, LP'S MOTION TO CONDUCT A PHYSICAL EXAMINATION AND INTERVIEW WITH PLAINTIFF MICHELE LEADER AN ALTERNATIVE MOTION FOR PROTECTIVE ORDER**

     Now comes the Plaintiff Michele Leader in partial opposition to the Defendant's Motion to Conduct a Physical Examination and Interview with Plaintiff Michele Leader and alternatively seeks a Protective Order pursuant to Fed. R. Civ. P. 26 (c).

<u>1.    STATEMENT OF THE CASE</u>

     On February 1, 2002 the Plaintiff Michele leader was caused to trip and fall by an artificially placed tripping hazard, foul weather mats, which were recklessly and carelessly placed in the entrance way of the Westfield Wal-Mart Store. The mats were placed in a manner that posed a serious tripping hazard in violation of Wal-Mart's common law duty and internal regulations and protocols regarding the placement of mats. As a direct result of this reckless and careless behavior on the part of Wal-Mart, the plaintiff Michele Leader was caused to suffer serious injuries to her knees that resulted in further medical complications. She was caused significant damage including the inability to perform her

usual and customary daily activities of living as well as employment activities. The liability facts are undisputed, and the nature and extent of the injuries to her knees and a subsequent Deep Vein Thrombosis which developed following surgery to one of her knees are likewise undisputed on the evidence.

## 2.    REQUEST FOR MEDICAL EXAMINATION

In early January 2005, Defendant's counsel inquired of Plaintiff's counsel, in a telephone conference, whether there would be an objection to a so-called Independent Medical Examination or IME being conducted pursuant to Fed. R. Civ. P. 35. Defense counsel was informed there would be no objection in principal to an examination depending upon the nature and scope of the examination. Subsequently on or about January 20, 2005 (Exhibit 1), Defense counsel wrote to Plaintiff's counsel inquiring about Plaintiff's position *vis a vis* an examination of the Plaintiff by a physician hired by Wal-Mart in furtherance of its defense in this case. Plaintiff's counsel wrote to defense counsel on January 25, 2005 (Exhibit 2) and again inquired as to the nature and scope of the examination and the specialty of the physician that was being proposed to conduct such an examination. The Defendant and defense counsel failed to respond. Rather, on March 3, 2005 at a Case Management Conference defense counsel handed the Plaintiff's counsel a copy of a resume or curriculum vitae of a Dr. Steven H. Sewall.[1] Thereafter, by facsimile defense counsel sent another copy of Dr. Sewall's resume' and curriculum vitae with a letter (Exhibit 3) requesting that the examination occur at Dr. Sewall's office in Marlborough, Massachusetts.

---

[1] Because of confusion in the notification of which date the Case Management Conference would be held, Attorney Thomas E. Day appeared at the Case Management Conference in response to a telephone call from the Court. Please see letter of March 7, 2005 to the Court from Attorney John J. McCarthy, Docket Entry No. 21.

In response, on March 7, 2005, Plaintiff's counsel wrote to defense counsel and again requested a description of the examination that was being proposed and informed defense counsel that arrangements would have to be made by Wal-Mart to provide transportation to the Plaintiff to and from the examination. No response was received from Wal-Mart and on March 21, 2005 Plaintiff's counsel again wrote to defense counsel seeking resolution of the examination issue. (Exhibit 5) Thereafter, Wal-Mart informed Plaintiff's counsel that it was no longer requesting an examination by Dr. Sewall, but rather wished to have an examination by Dr. Kirk Johnson who had done a so-called record review of the Plaintiff's medical file. Plaintiff's counsel and defense counsel discussed the proposed examination by telephone on March 25, 2005 (Exhibit 7, Certification by Plaintiff's Counsel pursuant to L.R. 7.1 (A)(2) and L.R. 37.1 (A)), and Plaintiff's counsel again informed Wal-Mart of the Plaintiff's position. That is, that she needed to be informed of the nature and extent of the proposed examination before she would agree to it, that she would not disrobe for any examination and that transportation arrangements would have to be made to transport the Plaintiff to the new location being proposed in Worcester. Subsequently, on March 28, 2005 (Exhibit 6), Wal-Mart's counsel sent a letter informing Plaintiff's counsel that the examination would be limited in scope to an examination of the knees and that the Plaintiff would not be required to disrobe. Rather than providing transportation, Wal-Mart proposed to reimburse the Plaintiff for her own travel to and from the doctor's office and then proposed a number of dates upon which the examination could occur. Plaintiff's counsel has communicated with the plaintiff in that regard and has informed defense counsel that the Plaintiff is available on two of the proposed dates, May

