

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| MICHELE LEADER, LANCE LEADER, KURTIS LEADER, PPA LANCE LEADER,<br><br>　　　Plaintiffs<br><br>v.<br><br>WAL-MART STORES, INC. and WAL-MART STORES EAST, LP,<br><br>　　　Defendant. | Civil Action No. 04-30055-KPN |

**DEFENDANT WAL-MART STORES EAST, LP'S MOTION
FOR RECONSIDERATION OF THE COURT'S ORDER REGARDING
DEFENDANT'S MOTION TO CONDUCT A PHYSICAL EXAMINATION
AND INTERVIEW WITH PLAINTIFF MICHELLE LEADER**

NOW COMES the Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), who moves this Court for reconsideration of its recent Order directing that Plaintiff Michelle Leader ("Plaintiff") submit to a physical examination before Kirk H. Johnson, M.D. at his offices on May 6, 2005. Wal-Mart also moves this Court for reconsideration of its Order denying Wal-Mart's request that the Plaintiff submit to a brief interview Amy E. Vercillo, Wal-Mart's vocational expert, at the same location and at the same time.

In support of its motion, Wal-Mart states the following:

I.  **The Court's Order as It is Currently Written Prevents Wal-Mart from Conducting the Independent Medical Examination It Seeks and to Which It is Entitled.**

Rule 35 allows the Court to order any party to submit to a physical or mental examination by a physician when the physical or mental condition of the party is "in controversy." Fed. R. Civ. P. 35. In the instant case, given the Plaintiff's claims, the applicable law, and Plaintiff's counsel's prior representations to the Court, there is no real dispute as to whether such an examination is appropriate in this case. Nevertheless, the Court's Order granting Wal-Mart's request for the examination actually serves to prevent Wal-Mart from conducting it.

First, as a direct result of Plaintiffs' counsel's waffling, Dr. Johnson is no longer available to perform the examination on the date that the Court has ordered the Plaintiff to appear before him (May 6, 2005). See Affidavit of Chauncey D. Steele IV at ¶5, attached hereto as Exhibit 1. (Dr. Johnson's office actually supplied Wal-Mart's counsel with the May 6 date on March 28, and, that same day, Wal-Mart's counsel relayed the information to Plaintiffs' counsel. See id.; see also Letter from Attorney Steele to Attorney McCarthy dated March 28, 2005, attached hereto as Exhibit 2.) In short, by the time Plaintiff's counsel told Wal-Mart's counsel that the Plaintiff was available to be examined on May 6, which was not until April 20 (*three and a half weeks after Wal-Mart's counsel had presented Plaintiffs'*

*counsel with the date and two days after Wal-Mart had filed and served its IME motion requesting that the Plaintiff be examined on May 20, May 27, June 1, or June 3),* see Letter from Plaintiff's counsel to counsel for Wal-Mart dated April 20, 2005, attached hereto as Exhibit 3, Dr. Johnson's office had already booked a full day of examinations on May 6. See Affidavit of Chauncey D. Steele IV at ¶5, attached hereto as Exhibit 1.[1] Presently, Dr. Johnson is available to perform an independent medical examination of the Plaintiff on June 13, June 15, June 17, June 23, June 24, July 15, July 20, July 28 and July 29. See id.

The Court's Order granting Wal-Mart's request for an independent medical examination also serves to prevent Wal-Mart from conducting said examination because Dr. Johnson will refuse to perform the examination if anyone else is present in the examination room. See Affidavit of Chauncey D. Steele IV at ¶¶2-4, attached hereto as Exhibit 1; see also Schedule of Fees for Kirk H. Johnson, M.D., attached hereto as Exhibit 4 ("**Please note: Attorneys are not allowed in the room for the exam.**")

Furthermore, Plaintiffs' counsel has failed to show good cause for their presence at the examination. See Kutner v.

---

[1] In fact, it was both disingenuous and misleading for Plaintiffs' counsel to represent to the Court in its opposition to Wal-Mart's IME motion (as it did at the bottom of page three) that it had informed defense counsel that the Plaintiff was available on two of the proposed dates when neither of those dates were being proposed anymore — nor were either of those dates among the dates being requested in the IME motion that was then pending before the Court and which had already been served on Plaintiffs' counsel.

3

Urban, 17 Mass. L. Rep. 49 (2003) (granting defendant's motion for a protective order preventing plaintiff's counsel from being present during an IME because plaintiff's counsel failed to show good cause for his attendance), attached hereto as Exhibit 5; cf. Cabana v. Forcier, 200 F.R.D. 9, 12 (2001) (refusing to permit plaintiff's counsel to attend a psychiatric examination after determining that "the clear majority of federal courts have refused to permit third party observers at Rule 35 examinations"), attached hereto as Exhibit 6. In Kutner, after analyzing the potential problems with allowing attorneys to be present during Rule 35 examinations under the Massachusetts rule (which tracks Federal Rule 35 as amended), the court decided that an attorney seeking to attend must show good cause for his attendance. 17 Mass. L. Rep. at 49, *10.

