UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

```
                                    )
MICHELE LEADER, LANCE               )
LEADER, KURTIS LEADER,              )
PPA LANCE LEADER,                   )    Civil Action No. 04-30055-KPN
                                    )
        Plaintiffs                  )
                                    )
v.                                  )
                                    )
WAL-MART STORES, INC.               )
and WAL-MART STORES EAST,           )
LP,                                 )
                                    )
        Defendant.                  )
                                    )
```

AFFIDAVIT OF CHAUNCEY D. STEELE IV

I, Chauncey D. Steele IV, state under the penalties of perjury:

1. I am an attorney in good standing licensed to practice law in the Commonwealth of Massachusetts.

2. I am informed by the office of Kirk H. Johnson, M.D. that he is a physician in good standing licensed to practice in the Commonwealth of Massachusetts, that he has been performing independent medical examinations for twenty-two years, and that he has never permitted anyone to be in the examination room other than himself, the patient being examined, and members of the patient's family (provided that the patient assents).

3. I am further informed by Dr. Johnson's office that he will not examine Michelle Leader if anyone else (including

counsel for either party to this lawsuit) is present in the examination room because the independence of his examination will necessarily be compromised.

4. I am further informed by Dr. Johnson's office that the fact that he has already conducted a review of Ms. Leader's medical records and has rendered an opinion as to the nature and cause of her injuries will not prevent him from conducting an independent medical examination of Ms. Leader provided that he and Ms. Leader (and her family if she assents) are the only persons in the examination room.

5. On March 28, 2005, Dr. Johnson's office supplied me with dates for a proposed examination of Ms. Leader, which I promptly relayed to Plaintiffs' counsel. One of those dates was May 6, 2005. When I did not hear back from Plaintiffs' counsel for several weeks as to the Plaintiff's availability, I called Dr. Johnson's office for a more current list of dates and learned that the May 6 appointment slot had been given to another patient. I am informed by Dr. Johnson's office that Dr. Johnson is presently available to conduct the examination on June 13, June 15, June 17, June 23, June 24, July 15, July 20, July 28 and July 29.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 29th DAY OF APRIL, 2005.

_____
Chauncey D. Steele IV

2

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

www.craigmacauley.com

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

March 28, 2005

**VIA FACSIMILE ONLY**

John J. McCarthy, Esq.
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA  01144

    Re:    Michele Leader v. Wal-Mart Stores, Inc.
               United Stated District Court, Civil Action No. 04-CV-30055-MAP

Dear John:

    I write in response to your concerns about our proposed IME and as a follow up to our conversation last Friday.

    You asked about the scope of the proposed IME. Please be advised that, given prior your objections to our first proposed examination, we have arranged for the examination to be conducted by Dr. Kirk Johnson, the orthopedic surgeon who performed the medical records review of your client last fall. In conducting his examination, he will not require your client to disrobe provided that she wears shorts or a skirt that will enable him to examine her knees. Further, although he will need to touch her legs to perform the examination, he is not planning on touching her anywhere else.

    Dr. Johnson will be available to perform the examination at his offices on 33 Oak Avenue in Worcester on April 29, May 2, May 4, and May 6. Please advise as to which day works best for your client. As for your concerns about the cost of transportation although we are not aware of any rule requiring them to do so, Wal-Mart will reimburse your client up to $.405 per mile for her travel.

    Finally, as to your suggestion that we schedule a mediation session before the commencement of expert discovery, we will recommend that to our client.

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

Please do not construe our failure to make you an offer of settlement as motivated by an unwillingness to settle. We did not receive your $1,250,000 demand until fairly recently (01/06/05), and you have made it clear since the commencement of this litigation that we should not even bother making you an offer in the five-figure range. That statement, together with your demand, has led us to believe that a settlement was not desired by your client. That said, we are encouraged by your desire to mediate, and we fully expect to be able to attend a mediation session with settlement authority. We would also be happy to mediate with Patty Barbalunga.

We look forward to hearing from you soon regarding examination dates for your client. Thank you.

