# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

MICHELE LEADER, et als       )
  Plaintiffs,                )
                              )
vs.                           )     CIVIL ACTION NO. 04-30055 KPN
                              )
WAL-MART STORES, INC., et als   )
  Defendants.             )

**PLAINTIFF MICHELE LEADER'S OPPOSITION TO THE DEFENDANT WAL-MART STORES EAST, LP'S "MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REGARDING DEFENDANT'S MOTION TO CONDUCT A PHYSICAL EXAMINATION AND INTERVIEW WITH PLAINTIFF MICHELE LEADER"**

Now comes the Plaintiff Michele Leader in opposition to the Defendant's Motion for Reconsideration. The Plaintiff submits that the Defendant's Motion for Reconsideration should be denied and the Court's Order allowed to stand, subject to modification of the actual date of the meeting between Dr. Johnson and The Plaintiff.

## 1. "INDEPENDENT MEDICAL EXAMINATION":

The Defendant has failed to introduce any new information in its Motion for Reconsideration to warrant this Court changing and reconsidering its Order. The Defendant, apparently with intention to mislead the Court, while continuing to use pejorative references towards Plaintiff's counsel, fails to provide the Court with information as to multiple efforts on the part of the Plaintiff and her attorneys to cooperate with the Defendant in scheduling the meeting with Dr. Johnson. Wal-Mart instead postures the meeting with Dr. Johnson as a penultimate event in this litigation, vital to its defense, whereas the initial "independent medical examination" was

scheduled to be performed by Dr. Steven A. Sewall. (**Exhibit 1** Letter of March 3, 2005 from Attorney Steele.)    The Plaintiff's counsel, in response, advised Wal-Mart that there was information about the proposed examination that was needed, as well as the mechanism for transporting of the Plaintiff to the facility to be agreed upon, before the meeting was to be scheduled. (**Exhibit 2** Letter of March 7, 2005). The Defendant did not respond until March 28, 2005 when it now proposed a variety of dates for the so-called "independent medical examination" to be performed by Dr. Johnson. (**Exhibit 3** Letter of March 28, 2005 from Attorney Steele). Thereafter, on April 20, 2005 Plaintiff's counsel informed Defense counsel that the Plaintiff would be available on two of the dates offered. (**Exhibit 4** Letter of April 20, 2005 to Attorney Steele). On April 21, 2005 Attorney Steele informed Plaintiff's counsel that Dr. Johnson was unavailable on the dates proposed because "[h]is office has already scheduled IME's on the dates that we proposed in our March 28th letter."   Wal-Mart's counsel provided for other dates at that time. (**Exhibit 5** Letter of April 21, 2005 from Attorney Steele).  On April 22, 2005, less than 24 hours after receiving that letter, Plaintiff's counsel informed Wal-Mart's counsel that the Plaintiff was available on two (2) dates proposed in his letter. (**Exhibit 6** Letter of April 22, 2005 to Attorney Steele).  Thereafter, nobody on behalf of Wal-Mart contacted Plaintiff's counsel and on April 27, 2005 this Court issued an Order directing the Plaintiff to appear for an examination at Dr. Johnson's office.  Because the Plaintiff had previously been informed by defense counsel that the date ordered by the Court was not available, the Plaintiff's counsel contacted defense counsel on April 28, 2005 confirming that the Plaintiff was available for the meeting with Dr. Johnson on May 20, 2005 or May 27, 2005. (**Exhibit 7** Letter of April 28, 2005 to Attorney Steele). No response was received and on May 2, 2005 Plaintiff's counsel again sent the same letter to Attorney Steele requesting a reply. (**Exhibit 8** Letter sent on May 2, 2005 to Attorney Steele).  Later in the day on

