

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

HAMPDEN, ss.

MICHELE LEADER ET AL  )
    Plaintiffs,  )
  )
v.  )
  ) CIVIL ACTION NO. 04-CV-30055-KPN
WAL-MART STORES, INC.  )
    Defendant.  )
  )

### PLAINTIFF'S MOTION *IN LIMINE* REGARDING ADMISSIBILITY OF DEFENDANT'S RULES, REGULATIONS AND SAFETY MATERIALS.

    Now come the Plaintiff's and move this Court to permit them to introduce into evidence during the course of the trial the Defendant's self promulgated standards, rules, regulations and safety materials. As reason therefore, and in support thereof, the Plaintiff's state that the Defendant has promulgated various Rules and Regulations which are mandatory in all of its stores with regard to customer safety. In addition, the Defendant has promulgated other documents which are disseminated to all of its stores describing the Defendant's knowledge of conditions which cause trip and fall injuries to customers and/or which expose customers to trip and fall injuries.

    In particular, the Defendant Wal-Mart has promulgated standards, rules and regulations which were produced during the course of discovery, which specifically address the conditions and events that occurred in the case before the Court. That is, Wal-Mart has as a mandatory requirements when inclement weather or other conditions will result in or are likely to result in liquids accumulating or being present on floors in the stores, and thus creating a slipping hazard, that the stores place mats in areas where such accumulation of moisture is expected. The standard, rules or regulations very specifically require that the mats be affixed to the floors with the use of red tape. The evidence in this case is that the placement of those mats and the use of the red tape applies to the store in Westfield where the Plaintiff who was injured, applies to the circumstances of the foul weather mats upon which the plaintiff was injured and that the store management has no discretion to deviate from those standards, rules and regulations.

    In addition to the red tape standard, Wal-Mart's standards also require the use of devices called handy cones, which are described as yellow or orange cones, to be placed around an area where moisture or other slipping or tripping hazards exist. Other of the

standard rules or regulations require that when carpets are placed on the floors in any Wal-Mart store, that the edges of the carpets be secured to the floor to avoid slipping and tripping hazards to customers. In addition, Wal-Mart rules and regulations require that all Sales Associates, the name given to all employees of Wal-Mart, be alert to, and correct, any slipping or tripping hazard that is identified. Finally, Wal-Mart has promulgated a number of training manuals and other documents which identify customer tripping and slipping as a significant concern for Wal-Mart and describes Wal-mart's concern over those incidents as a basis for creating the standard rules and regulations and imposing them on al of the Wal-Mart stores.

In the case before the Court, the Plaintiff tripped over foul weather mats that were left overlapped in the entranceway of the store because of inclement weather and the need to protect against moisture and water being left on the bare floor surface. The evidence will be that there was no red tape on the edges of the foul weather mats and that there were no handy cones anywhere in the vicinity of the mats. There will also be evidence that after falling, an employee of Wal-Mart came up to the Plaintiff Michele Leader and commented that she knew somebody would trip or fall over those mats. The evidence is clear that the Wal-Mart store did not comply with its own standard rules and regulations which were intended to protect such individuals such as the plaintiff Michele leader from injury, and the precise manner in which she was injured.

The Plaintiff's submit that evidence of these documents should be admissible and the jury should be allowed to consider these documents as evidence of the standard applicable in the circumstances of this case, the knowledge possessed by the Defendant with regard to the danger and hazard of the condition it created and which resulted in the injuries to the Plaintiff's. It is axiomatic in Massachusetts that a business like Wal-Mart "may voluntarily assume a duty that would not otherwise be imposed on it, and thus may voluntarily assume a duty to provide information, advice or warnings to its customers. Massachusetts recognizes that 'a duty voluntarily assumed must be performed with due care' and we have approved the principles pertaining to voluntary assumption of a duty as set forth in the Restatement (Second) of Torts § 323(1965). (citations omitted)(footnote omitted) …'If a person voluntarily assumes a duty or undertakes to render services to another that should have been seen as necessary for her protection, that person may be liable for harm caused because of the negligent performance of his undertaking. '" (citations omitted) Cottam v. CVS Pharmacy, 436 Mass. 316, 323-324 (2002). It is also the law that a violation of a rule or regulation, voluntarily assumed, is "evidence of negligence as to all consequences it was intended to prevent." (citations omitted) Scott v. Thompson, 5 Mass. App. Ct. 372, 375 (1977).

Therefore, the Plaintiffs request that this motion be allowed.

282698.1

|  |  |
|---|---|
| Date: 10/21/05 | THE PLAINTIFF'S<br>MICHELE LEADER ET AL<br>By _____<br>John J. McCarthy, Esquire<br>Doherty, Wallace, Pillsbury, and<br>Murphy, P.C.<br>One Monarch Place<br>1414 Main Street, 19th Floor<br>Springfield, MA 01144<br>Telephone: 413-733-3111<br>Facsimile: 413-734-3910<br>BBO# 328280 |

### CERTIFICATE OF SERVICE

I, John J. McCarthy, Esquire, Counsel of Record, do hereby certify that I made service of the foregoing document by mailing a copy of same, postage prepaid, first class mail, to:

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Date: 10/21/05                                                John J. McCarthy, Esq.

282698.1