UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

HAMPDEN, ss.

MICHELE LEADER ET AL )
   Plaintiffs, )
)
v. )
) CIVIL ACTION NO. 04-CV-30055-KPN
WAL-MART STORES, INC. )
   Defendant. )
)

PLAINTIFF'S MOTION *IN LIMINE* FOR SANCTIONS DUE TO SPOLIATION

    Now come the Plaintiffs and move this Court to sanction the Defendant Wal-Mart for Spoliation of evidence. In support thereof and reason therefore, the Plaintiffs state that the Defendant, acting through its Manager affirmatively acted to erase a videotape of the trip and fall in which the Plaintiff Michele Leader was injured on the Defendant's premises. Alternatively, if not done intentionally, the Defendant negligently permitted said videotape to be erased and/or otherwise made unavailable for viewing and evidentiary use during the course of this litigation and trial.

    The videotape was a videotape of the front area of the store where the Plaintiff Michele Leader was caused to trip and fall over a so-called foul weather mats placed in that area in a negligent and reckless manner. The mats were place overlapping each other in direct contravention of the Defendant's internal standards, rules and regulations, and in a manner that the Defendant knew, with direct and specific knowledge, would likely cause injury to a customer. The Defendant's regulations and rules are mandatory and not subject to discretion to alter or avoid. Specifically in this circumstance, the Defendant had rules prohibiting the overlapping of mats and requiring that such mats be taped to the floor with red tape for the specific purpose of preventing trip and fall injuries to customers.

    The videotape in question was a videotape of the area where the Plaintiff tripped and fell over the mat. The Defendant's manager, Donald Byram, testified that the videotapes would show customers as they walked into the store and customers could see themselves walk in. (Byram deposition, p.31, L5 to L 14. He testified that the video tapes are kept for 30 days and only retained beyond that if Wal-Mart and its claims people (CMI – Claims Management Corporation) thinks something serious has occurred. (Byram Deposition p. 32 L 1 to L24; p. 33 L 1 to L15) The Defendant very clearly anticipated that litigation and/or claims would be made arising out of the incident in question. On the day of the incident, the Defendant's Manager Mr. Byram prepared an incident report to forward to Wal-Mart's Claims Management Service. The

purpose for sending such a report was so that in the event that litigation arose or litigation-like claims were pursued, the Claims Management arm of Wal-Mart was advised of such potentials as soon as possible. Within two (2) days of the incident, Wal-Mart's Claims Management arm called the Plaintiff Michel Leader and obtained a recorded interview. At that time they were informed that she had remained out of work, that she had gone to the hospital, that her knees were causing her substantial pain and difficulty and that she expected to be out of work for an additional period of time. Wal-Mart's corporate records and documents are quite clear that Wal-Mart anticipates claims being made in such circumstance and correspondingly that there is a need to preserve evidence for use in such circumstances.

Upon information and belief, based upon the location of the video recording and the recording device and the location of the incident, the recording device would have captured and depicted the mats being placed, would have depicted the condition of those mats, would have depicted the plaintiff tripping on the overlapping portion of the mats and would have depicted the removal of those mats one or two hours after the Plaintiff fell. The video recording would also have depicted individuals that responded to Ms. Leader to assist her, including the Manager Mr. Byram and others. It is worth noting that the depositions of the individuals whose names or descriptions appear on the accident report all deny having any memory or any involvement in any aspect of the events of that morning subsequent to the Plaintiff's injury. In addition, it is believed that the videotape would depict the removal of the mats and hour or two after the Plaintiff Michele Leader's fall. In that regard, the Plaintiff Lance Leader will testify that when he returned to Wal-Mart to retrieve his wife's vehicle, he went into the store and the mats were gone. He will testify that his best memory is that he returned to the store within two hours of the event.