2, 2005 and May 6, 2005.  The Plaintiff through counsel objects to Wal-Mart's proposal to reimburse her for mileage for travel rather than providing her with transportation to and from the doctor's office.

The Defendant now requests this Court to order the Plaintiff to appear for the examination, a request to the Court that is moot since the plaintiff has not refused to appear. [2]  In addition, Wal-Mart seeks to require the Plaintiff to provide her own transportation to the examination and further seeks to restrict the presence of Plaintiff's counsel or representatives of Plaintiff's counsel's office to be present during the examination.  The Plaintiff objects to Wal-Mart's proposed methodology regarding transportation and objects to the limitation of not having Plaintiff's counsel present during the examination.

It should be noted that in no sense of the phrase is this an "Independent Medical Examination."  Rather, this is an examination by physician bought and paid for by the Defendant, solely for the purpose of attempting to cast doubt on the well documented injury sustained by the Plaintiff when she fell at Wal-Mart.  As can be seen from the so-called independent evaluation of records performed by the physician who will now conduct an examination (*Exhibit 3 to Wal-Mart's Motion*), his conclusions are that the treating physicians were all wrong, their opinions are unsupported and that the one and only cause of the difficulties experienced by the Plaintiff, including surgical intervention and the Deep Vein Thrombosis she experienced, was her weight.

---

[2] Had Wal-Mart complied with L.R. 7.1 (A)(2) and L.R. 37.1 (A) before filing the Motion before the Court, Wal-Mart would have been able to confirm earlier agreement that the Plaintiff would submit to an examination.

This report is an aggressive, mischaracterization of the Plaintiff's treatment and the injuries that she sustained, and it is plainly obvious that it is neither independent, nor is it objective. It is, as a practical matter, not a medical examination as much as it is an effort by a paid defense expert to be set up testimony that he in fact examined the Plaintiff and therefore his previously reached conclusions should be believed. Under such circumstances, it is appropriate, and the Plaintiff submits necessary, for Plaintiff's counsel or representative of counsels office to be present during the course of the examination to observe the examination, to be able to verify the length of time the so-called examination takes, to be able to verify the scope of the examination, to be able to verify comments or statements or actions attributed to the Plaintiff during the examination, and to be able to verify what actions if any the physician takes during the course of the so-called examination. There is no legitimate reason for Wal-Mart to object to the Plaintiff's counsel or counsel's representative being present during the examination except to avoid clarification of the nature and extent of the examination at the time of trial. In short, this is an adversarial process, having nothing to do with concern over the health or wellbeing of the Plaintiff.

Finally, defense counsel's pejorative comments on page 6 of Wal-Mart's submission, that Plaintiff's counsel has made a "litany of excuses", is unprofessional, unseemly and entirely unsupported by the evidence. It has been the Defendant and its counsel that have first refused to clarify the nature and scope of the examination being requested and then insisted in a departure from such usual practices for such an examination a providing transportation. It took defense counsel more than a month to identify the physician Wal-Mart intended to hire, and changed his mind a month later.

Wherefore, with respect to the Fed. R. Civ. P. 35 examination, the Plaintiff agrees to the examination at a mutually convenient time and place, subject to Wal-Mart providing transportation to and from the examination and subject to her right to have counsel or representative of counsel's office present during the course of the examination.