In determining whether good cause exists for an attorney's presence, the Kutner court concluded that a court "should first consider if there are any external factors which would suggest a biased or adversarial examination" such as "(1) allegations of past impropriety on the part of the examining physician, and (2) whether the examinee has any needs or disabilities which would warrant the presence of an attorney, such as language barriers, mental disabilities, or other conditions which would put the examinee in a vulnerable position." Id. at *10-11. In the instant case, there are no allegations of past impropriety on the part of Dr. Johnson, see Affidavit of Chauncey D. Steele IV at

4

¶2, attached hereto as Exhibit 1, and the mere fact the Dr. Johnson has conducted a review of the Plaintiff's medical records does not carry Plaintiff's counsel's burden of showing that Dr. Johnson's examination will necessarily be biased or adversarial. See id. at ¶4. Moreover, there are no language barriers in this case, nor does the Plaintiff have any mental disabilities or other conditions that would put her in a vulnerable position during the examination.

The Kutner court further opined that the second area to consider when determining whether good cause exists for an attorney's presence at a Rule 35 examination is "the nature of the exam itself." 17 Mass. L. Rep. 49, *11. Here, Dr. Johnson's proposed examination of the Plaintiff's allegedly injured knees is totally non-threatening and is clearly not the kind of embarrassing or invasive examination that "would add to the vulnerability of an examinee." Id. Furthermore, Dr. Johnson has not proposed using any "techniques which are experimental or not generally accepted by the medical community." Id. Therefore, just as in the Kutner case, Plaintiffs' counsel in the instant case has not – and cannot – establish good cause for their presence at the Plaintiff's examination.

Accordingly, the Court should require the Plaintiff to appear before Dr. Johnson on a date when he is available to perform the examination and should permit Dr. Johnson to conduct his examination in private.

## II. Wal-Mart's Vocational Expert Should Be Permitted to Conduct a Brief Interview the Plaintiff.

Plaintiff also alleges that, as a direct and proximate result of her accident at Wal-Mart, she was forced to request an unpaid medical leave of absence from her job as a special needs teacher for the Westfield Public Schools and is still unable to return to work. Accordingly, Wal-Mart has hired a vocational expert (Amy E. Vercillo) and has asked her to render an opinion on the Plaintiff's prospects for future employment. Ms. Vercillo, in turn, has specifically requested the opportunity to conduct an informal interview with the Plaintiff so that she can discover important details about her that are not presently reflected in the record including details about Ms. Leader's educational and vocational background, subjective complaints, activities of daily living, vocational interests. See Letter from Amy Vercillo to Attorney Steele dated April 28, 2005, attached hereto as Exhibit 7. Furthermore, in an effort to accommodate the Plaintiff, Ms. Vercillo has agreed to travel to Dr. Johnson's office and conduct her interview with the Plaintiff at the conclusion of his IME, and Dr. Johnson has agreed to give her use of a private room for that purpose. See id.

Given the Plaintiff's allegation that she is unable to work anymore, and her relatively young age (37-years-old), Wal-Mart's expert should be given the opportunity, through its expert, to defend itself against the Plaintiff's enormous loss of earning

capacity claim. Moreover, as Ms. Vercillo's interview is expected to take no more than one hour to complete and will be conducted at a time and place that is convenient for the Plaintiff, there is no good reason why it should not be allowed.

In short, Wal-Mart has demonstrated good cause for a physical examination and interview with the Plaintiff free from the influence of counsel for both sides. Finally, as this matter is scheduled to be tried before a jury on October 17, 2005, Wal-Mart will be greatly and unfairly prejudiced if it is not permitted to conduct these examinations of the Plaintiff, whereas the Plaintiff will not be unfairly prejudiced at all if the Court allows this motion.

WHEREFORE, Defendant Wal-Mart Stores East, LP respectfully requests that this Court order the Plaintiff Michelle Leader to submit to a physical examination before Kirk H. Johnson, M.D. at his offices, which are located at 33 Oak Avenue, Worcester, MA 01605, at 12 p.m. on June 13, June 15, June 17, June 23, June 24, July 15, July 20, July 28 or July 29 — whichever of these days is most convenient for the Plaintiff — immediately followed by a half-hour interview with Amy E. Vercillo at the same location. At the request of Dr. Johnson and Ms. Vercillo, Wal-Mart further asks that the Court prohibit counsel for either party from being present at said examinations. Finally, Wal-Mart respectfully requests that the Court extend the deadline for the production of Wal-Mart's expert reports, which is presently May 20, 2005, to

allow Wal-Mart's experts sufficient time to prepare their reports subsequent to their respective examinations. In the event that the Court denies Wal-Mart's motion for reconsideration, Wal-Mart also requests that the Court extend the current deadlines for expert discovery to permit Wal-Mart's counsel to find a physician who is willing to examine the Plaintiff while attorneys are present in the examination room.

Dated: April 29, 2005

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
PROFESSIONAL CORPORATION

_____
Richard E. Quinby BBO#545641
Chauncey D. Steele IV BBO#647207
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts  02210
(617) 367-9500

## RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I have conferred with Plaintiffs' counsel on several occasions and that I have attempted in good faith to resolve these issues.

_____
Chauncey D. Steele IV

8

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on April 29, 2005.

_____
Chauncey D. Steele IV