Sincerely yours,

Chauncey D. Steele IV

CDS/nlb

2

```
*  *  *   COMMUNICATION RESULT REPORT ( MAR. 28. 2005  4:26PM )  *  *  *
                                                    FAX HEADER:  CRAIG AND MACAULEY

TRANSMITTED/STORED : MAR. 28. 2005  4:25PM
 FILE MODE              OPTION              ADDRESS                    RESULT         PAGE
 ----                                                                  ------         ----
     MEMORY TX                               914137343910               OK             3/3


REASON FOR ERROR
     E-1) HANG UP OR LINE FAIL                E-2) BUSY
     E-3) NO ANSWER                           E-4) NO FACSIMILE CONNECTION
```

# FAX

**Craig and Macauley**
Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Date __Monday, March 28, 2005__
Total Number of pages Not including cover: __2__

| | | | |
|---|---|---|---|
| To: | John J. McCarthy, Esq.<br>Doherty, Wallace, Pillsbury and Murphy, P.C.<br>One Monarch Place<br>Springfield, MA 01144 | From: | Chauncey D. Steele IV |
| Phone | (413) 733-3111 | | |
| Fax | (413) 734-3910 | Phone | 617-367-9500 |
| CC: | | Fax | 617-742-1788 |

**REMARKS:**
☐ Urgent   ☒ For your review   ☐ Reply ASAP   ☐ Please comment

### CONFIDENTIALITY NOTICE

The document(s) accompanying this fax contain confidential information which is legally privileged. The information is intended only for the use of the intended recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information except its directed delivery to the intended recipient named above is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone to arrange for return of the original documents to us.

Client Matter No. 3541-504

# DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW
ONE MONARCH PLACE, SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900

TELEPHONE (413) 733-3111

TELECOPIER (413) 734-3910

WWW.DWPM.COM
E MAIL: JMCCARTHY@DWPM.COM

PAUL S. DOHERTY
PHILIP J. CALLAN, JR
GARY P. SHANNON
ROBERT L. LEONARD
A. CRAIG BROWN
L. JEFFREY MEEHAN
JOHN J. McCARTHY
DAVID J. MARTEL
WILLIAM P. HADLEY
BARRY M. RYAN
DEBORAH A. BASILE
PAUL M. MALECK
CLAIRE L. THOMPSON
W. GARTH JANES
GREGORY A. SCHMIDT
MICHAEL K. CALLAN
MICHAEL D. SWEET
BERNADETTE HARRIGAN
BRENDA S. DOHERTY
MICHELE A. ROOKE
THOMAS E. DAY
KAREN K. CHADWELL
JOHN E. BONINI
MICHAEL J. BONANNO

MATTHEW J. RYAN, JR.
OF COUNSEL

DUDLEY B. WALLACE
(1900-1987)
LOUIS W. DOHERTY
(1898-1990)
FREDERICK S. PILLSBURY
(1919-1996)
ROBERT E. MURPHY
(1919-2003)
SAMUEL A. MARSELLA
(1931-2004)

† REGISTERED PATENT ATTORNEY
* ALSO ADMITTED IN CONNECTICUT
‡ ALSO ADMITTED IN NEW YORK
– ALSO ADMITTED IN DISTRICT OF COLUMBIA

April 20, 2005

**CERTIFIED MAIL/RETURN RECEIPT # 7160 3901 9848 5876 3724**
**FACSIMILE # 1-617-742-1788**
Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Re:   *Michele Leader, Lance Leader, Kurtis Leader, ppa Lance Leader v. Wal-Mart, Inc.*
      Civil Action No.: 04-300055-MAP
      DWPM File No.: 5390023-0

Dear Mr. Steele:

At your request I have spoken with my client and she has confirmed that she is available for the examination requested by Wal-Mart by Dr. Johnson on May 2, 2005 or May 6, 2005. Ms. Leader requires that transportation arrangements be made to have her picked up at her home and transported to the examination site and then returned to her home.

In addition, a representative of this office will appear and will be present in the same room with Ms. Leader during the time that she is with Dr. Johnson.

Please advise me of the date preferred by Dr. Johnson and confirm the time and address by return mail. In addition please include information as to what transportation services will be secured fully in Ms. Leader's travel to and from Worcester and appropriate contact information such as a telephone number.

265453-1

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

April 20, 2005
Page 2

Thank you for your anticipated courtesy and cooperation.