May 2, 2005, Plaintiff's counsel received, for the first time, the Defendant's Motion for Reconsideration which indicated for the first time that Dr. Johnson was now unavailable on the second set of dates provided, and among other things, requested that the Plaintiff be ordered to appear on one of the third set of dates proposed. On May 3, 2005 Plaintiff's counsel again wrote to the counsel for Wal-Mart informing counsel that the Plaintiff was available on three (3) of those proposed new dates as an alternative to the date contained in the Order of this Court dated April 27, 2005. Thus, as noted in the initial Partial Opposition of the Plaintiff to the Defendant's Motion, the Plaintiff has never refused to attend a meeting with Dr. Johnson or Dr. Sewall and there have been no actions taken by the Plaintiff or Plaintiff's counsel which could reasonably be viewed as "waffling"(*See page 2 of Defendant's Motion for Reconsideration*). Nor could the Plaintiff or her counsel be viewed as being "disingenuous" or "misleading" (*See Defendant's Motion for Reconsideration- Page 3 FN 1*) in any way. Quite to the contrary, the reason that the meeting sought by the Defendant has not been scheduled has to do with the alleged demands made by the doctor regarding the terms and conditions of this Court's Order and the doctor's apparent overwhelming "I.M.E." practice (*See* **Exhibit 4**).

Pursuant to Fed. R. Civ. P35 and Massachusetts practice both under the Rule and in other areas where the so-called Independent Medical Examination comes into play, the role of the Court is to establish reasonable parameters for the conduct of an examination, including determination who may be present during the examination. From the perspective of the Plaintiff such as Ms. Leader, even absent an extremely critical and negative "record review report" as was prepared by the proposed "independent" expert, there is a legitimate concern that a physician such as Dr. Johnson, who it appears makes a substantial living from doing the so-called Independent Medical

Examinations for insurers or self-insurers, would conduct a questioning which would amount to a *de facto* deposition of the Plaintiff. The allowance by this Court of a representative of Plaintiff's counsel's office to be present during the examination *only as an observer*, and restricted from commenting or making any statement or giving any instruction to the Plaintiff or to the doctor, would certainly serve to protect the Plaintiff against such questioning. *See*, Zabkowicz v. West Bend Co. 585 F. Supp. 635 (E.D. Wis. 1984); DiBari v. Incaica Cia Armadora, S.A., 126 F. R. D. 12 (E.D.N.Y. 1989) (cases that permitted even Court Reporters or reporting devices to be present during an examination.)

The propriety of the Court's Order in this case is particularly heightened given the clear adversarial nature of the role of Dr. Johnson. It is apparent from the comments of defense counsel while attempting to find an available date for an examination, that Dr. Johnson has quite an extensive practice of preparing reports and conducting examinations from insurance carriers or self-insurers such as Wal-Mart. In addition, his eleven page report, attached as Exhibit 3 to the Defendant's initial Motion, dated November 21, 2004, is described as a report of a "date of visit" relating to the Plaintiff and concludes that the assessment by Dr. Corsetti, the Plaintiff's treating orthopedic surgeon, was incorrect and that the Plaintiff's problems were not related to falling down and smashing her knees, but as a result of her "obesity and long standing patellofemoral disease, not injury or trauma secondary to the fall of 2002." As previously noted, this is not an attempt, even thinly veiled, by Wal-Mart to present objective medical evidence. It is also the second so-called Independent Expert that Wal-Mart has proposed conduct an examination, thus making it clear that Wal-Mart does not much care who gives a report so long as it supports its position.

It should be kept in mind that this is not a situation where the Plaintiff has retained expert witnesses for purposes of litigation, in the same manner as Wal-Mart. Rather, the plaintiff's (expert) witnesses are in fact her treating physicians, all of whom were selected by the Plaintiff and had treated the Plaintiff before the Plaintiff was involved with counsel and before litigation had been contemplated. This is not a situation where the Plaintiff has used the results of litigation as the litmus test for treating physicians[1]. In short, there is no significant need shown by the Defendant to have an examination of the Plaintiff's knees conducted in a private session without the presence of an observer to protect the Plaintiff against unwarranted and improper questioning by the doctor. It also affords the Plaintiff protection, if needed, at trial against the physician testifying about the examination in a manner which substantially varies from the Plaintiff's recollection. The Plaintiff submits that the Order of the Court was fair, reasonable and provided ample and complete opportunity for the Defendant to conduct an appropriate exam. The plaintiff submits that is entirely irrelevant whether the physician has a favorable opinion about the Court's decision or not. If the doctor wishes to pursue his profession of conducting these examinations in this circumstance, he will do so under the reasonable strictures imposed by the Court or not at all. The Defendant's position that this particular physician is the only physician that can conduct this examination is belied by its previously attempting to schedule the examination with a different physician in a different location, whom the Plaintiff agreed to see for a meeting or "Independent Medical Examination", subject to a description of the exam being proposed and Wal-Mart making transportation arrangements for the Plaintiff. Subsequently, with no explanation given, Wal-Mart changed its mind and elected to request that Dr. Johnson instead of Dr. Sewall examine the

---

[1] It should be noted that in State Court practice, where this action was originally commenced, the Plaintiff would not be required to describe her treating physicians as Rule 26 Experts in order for their testimony and opinions to be admitted into evidence.