In defense of this claim, Wal-Mart has taken the position that it did nothing improper, that the Plaintiff Michele Leader was negligent and careless causing her own injury. It is plain that the Defendant intends to defend the liability aspect of this matter by offering evidence to the jury that it placed the foul weather mats on the floor out of the care and concern for customer safety and that had Michele Leader exercised reasonable care for her own safety she would have observed the overlapping mats and that the ordinarily careful person would not have been so clumsy as to trip and fall. In addition, it is anticipated that Wal-Mart will further defend by claiming that their internal regulations do not apply and that all that the law poses upon them is reasonable care and that in the circumstances of this care such care was exercised and thus I have no responsibility for the injuries sustained by the Plaintiffs. The Plaintiff's burden on the other hand is to establish that the condition of the premises, specifically the foul weather mats, was defective or dangerous or presented a hazard that the Defendant knew or should have known could cause injury. The plaintiff also bears the burden, in a case of premises liability, to establish that the defect or danger or hazard existed for a sufficient period of time for the Defendant to observe the danger, defect or hazard and correct it and that it was unreasonable for the Defendant not to do so.[1] The Plaintiff's submit that tin these circumstances the videotape would be critical and dispositive evidence of the condition of the mats, of the length of time that the mats were in place in the condition that the Plaintiff encountered, how the Plaintiff fell, who

---

[1] The Plaintiff has filed a separate Motion *in Limine* on the issue of the Defendant's regulations and other safety documents, and those arguments will not be repeated in this memorandum. The Plaintiff's refer the Court to its Motion *in Limine* and Memorandum relative to the Defendant's internal safety documents.

-2-

282654.1

assisted her, and what actions Wal-Mart took after the Plaintiff left the premises to correct the defect. The destruction of that videotape, whether negligent or intentional, given the knowledge of the Manager and the fact that a claim had been reported and that the Claims Management Services Arm of Wal-Mart had commenced the investigation, is improper and unlawful and warrants sanctions being imposed.

The law in the Commonwealth of Massachusetts is clear that when a party to litigation or a party likely to part of litigation destroys evidence, the Court has wide latitude in issuing sanctions. The basic premise is that a party that "has negligently or intentionally lost or destroyed evidence known to be relevant fro an upcoming legal proceeding should be held accountable for any unfair prejudice that results. " (citations omitted) Westover v. Leiserv, 64 Mass. App. Ct. 109, 112 (2005). *See also* Keene v. Brigham Hospital, 439 Mass. 223, 234 (2003); Gath v. M/A-Com, Inc., 440 Mass. 482, 487-489 (2003). The courts in the Commonwealth recognize that "persons who are actually involved in litigation (or know that they will likely be involved) have a duty to preserve evidence for use by others who will also be involved in that litigation. Where evidence has been destroyed or altered by persons who are parties to the litigation, or by persons affiliated with a party ... and another party's ability to prosecute or defend the claim has been prejudiced as a result, ... a judge may exclude evidence to remedy the unfairness. "(citations omitted) Fletcher v. Dorchester Mutual Insurance, 437 Mass. 544, 549 – 550 (2002). The Supreme Judicial Court has identified that the "'dest5ruction of relevant evidence ... has a pernicious effect on the truth-finding function of our courts.'" (citations omitted) Wiedmann v. The Bradford Group, 444 Mass. 698, 705 (2005). The Court has wide latitude in fashioning sanctions and "bad faith is not essential." Sacramona v. Bridgestone/Firestone, Inc., 106 F. 3d 444,447 (1st Cir. 1997). *See* Wiedmann, *supra* at 705; Testa v. Wal-Mart Stores, Inc., 173, 176-178 (1st Cir. 1998).

In the case at bar, the Plaintiffs are requesting that the Court sanction the Defendant for the loss or destruction of the video, by entering judgment on liability against the Defendant, precluding any argument, testimony or evidence from the Defendant through counsel or any witness that the Plaintiff Michele Leader failed to exercise due care or was negligent in any manner, and/or by instructing the jury that the loss or destruction of the evidence allows an inference that the video tape would support the testimony of the Plaintiffs.

THE PLAINTIFF'S
MICHELE LEADER ET AL

Date: 10/21/05    By _____
John J. McCarthy, Esquire
Doherty, Wallace, Pillsbury, and
Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Telephone: 413-733-3111
Facsimile: 413-734-3910
BBO# 328280

-3-

282654.1

## CERTIFICATE OF SERVICE

I, John J. McCarthy, Esquire, Counsel of Record, do hereby certify that I made service of the foregoing document by mailing a copy of same, postage prepaid, first class mail, to:

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Date: 10/21/05

John J. McCarthy, Esq.