### 3.    VOCATIONAL EXPERT EXAMINATION

For the first time in this Motion, Wal-Mart seeks to have the Plaintiff compelled to sit and meet, and presumably to speak with, a Vocational Expert hired by Wal-Mart for the sole and exclusive purpose of limiting the Plaintiff's claim for damages.[3] Wal-Mart admits that it is unnecessary at page 5 of its Brief, and further indicates that it is only to bolster the credibility of the Vocational Expert.

While Wal-Mart is perfectly free to retain and hire a vocational expert to testify at the time of trial, the Plaintiff has no obligation, nor should the Court create an obligation for the Plaintiff, to assist a defense expert in providing testimony and evidence intended only to disrupt the Plaintiff's claim for damages before the jury. Beyond requesting an Order for her to cooperate with an examination by a vocational expert, an examination which is not contemplated by Rule 35 or any other Rule applicable to this case, Defendant takes the additional step of requesting that the Court order the Plaintiff to appear f or the examination and to do so without the presence of Counsel to represent her interest. As noted above, this examination is adversarial, and intended to be so by Wal-Mart, and there is absolutely no basis in the law or the Rules, and Wal-Mart cites no case law, to permit

---

[3] Plaintiff again notes the failure of the Defendant to comply with L.R. 7.1 (A)(2) and L.R. 37.1 (A).

such an examination under such circumstances. Wherefore, the Plaintiff requests that the Court deny Wal-Mart's Motion with respect to the Vocational Expert.

## 4. PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26, the Plaintiff request this Court to both deny Wal-Mart's Motion to the extent noted above, and further requests the Court to issue a Protective Order in favor of the Plaintiff against the proposed examinations by Wal-Mart. The Plaintiff requests that the Protective Order preclude the Defendant's proposed interview with its vocational expert, that the Defendant be ordered to provide transportation for the Plaintiff to and from the requested examination by Dr. Johnson and that a representative of Plaintiff's counsel's office be allowed to be present during the Dr. Johnson visit.

THE PLANITIFF,
Michele Leader

Date: 4/20/05

By
John J. McCarthy, Esquire
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Telephone: 413-733-3111
Facsimile: 413-734-3910
BBO# 328280

## CERTIFICATE OF SERVICE

I, John J. McCarthy, Esquire, Counsel of Record, do hereby certify that I made service of the foregoing document by mailing a copy of same, postage prepaid, first class mail, to:

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Date:   4/20/05

John J. McCarthy, Esq.

**CRAIG AND MACAULEY** | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL. (617) 367-9500
FAX (617) 742-1788

January 20, 2005

*VIA FACSIMILE*

John J. McCarthy, Esq.
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144

Re:   Michele Leader v. Wal-Mart Stores, Inc. and Wal-Mart Stores, East, LP
       <u>United Stated District Court, Civil Action No. 04-CV-30055-MAP</u>

Dear John:

       Thank you for your recent correspondence and settlement demand.

       Dr. Johnson will not be testifying at trial. We are planning to take his audio-visual deposition for use at trial and will be asking the Court for permission to do so at the upcoming Case Management Conference. Please let us know if your client's treating physicians will be testifying. If not, perhaps we can request to take audio-visual depositions of them as well.

       Finally, at your earliest convenience, let us know if you will assent to an independent medical examination of your client or whether we need to file a motion under Rule 35.

       Thanks in advance.