Very truly yours,

John J. McCarthy

JJM/smm
cc:  Michele Leader
     Thomas E. Day, Esquire

265453-1

TOTAL P.02

4

Kirk H. Johnson, MD., PC.
33 Oak Avenue
Worcester, MA 01605
(508) 752-1304
Fax: (508) 752-4603

## SCHEDULE OF FEES

Effective 4/01/05

**Office Notes**         $25.00

**Narrative Report**     $200.00

**Medical Record Review (MRR)**     $200.00 (Retainer)
Balance billed with report

**Independent Medical Evaluation (IME)**     $500.00 (Pre-payment)
Due 1 week prior to exam.

$350.00 No show fee or cancellation fee if less than 1 week in advance.

$400.00 (re-examination)

\* Please note: Attorneys are not allowed in the room for the exam.

\*\* Dr. Johnson does not appear in court, however, audio/visual depositions can be performed in our office.

Depositions:

$1000.00 for the 1st hour, $200 per each 15 minutes thereafter.

$350.00 Cancellation fee if less than 1 week notice.

5

LEXSEE 17 MASS. L. REP. 49

**Janet L. Kutner v. Guy Urban et al.**

03-00153

**SUPERIOR COURT OF MASSACHUSETTS, AT MIDDLESEX**

*17 Mass. L. Rep. 49; 2003 Mass. Super. LEXIS 406*

**November 24, 2003, Filed**

**DISPOSITION:** Motion for protective order allowed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** A dog owned by defendants, owners, allegedly attacked plaintiff, an injured party. The injured party voluntarily agreed to submit to an examination by a doctor chosen by the defense pursuant to *Mass. R. Civ. P. 35*, but requested that her attorney attend the examination. the owners moved for a protective order barring the attorney from attending the examination.

**OVERVIEW:** The issue of whether or not a plaintiff's attorney could be present at a *Mass. R. Civ. P. 35* examination had not previously been analyzed. The court found that the issue was widely split among state and federal courts. Federal courts absolutely barred the presence of attorneys at such an exam, whereas some states always allowed the presence of an attorney and some states allowed the presence of an attorney upon a showing of good cause. The court held that the appropriate rule would allow for attorney presence only upon a showing that good cause existed for such presence. The court found that in determining whether good cause existed, Massachusetts courts should first consider whether there were any external factor which would suggest a biased or adversarial examination, and secondly should consider the nature of the examination itself. When an attorney attended such an examination, absent any improper conduct or questioning on the part of the physician, there should be no participation by the attorney. The court held that in the instant case, the injured party presented no evidence establishing good cause for the presence of her attorney during the examination.

**OUTCOME:** The dog owners' motion for a protective order was allowed.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery Methods > Mental & Physical Examinations*
[HN1] *Mass. R. Civ. P. 35* states that when the mental or physical state of a party is at issue, that party may be forced to submit to an exam upon a showing of "good cause."

*Civil Procedure > Discovery Methods > Mental & Physical Examinations*
[HN2] For purposes of *Mass. R. Civ. P. 35*, an appropriate rule would allow for attorney presence only upon a showing by the examinee that good cause exists for such presence.

*Civil Procedure > Discovery Methods > Mental & Physical Examinations*
[HN3] In determining whether good cause exists for an attorney's presence at a *Mass. R. Civ. P. 35* examination, the court should first consider if there are any external factors which would suggest a biased or adversarial examination. Factors to consider at this stage include (1) allegations of past impropriety on the part of the examining physician, and (2) whether the examinee has any needs or disabilities which would warrant the presence of an attorney, such as language barriers, mental disabilities, or other conditions which would put the examinee in a vulnerable position.

*Civil Procedure > Discovery Methods > Mental & Physical Examinations*

Case 3:04-cv-30055-KPN   Document 26-4   Filed 05/02/2005   Page 14 of 16

Page 2

17 Mass. L. Rep. 49; 2003 Mass. Super. LEXIS 406, *

[HN4] The second area to consider when deciding the existence of good cause for an attorney's presence at a *Mass. R. Civ. P. 35* examination is the nature of the exam itself. Embarrassing or invasive exams which would add to the vulnerability of an examinee would be more appropriately attended by attorneys than basic physicals or similarly non-threatening exams. In addition, exams which would involve techniques which are experimental or not generally accepted by the medical community may warrant attorney presence.