Plaintiff. Given the type of exam that is being proposed, that is simple touching of the Plaintiff's knees and visually examining the knees, this is not the type of examination where any physician could, in good faith, claim that his or her ability to conduct such an examination as being impeded by the presence of an observer. Rather, the position taken by Wal-Mart and its physician strongly suggest that this particular physician is being insisted upon by Wal-Mart because of his extensive insurance and self-insurance background, which also suggests an intention on the part of the physician to ask numerous questions of the Plaintiff which he will then incorporate into his testimony or reports. Without an independent observer, this inevitably leads to a situation where a Plaintiff is required to recall in detail, during a very stressful event whether the factual representations from a professional witness such as Dr. Johnson were accurate and truthful.

## 2.    INTERVIEW WITH VOCATIONAL EXPERT:

The Defendant provides absolutely no basis for reconsideration of the Court's Order denying its request for the Court to compel the Plaintiff to meet with a so-called Vocational Expert in a private meeting. The Court was absolutely correct that the Defendant offered no legitimate basis to permit such an extremely irregular event, one which borders on a request to ask this Court to sanction what would be a violation of the Code of Professional Responsibility in terms of communication with the party that an attorney knows is represented by Counsel in an *ex parte* fashion.

The gist of the Defendant's position is that it has to make an assessment of the Plaintiff's vocational potential and that, in short, it would be easier for Wal-Mart if the Plaintiff would just simply sit down this particular expert. It should be noted that the Plaintiff had cooperated fully in discovery. The Defendant had the opportunity, and did take deposition of the Plaintiff Michele

Leader on July 13, 2004. The Plaintiff has provided, through written discovery, information about her employment, her employment history, her medical history, her life activities and many other aspects of personal information. The Defendant was able to depose the Plaintiff without restrictions of any kind and similarly was able to depose her husband, Lance Leader and her son the Plaintiff Kurtis Leader about Ms. Leader's activities both before and after the accident in this case. Essentially, what the Defendant is requesting now is to permit a hired expert to conduct a private deposition, *ex parte* apparently, because the Defendant failed to make adequate inquiry, at least in its own opinion, at the time of the deposition of the Plaintiff or by written discovery before the discovery period closed.

As noted, the Plaintiff submits that there is absolutely no basis in the law or on the facts of this case that would warrant such skewering of the litigation process. In these circumstances, this aspect of the Defendant's request is no different than requesting that a Private Investigator retained by Wal-Mart be permitted to speak to the Plaintiff, privately, without counsel and that the Plaintiff be ordered and required to do so. Wal-Mart misconstrues the nature of the litigation and adversarial system and seeks to have this Court aided in doing so. The Plaintiff submits that with respect to the issue of the so-called Vocational Expert, Wal-Mart's initial motion was frivolous, wholly insubstantial and without merit and its Motion for Reconsideration should be viewed by the Court as a sanctionable abuse of the discovery process.[2]

---

[2] It should be noted that there was never any request made to counsel regarding the "vocational" expert and that other than the telephone conversation identified in Plaintiff's counsels certification with the Plaintiff's original opposition, there have been no further discussion s between counsel for the parties.