                                                      Sincerely yours,

                                                      Chauncey D. Steele IV

CDS/nb

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW

PAUL S. DOHERTY
PHILIP J. CALLAN, JR
GARY P. SHANNON
ROBERT L. LEONARD
A. CRAIG BROWN
L. JEFFREY MEEHAN
JOHN J. McCARTHY
DAVID J. MARTEL‡
WILLIAM P. HADLEY
BARRY M. RYAN
DEBORAH A. BASILE†
PAUL M. MALECK
CLAIRE L. THOMPSON
W. GARTH JANES**
GREGORY A. SCHMIDT
MICHAEL K. CALLAN*
MICHAEL D. SWEET*‡
BERNADETTE HARRIGAN‡
BRENDA S. DOHERTY
MICHELE A. ROOKE
THOMAS E. DAY*
KAREN K. CHADWELL*†
JOHN E. BONINI*
MICHAEL J. BONANNO*

ONE MONARCH PLACE, SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900

TELEPHONE (413) 733-3111

TELECOPIER (413) 734-3910
WWW.DWPM.COM
E MAIL: JMCCARTHY@DWPM.COM

MATTHEW J. RYAN, JR.
OF COUNSEL

DUDLEY B. WALLACE
(1900-1987)
LOUIS W. DOHERTY
(1898-1990)
FREDERICK S. PILLSBURY
(1919-1996)
ROBERT E. MURPHY
(1919-2003)
SAMUEL A. MARSELLA
(1931-2004)

* REGISTERED PATENT ATTORNEY
* ALSO ADMITTED IN CONNECTICUT
‡ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN DISTRICT OF COLUMBIA

# FILE COPY

January 25, 2005

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

**Re:  Michele Leader, Lance Leader, Kurtis Leader, ppa Lance Leader v. Wal-Mart, Inc.**
**Civil Action No.: 04-30005-MAP**
**DWPM File No.: 5390023-0**

Dear Chad:

Thank you for your letter of January 20, 2005.

I take it from your letter that the record review physician will be deposed by audio-visual means for use at the time of trial. I am sure that we can arrange for mutually acceptable dates to conduct the questioning of the doctor. With respect to "An Independent Medical Examination", I would appreciate additional information regarding what physician will be conducting the exam on behalf of the Defendant, the nature of the examination and the place where the examination is to be scheduled. I would of course not object in principle to such an examination, but the details sometime create devilish problems.

With respect to my client's treating physicians, we will either have them testify live at trial or, if that is not logistically practical, by audio-visual means. Since we do not yet know when the Judge is likely to schedule the Trial, it is somewhat premature to make that decision. Nevertheless, I suspect at least one or more of the doctors would be unavailable to testify at Trial and thus at the Case Management Conference I anticipate informing the Judge that some or all of their testimony will be offered through audio-visual means.

255125-1

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

January 25, 2005
Page 2

I look forward to hearing from you.

Very truly yours,

John J. McCarthy

JJM/smm
cc:     Thomas E. Day, Esquire

255125-1

**CRAIG AND MACAULEY** | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

March 3, 2005

*VIA FACSIMILE*

John J. McCarthy, Esq.
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144

Re:    Michele Leader v. Wal-Mart Stores, Inc. and Wal-Mart Stores, East, LP
       United Stated District Court, Civil Action No. 04-CV-30055-MAP

Dear John:

Per your request, I provided Tom Day with the curriculum vitae of Steven H. Sewell, M.D. this morning. Dr. Sewell is an orthopedic surgeon who we believe is qualified to conduct an Independent Medical Examination of your client. We have had no prior dealings with Dr. Sewell, but we understand that he has performed many IMEs and has an office at 65 Fremont Street in Marlborough, which is just one hours drive from your client's home in Westfield.

Dr. Sewell is presently available to conduct the examination on the afternoons of March 16, 17, 18, and 21. At your earliest convenience, please let me know which of these dates works best for your client, if any.