*Civil Procedure > Discovery Methods > Mental & Physical Examinations*

[HN5] When permitted to attend a *Mass. R. Civ. P. 35* examination, the attorney will generally be an observer. Absent any improper conduct or questioning on the part of the examining physician, there should be no participation on the part of the attorney. Objections should be limited to questions concerning privileged information, or to those which are outside the scope of the issues in question at trial. The court will be able to remedy any interference caused by excessive objections on the part of the attorney by ordering the examination to be completed outside of the attorney's presence.

**JUDGES:** [*1] Raymond J. Brassard, Justice of the Superior Court.

**OPINIONBY:** Raymond J. Brassard

**OPINION:** MEMORANDUM AND ORDER ON DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Defendants, Guy Urban and Charlyn Bethell, have brought a motion for a protective order barring the plaintiff, Janet Kutner's, attorney, Robert Kutner, from attending her medical examination by a defense expert pursuant to *MassR.Civ.P. 35*. The defense objects to the presence of counsel at the examination, given the risk of counsel interference with the examination, the full faculties of the plaintiff, and the principles of fairness contained within *Rule 35*. The plaintiff argues that her attorney, who is also her brother, would not interfere with the proceedings, would provide emotional support, and that his presence at the examination would be the only way to attain a full factual basis for the cross-examination of the defense expert, Dr. Albert Fullerton. For the following reasons, the defendant's motion is allowed.

BACKGROUND

Ms. Kutner was allegedly attacked by Mr. Urban and Ms. Bethell's dog in 2001. As a result, she alleges that she sustained back and neck injuries. She has voluntarily agreed to submit to an examination [*2] by a doctor chosen by the defense, Dr. Fullerton, which examination was scheduled to take place October 27, 2003 . She requested that her attorney be present at the examination. Attorney Kutner informed the defense of his intent to accompany the plaintiff, at which point the defense filed this motion.

DISCUSSION

*Rule 35* [HN1] states that when the mental or physical state of a party is at issue, that party may be forced to submit to an exam upon a showing of "good cause" and upon notice to the person to be examined. *Mass.R.Civ.P. 35*. The issue of whether or not a plaintiff's attorney may be present at a *Rule 35* examination has not been analyzed at any length by a Massachusetts court. The issue has been taken up, however, in several other states and in the federal courts.

The relevant body of law can be divided into three categories of rulings on the subject. The first category bans the presence of counsel. This category is almost exclusively seen in the federal courts, although it is by no means a unanimous view throughout the federal courts. *See Cabana v. Forcier, 200 F.R.D. 9, 12 (D.Mass. 2001); Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 628-34 (D.Kan. 1999);* [*3] *Holland v. United States, 182 F.R.D. 493, 495-96 (D.S.C. 1998).*

The second category allows the presence of counsel on an automatic or relatively unhindered basis. The states which adhere to this system are those whose governing statutes or rules of civil procedure allow for third-party presence. *Ariz.R.Civ.P. 35(a)* (providing for the presence of a "representative" of the examinee during physical examinations); *Cal. Code Civ. Proc. § 2032(g)(1)* (providing for attorney presence, but not participation during physical examinations); *Ill.Stat.ch. 735 § 5/2-1003(d)* (providing for presence of examinee's attorney, or other such person during physical exams); *Mich.Ct.R. 2.311* (establishing that presence of attorney may be permitted through the order permitting the examination); *Okla.Stat.tit. 12 § 3235(D)* (providing for the presence of examinee's "representative" during examination); *Pa.R.Civ.P. 4010(a)(4)(i)* (providing for presence of examinee's attorney or other representative during examination); *Langfeldt-Haaland v. Saupe Enterprises, Inc., 768 P.2d 1144, 1146 (Ala. 1989).*

The final category allows for the presence of counsel [*4] only upon the showing of good cause. *See Metropolitan Property & Cas. v. Overstreet, 103 S.W.3d 31, 38 (Ky. 2003); State ex rel. Hess v. Henry, 183 W. Va. 28, 393 S.E.2d 666, 669 (W.Va. 1990); Whanger v. American Family Mut. Ins. Co., 58 Wis. 2d 461, 207 N.W.2d 74, 79 (Wis. 1973); Simon v. Castille, 174 So. 2d*

Case 3:04-cv-30055-KPN    Document 26-4    Filed 05/02/2005    Page 15 of 16

Page 3

17 Mass. L. Rep. 49; 2003 Mass. Super. LEXIS 406, *

*660 (La. 1965)*. For the reasons stated below, this court chooses to adopt this final category of allowing for the presence of counsel only upon a showing of good cause.