**THE PLAINTIFF,**
**Michele Leader**

Date:   May 5, 2005

By _____
John J. McCarthy, Esquire
Doherty, Wallace, Pillsbury, and
Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Telephone: 413-733-3111
Facsimile:  413-734-3910
BBO# 328280

## CERTIFICATE OF SERVICE

I, John J. McCarthy, Esquire, Counsel of Record, do hereby certify that I made service of the foregoing document by mailing a copy of same, postage prepaid, first class mail, to:

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Date:   May 5, 2005

_____
John J. McCarthy, Esq.

267131-1

8

**CRAIG AND MACAULEY** | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

March 3, 2005

*VIA FACSIMILE*

John J. McCarthy, Esq.
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144

Re:    Michele Leader v. Wal-Mart Stores, Inc. and Wal-Mart Stores, East, LP
       United States District Court, Civil Action No. 04-CV-30055-MAP

Dear John:

Per your request, I provided Tom Day with the curriculum vitae of Steven H. Sewell, M.D. this morning. Dr. Sewell is an orthopedic surgeon who we believe is qualified to conduct an Independent Medical Examination of your client. We have had no prior dealings with Dr. Sewell, but we understand that he has performed many IMEs and has an office at 65 Fremont Street in Marlborough, which is just one hours drive from your client's home in Westfield.

Dr. Sewell is presently available to conduct the examination on the afternoons of March 16, 17, 18, and 21. At your earliest convenience, please let me know which of these dates works best for your client, if any.

Sincerely yours,

Chauncey D. Steele IV

CDS/nb

# Steven H. Sewall, M.D.

| | |
|---|---|
| Office Address: | 65 Fremont Street, Marlborough, MA 01752 |
| Telephone #: | (508) 485-3665 |
| Home Address: | Davison Drive, Lincoln, MA 01773 |
| Telephone #: | (508) 259-0090 |
| Place of Birth: | Hartford, Connecticut |
| Date of Birth: | May 15, 1939 |

## EDUCATION

| | | | |
|---|---|---|---|
| High School: | William H. Hall High | W. Hartford, Connecticut | 1957 |
| College: | Brown University | Providence, Rhode Island | 1961 |
| Medical School: | Cornell University | Ithaca, New York | 1965 |
| Intern: | Mary Hitchcock Memorial | Hanover, New Hampshire (general surgery) | 1966 |
| Residency: | Mary Hitchcock Memorial | Hanover, New Hampshire (general surgery) | 1967 |
| | University of Cincinnati Medica. Center (Orthoped) | | 1968-1970 |
| Military Service: | Oakland Naval Hospital | Oakland, CA (Orthoped) | 1970-1972 |

| | |
|---|---|
| Current Hospital Appts: | Marlborough Hospital    Marlborough, MA<br>University of Massachusetts Medical Center, Worcester, MA<br>Orthopaedic Associates of Marlborough, PC, Marlborough, MA |
| Professional Associations: | Fellow American Board of Orthopedic Surgery |
| Board Certified: | September 1972 |
| Member: | American Academy of Orthopaedic Surgeons<br>Boston Orthopedic Society<br>Eastern Orthopedic Society<br>Massachusetts Medical Society<br>Middlesex West |

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW

PAUL S. DOHERTY
PHILIP J. CALLAN, JR
GARY P. SHANNON
ROBERT L. LEONARD
A. CRAIG BROWN
L. JEFFREY MEEHAN
JOHN J. MCCARTHY
DAVID J. MARTEL‡
WILLIAM P. HADLEY
BARRY M. RYAN
DEBORAH A. BASILE†
PAUL M. MALECK
CLAIRE L. THOMPSON
W. GARTH JANES**
GREGORY A. SCHMIDT
MICHAEL K. CALLAN*
MICHAEL D. SWEET*‡
BERNADETTE HARRIGAN‡
BRENDA S. DOHERTY
MICHELE A. ROOKE
THOMAS E. DAY*
KAREN K. CHADWELL*†
JOHN E. BONINI*
MICHAEL J. BONANNO*

ONE MONARCH PLACE, SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900

TELEPHONE (413) 733-3111

**FILE COPY**

TELECOPIER (413) 734-3915

WWW.DWPM.COM
E MAIL: JMCCARTHY@DWPM.COM

MATTHEW J. RYAN, JR.
OF COUNSEL

DUDLEY B. WALLACE
(1900-1987)
LOUIS W. DOHERTY
(1898-1990)
FREDERICK S. PILLSBURY
(1919-1996)
ROBERT E. MURPHY
(1919-2003)
SAMUEL A. MARSELLA
(1931-2004)

*  REGISTERED PATENT ATTORNEY
*  ALSO ADMITTED IN CONNECTICUT
‡  ALSO ADMITTED IN NEW YORK
†  ALSO ADMITTED IN DISTRICT OF COLUMBIA

March 7, 2005

**VIA FACSIMILE- 1-617-742-1788/**
**FIRST CLASS MAIL**

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210

Re:    **Leader et al v. Wal-Mart, Inc.**
       **Civil Action No. 04-30055-MAP**

Dear Chad:

I am in receipt of your letter of March 3, 2005.