Sincerely yours,

Chauncey D. Steele IV

CDS/nb

# Steven H. Sewall, M.D.

Office Address:          65 Fremont Street, Marlborough, MA 01752

Telephone #:             (508) 485-3665

Home Address:            Davison Drive, Lincoln, MA 01773

Telephone #:             (508) 259-0090


Place of Birth:          Hartford, Connecticut
Date of Birth:           May 15, 1939

## EDUCATION

High School:     William H. Hall High      W. Hartford, Connecticut   1957

College:         Brown University          Providence, Rhode Island   1961

Medical School:  Cornell University        Ithaca, New York           1965

Intern:          Mary Hitchcock Memorial   Hanover, New Hampshire     1966
                                           (general surgery)

Residency:       Mary Hitchcock Memorial   Hanover, New Hampshire     1967
                                           (general surgery)

                 University of Cincinnati Medical Center (Orthoped)     1968-1970

Military Service:  Oakland Naval Hospital    Oakland, CA (Orthoped)    1970-1972

Current Hospital Appts:   Marlborough Hospital      Marlborough, MA
                          University of Massachusetts Medical Center, Worcester, MA
                          Orthopaedic Associates of Marlborough, PC, Marlborough, MA

Professional Associations:   Fellow American Board of Orthopedic Surgery

Board Certified:             September 1972

Member:          American Academy of Orthopaedic Surgeons
                 Boston Orthopedic Society
                 Eastern Orthopedic Society
                 Massachusetts Medical Society
                 Middlesex West

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW

PAUL S. DOHERTY
PHILIP J. CALLAN, JR
GARY P. SHANNON
ROBERT L. LEONARD
A. CRAIG BROWN
L. JEFFREY MEEHAN
JOHN J. McCARTHY
DAVID J. MARTEL‡
WILLIAM P. HADLEY
BARRY M. RYAN
DEBORAH A. BASILE†
PAUL M. MALECK
CLAIRE L. THOMPSON
W. GARTH JANES**
GREGORY A. SCHMIDT
MICHAEL K. CALLAN*
MICHAEL D. SWEET*‡
BERNADETTE HARRIGAN‡
BRENDA S. DOHERTY
MICHELE A. ROOKE
THOMAS E. DAY*
KAREN K. CHADWELL*†
JOHN E. BONINI*
MICHAEL J. BONANNO*

ONE MONARCH PLACE, SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900

TELEPHONE (413) 733-3111

**FILE COPY**

TELECOPIER (413) 734-3910

WWW.DWPM.COM
E-MAIL: JMCCARTHY@DWPM.COM

MATTHEW J. RYAN, JR
OF COUNSEL

DUDLEY B. WALLACE
(1900-1987)
LOUIS W. DOHERTY
(1898-1990)
FREDERICK S. PILLSBURY
(1919-1996)
ROBERT E. MURPHY
(1919-2003)
SAMUEL A. MARSELLA
(1931-2004)

* REGISTERED PATENT ATTORNEY
† ALSO ADMITTED IN CONNECTICUT
‡ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN DISTRICT OF COLUMBIA

March 7, 2005

**VIA FACSIMILE- 1-617-742-1788/**
**FIRST CLASS MAIL**

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Re:    **Leader et al v. Wal-Mart, Inc.**
       **Civil Action No. 04-30055-MAP**

Dear Chad:

I am in receipt of your letter of March 3, 2005.

Before confirming that my client will be permitted to attend an so-called "Independent Medical Examination" at the request of Wal-Mart, I still need responses to the questions I raised in my last letter to you on the subject. That is, I need to know the nature and the extent of the proposed examination. I will not agree without an Order of the Court for my client to be physically manipulated or touched in any manner by this physician nor will I agree to prevent my client to disrobe. In addition, I will not agree, without an Order of the Court, to have my client undergo diagnostic procedures.

In addition, it is irrelevant to me how far the doctor's office is from my client's home or how long it might take anyone to drive to it. Under no circumstance will my client provide her own transportation to and from this examination. If Wal-Mart wishes to have an examination, and if we assent to that examination after getting appropriate information, then it is up to Wal-Mart to provide reasonable transportation either by a limousine or taxi.