A. Banning of the Presence of Counsel

Four main rationales have been given as to why certain federal jurisdictions have banned the presence of counsel at *Rule 35* exams: (1) the need for one-on-one communication between the doctor and the examinee; (2) *Rule 35* examinations are not meant to be adversarial; (3) if opposing counsel cannot be present when the examinee is being examined by his or her own expert, then it is unfair to allow the examinee's counsel to be present at the *Rule 35* exam; and (4) any concerns about the truthfulness or methodology of the examination may be addressed in cross examination. *Cabana, supra at 12,* [*5] *quoting Baba-Ali v. City of New York, 1995 U.S. Dist. LEXIS 18883, 1995 WL 753904, at *3 (S.D.N.Y. Dec. 19, 1995)*.

The first rationale maintains that, in order to receive the candid answers necessary to proper diagnosis, it is vital that the doctor be alone with the examinee and that the examination not be marred by the interference of counsel. *Hertenstein, 189 F.R.D. at 630-31*. However, this concern must be balanced against the possibility that the examination may become a "de facto deposition." 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure: § 2236,* at 496 (2d ed. 1994). The presence of counsel may be vital to protect the examinee from improper questioning by the doctor which questioning may result in adverse omissions relevant to legal issues in the case. *Langfeldt-Haaland, supra at 1146; 84 A.L.R.4th 558, 569 (1995)*. In other words, "a lay person should not be expected to evaluate the propriety of every medical question at his or her peril." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure: § 2236, supra* at 500.

This first argument rests on the notion of [*6] the second, that *Rule 35* exams are not meant to be adversarial in nature. *DiBari v. Incaica Cia Armadora, S.A., 126 F.R.D. 12, 13 (E.D.N.Y. 1989)*. Courts have pointed out that allowing an attorney's presence would create an adversarial environment and offend ethical physicians. *Wood v. Chicago, M., S.P. & P.R. Co., 353 N.W.2d 195 (Minn.App. 1984)*. At the same time, a *Rule 35* exam is conducted by a doctor, selected and compensated by the opposing party, for the purpose of gathering evidence to which he or she will testify at trial. Although the vast majority of *Rule 35* exams are no doubt conducted in an impartial and appropriate manner, there may be situations in which the presence of an attorney or a third party is necessary despite the awkwardness of the arrangement.

The third rationale posits that it is procedurally unfair to allow an examinee's attorney to be present at a *Rule 35* exam when the opposing counsel may not be present when the examinee is being examined by his or her own expert. *Tomlin v. Holecek, 150 F.R.D. 628, 631-33 (D.Minn. 1993)*. However, the character of a *Rule 35* exam is different from the voluntary exam that [*7] a party conducts with a physician of his or her own choosing, in that a *Rule 35* exam is a court-ordered exam by a physician of the opposing party's choosing. The main reason for having an examinee's attorney present at a *Rule 35* exam is to mitigate any improper adversarial questioning by the examining physician. When a party is examined by a physician of her own choosing to acquire evidence in support of her case, there is not the same danger of adversarial conduct.

The final rationale for banning attorneys from the examination room is that the examinee's attorney may address any objections or concerns in cross examination of the physician at trial. *Tomlin, supra at 633*. The attorney is furnished with the physician's report prior to the testimony and may of course speak with the examinee as to what took place in the examination. In addition, the examinee may testify as to her experience and any perceived improprieties on the part of the examiner. *Id.* But this may be inadequate in some cases. If he was allowed to attend the exam, the attorney would have a more full basis upon which to cross examine the physician, and not be required to rely upon the doctor's report [*8] and what the examinee thought relevant to remember. *Dept. of Corrections v. Johnson, 2 P.3d 56, 61 (Ala. 2000)*.

After considering these cases, this court concludes that it is unwise to bar the presence of counsel in all circumstances in the context of *Rule 35* exams.