Before confirming that my client will be permitted to attend an so-called "Independent Medical Examination" at the request of Wal-Mart, I still need responses to the questions I raised in my last letter to you on the subject. That is, I need to know the nature and the extent of the proposed examination. I will not agree without an Order of the Court for my client to be physically manipulated or touched in any manner by this physician nor will I agree to prevent my client to disrobe. In addition, I will not agree, without an Order of the Court, to have my client undergo diagnostic procedures.

In addition, it is irrelevant to me how far the doctor's office is from my client's home or how long it might take anyone to drive to it. Under no circumstance will my client provide her own transportation to and from this examination. If Wal-Mart wishes to have an examination, and if we assent to that examination after getting appropriate information, then it is up to Wal-Mart to provide reasonable transportation either by a limousine or taxi.

As noted above, this is my second request for this information and without it, will not voluntarily agree to schedule an examination. Your expeditious response to these questions and

259849-1

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

March 7, 2005
Page 2

information regarding transportation will be greatly appreciated and will help to facilitate obtaining the examination Wal-Mart apparently seeks.

On a somewhat separate issue, you will recall that virtually the first time that we met you have communicated to me Wal-Mart's articulated burning desire to effectuate settlement of this case before Trial. At your request, I have taken the time and put in the effort to prepare several lengthy letters outlining my clients' posture regarding liability, damages and the potential of verdict ranges; either you or Wal-Mart have steadfastly refused to extend to us even the courtesy of indicating that Wal-Mart is not interested in settling or discussing settlement. I respectfully request that you confirm in writing that neither you nor your client intend to engage in settlement discussions before I commit to the expense on behalf of my client of scheduling the videotaped depositions of the treating medical experts. Your expeditious response would be greatly appreciated.

I look forward to hearing from you with regard to these matters. Please feel free to call me or Tom Day with any questions or with your response.

Very truly yours,

John J. McCarthy

JJM/smm
c:    Thomas E. Day, Esquire

# CRAIG AND MACAULEY | PROFESSIONAL CORPORATION
## COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

March 28, 2005

**VIA FACSIMILE ONLY**

John J. McCarthy, Esq.
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144

      Re:    Michele Leader v. Wal-Mart Stores, Inc.
              <u>United Stated District Court, Civil Action No. 04-CV-30055-MAP</u>

Dear John:

      I write in response to your concerns about our proposed IME and as a follow up to our conversation last Friday.

      You asked about the scope of the proposed IME. Please be advised that, given prior your objections to our first proposed examination, we have arranged for the examination to be conducted by Dr. Kirk Johnson, the orthopedic surgeon who performed the medical records review of your client last fall. In conducting his examination, he will not require your client to disrobe provided that she wears shorts or a skirt that will enable him to examine her knees. Further, although he will need to touch her legs to perform the examination, he is not planning on touching her anywhere else.

      Dr. Johnson will be available to perform the examination at his offices on 33 Oak Avenue in Worcester on April 29, May 2, May 4, and May 6. Please advise as to which day works best for your client. As for your concerns about the cost of transportation although we are not aware of any rule requiring them to do so, Wal-Mart will reimburse your client up to $.405 per mile for her travel.

      Finally, as to your suggestion that we schedule a mediation session before the commencement of expert discovery, we will recommend that to our client.

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

Please do not construe our failure to make you an offer of settlement as motivated by an unwillingness to settle. We did not receive your $1,250,000 demand until fairly recently (01/06/05), and you have made it clear since the commencement of this litigation that we should not even bother making you an offer in the five-figure range. That statement, together with your demand, has led us to believe that a settlement was not desired by your client. That said, we are encouraged by your desire to mediate, and we fully expect to be able to attend a mediation session with settlement authority. We would also be happy to mediate with Patty Barbalunga.