As noted above, this is my second request for this information and without it, will not voluntarily agree to schedule an examination. Your expeditious response to these questions and

259849-1

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

March 7, 2005
Page 2

information regarding transportation will be greatly appreciated and will help to facilitate obtaining the examination Wal-Mart apparently seeks.

On a somewhat separate issue, you will recall that virtually the first time that we met you have communicated to me Wal-Mart's articulated burning desire to effectuate settlement of this case before Trial. At your request, I have taken the time and put in the effort to prepare several lengthy letters outlining my clients' posture regarding liability, damages and the potential of verdict ranges; either you or Wal-Mart have steadfastly refused to extend to us even the courtesy of indicating that Wal-Mart is not interested in settling or discussing settlement. I respectfully request that you confirm in writing that neither you nor your client intend to engage in settlement discussions before I commit to the expense on behalf of my client of scheduling the videotaped depositions of the treating medical experts. Your expeditious response would be greatly appreciated.

I look forward to hearing from you with regard to these matters. Please feel free to call me or Tom Day with any questions or with your response.

Very truly yours,

John J. McCarthy

JJM/smm
cc:     Thomas E. Day, Esquire

259849-1

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW

PAUL S. DOHERTY
PHILIP J. CALLAN, JR
GARY P. SHANNON
ROBERT L. LEONARD
A. CRAIG BROWN
L. JEFFREY MEEHAN
JOHN J. McCARTHY
DAVID J. MARTEL‡
WILLIAM P. HADLEY
BARRY M. RYAN
DEBORAH A. BASILE†
PAUL M. MALECK
CLAIRE L. THOMPSON
W. GARTH JANES**
GREGORY A. SCHMIDT
MICHAEL K. CALLAN*
MICHAEL D. SWEET*‡
BERNADETTE HARRIGAN‡
BRENDA S. DOHERTY
MICHELE A. ROOKE
THOMAS E. DAY*
KAREN K. CHADWELL*†
JOHN E. BONINI*
MICHAEL J. BONANNO*

ONE MONARCH PLACE, SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900

TELEPHONE (413) 733-3111

TELECOPIER (413) 734-3910

WWW.DWPM.COM
E MAIL: DWPM@DWPM.COM

MATTHEW J. RYAN, JR.
OF COUNSEL

DUDLEY B. WALLACE
(1900-1987)
LOUIS W. DOHERTY
(1898-1990)
FREDERICK S. PILLSBURY
(1919-1996)
ROBERT E. MURPHY
(1919-2003)
SAMUEL A. MARSELLA
(1931-2004)

* REGISTERED PATENT ATTORNEY
* ALSO ADMITTED IN CONNECTICUT
* ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN DISTRICT OF COLUMBIA

## FILE COPY

March 21, 2005

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

**Re:**   **Leader et al v. Wal-Mart, Inc.**
        **Civil Action No. 04-30055-MAP**

Dear Chad:

    I refer your attention to my most recent letter to you regarding your request to schedule an examination of my client.

    To date I have no response to the questions that I asked of you in my last two letters regarding the examination that is being proposed and the transportation arrangements for my client.   Please note that if an agreed upon examination is to be scheduled, we will need some lead time in communicating with my client making certain that her schedule and activities would permit an examination on whatever day it is being proposed.

    In addition, since we have had no response whatsoever to any observations or proposals that we have made with regard to settlement, we are proceeding on the assumption that Wal-Mart will continue in its refusal to even begin discussions on possible settlement and will proceed with scheduling audiovisual depositions for purposes of preserving that testimony for trial of my clients' treating physicians.  You will hear from us shortly with regard to scheduling those dates.

261547-1

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

March 21, 2005
Page 2

Thank you for your courtesy and attention.