B. Unhindered Presence by Examinee's Attorney

In contrast to some Federal courts, many states allow for unhindered third party presence during *Rule 35* physical examinations. In a minority of states, presence by a third party is permitted by the statute or rule governing court ordered examinations. *Ariz.R.Civ.P. 35(a); Cal. Code Civ. Proc. § 2032(g)(1); Ill.Stat.ch. 735 § 5/2-1003(d)*. Other states which lack such a provision in their governing rule still allow for the presence of counsel during a *Rule 35* examination. For the reasons discussed above, as well as others, such as the examinee's right to preserve evidence of the nature of the examination, and the easy mitigation of attorney interference, these jurisdictions have chosen to adopt this more lenient stance. *Langfeldt-Haaland, supra at 1145; B.D. v.*

Case 3:04-cv-30055-KPN  Document 26-4  Filed 05/02/2005  Page 16 of 16

Page 4

17 Mass. L. Rep. 49; 2003 Mass. Super. LEXIS 406, *

*Carley, 307 N.J. Super. 259, 704 A.2d 979, 981 (N.J.App.Div. 1998)*; [*9] *Tietjen v. Dep't of Labor and Indus., 13 Wn. App. 86, 534 P.2d 151, 154 (Wash. 1975).*

Rules permitting third party presence during *Rule 35* physical exams may be questioned on three grounds. First, it will often be the case that presence by an examinee's attorney will not be necessary. The idea that an attorney is needed to keep the exam from becoming too much like a deposition or to appropriately cross-examine a physician stem from the supposition that the examining physician will be acting in an inappropriate or substandard manner. As already noted, this is likely an unusual occurrence.

Second, a rule permitting the automatic presence of an examinee's attorney in all cases may unnecessarily give an adversarial taint to *Rule 35* exams. An attorney should be present only when it can be shown that the examination will likely be adversarial even in his absence. Third, a rule allowing for third party presence during *Rule 35* exams could greatly reduce the overall effectiveness of the exam. An attorney's presence might result in objections to reasonable parts of an examination.

For these reasons, some limits on an attorney's presence are appropriate.

C. Attorney's Presence Allowed [*10] Only After a Showing of Good Cause

In light of the problems arising out of a rule which automatically permits or denies the presence of an attorney during a *Rule 35* physical exam, this court concludes that [HN2] an appropriate rule would allow for attorney presence only upon a showing by the examinee that good cause exists for such presence.

Such a rule appropriately gives the court discretion as to whether an attorney should attend a *Rule 35* examination. See *Robin v. Associated Indem. Co., 297 So. 2d 427 (La. 1973)* (providing the trial judge with discretion as to whether attorney's presence will be allowed during the physical exam); *State ex rel. Lambdin v. Brenton, 21 Ohio St. 2d 21, 254 N.E.2d 681 (Ohio 1970)* (providing the court with discretion as to whether counsel will be excluded from *Rule 35* exams); *Pemberton v. Bennett, 234 Ore. 285, 381 P.2d 705 (Or.*

*1963)* (leaving the decision as to whether examinee's attorney may attend physical exam to trial judge's discretion).

[HN3] In determining whether good cause exists, the court should first consider if there are any external factors which would suggest a biased or adversarial examination. [*11] Factors to consider at this stage include: (a) allegations of past impropriety on the part of the examining physician; and (b) whether the examinee has any needs or disabilities which would warrant the presence of an attorney (language barriers, mental disabilities, or other conditions which would put the examinee in a vulnerable position). *Metropolitan Property, supra at 40.*

[HN4] The second area to consider when deciding the existence of good cause is the nature of the exam itself. *Id at 41.* Embarrassing or invasive exams which would add to the vulnerability of an examinee would be more appropriately attended by attorneys than basic physicals or similarly non-threatening exams. In addition, exams which would involve techniques which are experimental or not generally accepted by the medical community may warrant attorney presence.

[HN5] When permitted to attend, the attorney will generally be an observer. Absent any improper conduct or questioning on the part of the examining physician, there should be no participation on the part of the attorney. Objections should be limited to questions concerning privileged information, or to those which are outside the [*12] scope of the issues in question at trial. The court would be able to remedy any interference caused by excessive objections on the part of the attorney by ordering the examination to be completed outside of the attorney's presence. See *Cal. Code Civ. Proc. § 2032 (g)(1).*

In this case, the plaintiff has provided no evidence establishing good cause for the presence of her attorney during her *Rule 35* exam. Accordingly, defendant's motion for a protective order is *ALLOWED.*

Raymond J. Brassard

Justice of the Superior Court

Dated: November 2003