We look forward to hearing from you soon regarding examination dates for your client. Thank you.

Sincerely yours,

Chauncey D. Steele IV

CDS/nlb

2

# DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW

ONE MONARCH PLACE, SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900

TELEPHONE (413) 733-3111

TELECOPIER (413) 734-3910
WWW.DWPM.COM
E MAIL: JMCCARTHY@DWPM.COM

PAUL S. DOHERTY
PHILIP J. CALLAN, JR
GARY P. SHANNON
ROBERT L. LEONARD
A. CRAIG BROWN
L. JEFFREY MEEHAN
JOHN J. McCARTHY
DAVID J. MARTEL‡
WILLIAM P. HADLEY
BARRY M. RYAN
DEBORAH A. BASILE†
PAUL M. MALECK
CLAIRE L. THOMPSON
W. GARTH JANES**
GREGORY A. SCHMIDT
MICHAEL K. CALLAN*
MICHAEL D. SWEET*‡
BERNADETTE HARRIGAN‡
BRENDA S. DOHERTY
MICHELE A. ROOKE
THOMAS E. DAY*
KAREN K. CHADWELL*†
JOHN E. BONINI*
MICHAEL J. BONANNO*

MATTHEW J. RYAN, JR.
OF COUNSEL

DUDLEY B. WALLACE
(1900-1987)
LOUIS W. DOHERTY
(1898-1990)
FREDERICK S. PILLSBURY
(1919-1996)
ROBERT E. MURPHY
(1919-2003)
SAMUEL A. MARSELLA
(1931-2004)

† REGISTERED PATENT ATTORNEY
* ALSO ADMITTED IN CONNECTICUT
‡ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN DISTRICT OF COLUMBIA

April 20, 2005

**CERTIFIED MAIL/RETURN RECEIPT # 7160 3901 9848 5876 3724**
**FACSIMILE # 1-617-742-1788**
Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

*Re:*      ***Michele Leader, Lance Leader, Kurtis Leader, ppa Lance Leader v. Wal-Mart, Inc.***
           ***Civil Action No.: 04-300055-MAP***
           ***DWPM File No.: 5390023-0***

Dear Mr. Steele:

        At your request I have spoken with my client and she has confirmed that she is available
for the examination requested by Wal-Mart by Dr. Johnson on May 2, 2005 or May 6, 2005. Ms.
Leader requires that transportation arrangements be made to have her picked up at her home and
transported to the examination site and then returned to her home.

        In addition, a representative of this office will appear and will be present in the same
room with Ms. Leader during the time that she is with Dr. Johnson.

        Please advise me of the date preferred by Dr. Johnson and confirm the time and address
by return mail. In addition please include information as to what transportation services will be
secured fully in Ms. Leader's travel to and from Worcester and appropriate contact information
such as a telephone number.

265453-1

**Certified Article Number**

7160 3901 9848 5876 3724

**SENDERS RECORD**

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

April 20, 2005
Page 2

Thank you for your anticipated courtesy and cooperation.

JJM/smm
cc:     Michele Leader
        Thomas E. Day, Esquire

Very truly yours,

John J. McCarthy

**CRAIG AND MACAULEY** | PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

April 21, 2005

**VIA FACSIMILE ONLY**

John J. McCarthy, Esq.
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA  01144

   Re: Michele Leader v. Wal-Mart Stores, Inc.
      United Stated District Court, Civil Action No. 04-CV-30055-KPN

Dear John:

   I am in receipt of your letter dated April 20, 2005.

   While we appreciate your client's willingness to be examined by Dr. Johnson, his office has already scheduled IMEs on the dates that we proposed in our March 28 letter.  Because you did not get back to us until yesterday, the doctor has already filled his appointment slots on those dates.

   Because did not hear from your office in response to our letters, we were forced to file a Motion to Conduct a Physical Examination and Interview with your client.  As you are aware, this was filed on April 18.

   Nevertheless, we contacted Dr. Johnson's office after receiving your letter and learned that he is *currently* still available to perform the examination at his offices at 12 p.m. on 33 Oak Avenue in Worcester on May 20, May 27, June 1 and June 3.  We need to find out immediately of any of these dates are satisfactory as they will also be filled if we do not get back to him right away.