Very truly yours,

JJM/smm

John J. McCarthy

261547-1

MAR. 28. 2005 4:25PM CRAIG AND MACAULEY P. 2

# CRAIG AND MACAULEY I PROFESSIONAL CORPORATION
## COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

March 28, 2005

**VIA FACSIMILE ONLY**

John J. McCarthy, Esq.
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144

> Re:   Michele Leader v. Wal-Mart Stores, Inc.
>       United Stated District Court, Civil Action No. 04-CV-30055-MAP

Dear John:

I write in response to your concerns about our proposed IME and as a follow up to our conversation last Friday.

You asked about the scope of the proposed IME. Please be advised that, given prior your objections to our first proposed examination, we have arranged for the examination to be conducted by Dr. Kirk Johnson, the orthopedic surgeon who performed the medical records review of your client last fall. In conducting his examination, he will not require your client to disrobe provided that she wears shorts or a skirt that will enable him to examine her knees. Further, although he will need to touch her legs to perform the examination, he is not planning on touching her anywhere else.

Dr. Johnson will be available to perform the examination at his offices on 33 Oak Avenue in Worcester on April 29, May 2, May 4, and May 6. Please advise as to which day works best for your client. As for your concerns about the cost of transportation although we are not aware of any rule requiring them to do so, Wal-Mart will reimburse your client up to $.405 per mile for her travel.

Finally, as to your suggestion that we schedule a mediation session before the commencement of expert discovery, we will recommend that to our client.

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

Please do not construe our failure to make you an offer of settlement as motivated by an unwillingness to settle. We did not receive your $1,250,000 demand until fairly recently (01/06/05), and you have made it clear since the commencement of this litigation that we should not even bother making you an offer in the five-figure range. That statement, together with your demand, has led us to believe that a settlement was not desired by your client. That said, we are encouraged by your desire to mediate, and we fully expect to be able to attend a mediation session with settlement authority. We would also be happy to mediate with Patty Barbalunga.

We look forward to hearing from you soon regarding examination dates for your client. Thank you.

Sincerely yours,

Chauncey D. Steele IV

CDS/nlb

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

MICHELE LEADER. et als,   )
Plaintiffs                )
                           )
vs.                      )     CIVIL ACTION NO. 04-30055- KPN
                           )
WAL-MART STORES, INC.)
et als,                  )
Defendants        )
                           )

## PLAINITFF MICHELE LEADER'S CERTIFICATION PURSUANT TO L.R. 7.1(A)(2) AND L.R. 37.1 (A)

Now comes the Plaintiff Michele Leader through counsel, pursuant to L.R. 7.1(A)(2) and L.R. 37.1(A) and certifies as follows:

1. Counsel for the Plaintiff and Defendant spoke at length by telephone on March 25, 2005 regarding the nature, scope and conditions with respect to the Defendant's request for an examination of the Plaintiff by Dr. Kirk Johnson.

2. As is reflected in the written documentation attached to the Plaintiff's opposition to the Defendant's motion, there were several written communications between counsel regarding said examination and the nature, scope and conditions attendant with the examination.

3. Counsel for the Plaintiff agreed that the Plaintiff would attend an examination, but would not disrobe and that Wal-Mart would have to provide transportation to and from the examination.

4. Counsel for Wal-Mart never discussed or referenced the attendance at the examination by Plaintiff's counsel and Plaintiff's counsel was not aware that it was an issue until the Defendant's motion was received.

5. Counsel for Wal-Mart never discussed or referenced and "interview" or any other type of examination of the Plaintiff by a vocational expert in any writing and/or conversation between counsel until the references contained in the Defendant's motion.

THE PLANITIFF,
Michele Leader

Date: 4/20/05

By
John J. McCarthy, Esquire
Doherty, Wallace, Pillsbury, and
Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Telephone: 413-733-3111
Facsimile: 413-734-3910
BBO# 328280

## CERTIFICATE OF SERVICE

I, John J. McCarthy, Esquire, Counsel of Record, do hereby certify that I made service of the foregoing document by mailing a copy of same, postage prepaid, first class mail, to:

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Date: 4/20/05

John J. McCarthy, Esq.