UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Western District

Michele Leader, et als      )
                            )
v.                          )   CIVIL ACTION NO.: 04-30055 KPN
                            )
Wal-Mart Stores, Inc.       )
                            )

**PLAINTIFFS REQUESTS FOR JURY INSTRUCTIONS**

1. This is a civil action for injuries and damages suffered by the Plaintiffs. The Plaintiff Michele Leader suffered physical, mental and emotional injuries and the Plaintiffs Lance T. Leader and Kurtis Leader have suffered interference with their relationship with their wife and mother. The Plaintiff Michele Leader, because of Wal-Mart's negligence, has endured mental and bodily pain and suffering as a result of her physical injuries, has incurred medical expense, and lost some of her earning capacity. This is an action in which the Plaintiffs claim that the Defendant Wal-Mart was negligent and caused the Plaintiff Michele Leader to trip and fall and sustain the injuries to which she has testified and caused the Plaintiffs Lance Leader and Kurtis Leader to suffer the losses they have described.

2. A corporation like Wal-Mart can only act through its agents or employees. In cases such as this, the Defendant Wal-Mart is responsible for the conduct of its agents and employees acting within the scope of their employment duties and obligations. The law treats corporations as a person and, and imposes on it the duties and obligations that the law imposes on any other person.

3. The term negligence, without qualification and in its ordinary sense, means the failure of a person to exercise that degree of care which a reasonably prudent person would exercise under the same or similar conditions or circumstances. The burden of proving that the Defendant failed to exercise reasonable care is upon the Plaintiffs. By the term "negligence" the law means a breach of duty or the failure of a person to exercise that degree of care which a reasonably careful person would exercise under the same or similar circumstances. Negligence is the undischarged or unfulfilled obligation or duty by a defendant, and the amount of care required increases with the likelihood and severity of harm threatened. A defendant's failure to act with appropriate and required caution is sufficient for you to find a defendant negligent. Thus, Wal-Mart is negligent if you find that it failed to exercise that degree of care which a reasonably and ordinarily prudent and careful retail merchant would have exercised under the same or similar circumstances.

Wal-Mart was obliged to exercise a degree of care commensurate with, or in proportion to, the probable damages that might result from the lack of such care. If you find that Wal-Mart, either by omission or by action, failed to exercise that degree of care, vigilance, caution and forethought which, under the circumstances, a retail merchant of ordinary caution and prudence ought to exercise, then you will find that it was negligent.

The Plaintiffs must introduce credible evidence that the facts they allege are more probably true than not true and that the negligence of Wal-Mart was the direct and proximate cause of the Plaintiffs injuries.

>Altman v. Aronson, 231 Mass. 588 (1919);
>Parsons v. Dwight State Co., 301 Mass. 324 (1938);
>Wronka v. Sewell, 320 Mass. 362 (1946);
>Falvey v. Hamelburg, 347 Mass. 430 (1964);
>Carey v. General Motors Corp., 377 Mass. 736 (1979);
>Scott v. Thompson, 5 Mass. App. Ct. 372, 374-375 (1977);
>Goldstein v. Gontarz, 364 Mass. 800 (1974);
>Cornier v. Grant, 14 Mass. App. Ct. 965 (1982) (rescript).

4. It is the law in Massachusetts that a retail merchant such as Wal-Mart has a duty to lawful visitors to its business premises, to keep and maintain its business premises in a reasonably safe condition. Wal-Mart had a duty to take reasonable measures to protect customers and other lawful visitors from tripping hazards, dangerous conditions and sources of injury to persons in the store which were known to it or discoverable by it. The knowledge of Wal-Mart is determined by the cumulative knowledge of its employees. Wal-Mart had a legal duty to warn customers of any danger of which it knew or should have known. This duty imposes an obligation of due care on Wal-Mart to refrain from any act which will cause foreseeable harm to others, even though the nature of that harm and the identity of the harmed person is unknown at the time of the act. A defendant's duty is established when it can be said that it was foreseeable that its acts or failure to act may cause harm to someone. The duty is to refrain from such acts or omissions. A customer does not have a duty to look at the floor of a retail facility such as Wal-Mart before each step; retailers encourage customers to look up at eye-catching displays.

>Hopkins v. F. W. Woolworth Co., 11 Mass. App. Ct. 703, 704, 706 (1981);
>Tobin v. Norwood Country Club, Inc., 422 Mass. 126, 135 (1996);
>Toubiana v. Priestly, 402 Mass. 84, 88 (1988);
>Mounsey v. Ellard, 363 Mass. 693, 707-708 (1973);
>Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 452 (1969).

*Accord*    Miller v. Wal-Mart Stores, Inc., 219 Wis. 2d 250, 260 (1998);
Wilson v. Wal-Mart Stores, Inc., 448 So. 2d 829, 831 (La. App. 2 Cir. 1984);

> Zeno v. Great Atlantic and Pacific Tea, Co., 803 F. 2d 178, 180 (5th Cir. 1986);
> Dixon v. Wal-Mart Stores, Inc., 330 F.3d 311, 314 (5th Cir. 2003).

5. A landowner or occupier of property is charged with a single duty to all lawful visitors, to take those steps to prevent injury that are reasonable and appropriate under all the circumstances, taking into account the likelihood of injury to others, the seriousness of the injury, and the proper allocation of the risks involved.

   > Upham v. Chateau DeVille Dinner Theater, Inc., 380 Mass. 350, 353 (1980).

6. Wal-Mart owed Michele Leader the duty of reasonable skill and care in order to avoid an "avoidable risk" of harm to her.

   > Johnston v. Phillips, 351 Mass. 712 (1967).

7. Wherever there is a duty to exercise care, the quality of care required increases with an increase in the likelihood of harmful consequences to others if adequate care is not used.

   > Brennan v. Ocean View Amusement Co., 289 Mass. 587, 592 (1935).

8. You have heard and received evidence about customer safety standards, rules and regulations adopted and promulgated by Wal-Mart. If you find that Wal-Mart's employees violated Wal-Mart's safety standards for customers, you may consider any such violation to be evidence of negligence by Wal-Mart as to any consequence or injury to a customer that the standards, rules and regulations were intended to prevent. The law provides that any person or entity may voluntarily assume a duty that would not otherwise be imposed on it, and thus may voluntarily assume a duty to provide specific safety measures to protect customers from trip and fall hazards and injuries. In Massachusetts, a duty voluntarily assumed must be performed with due care. If a person voluntarily assumes a duty or undertakes to follow rules or procedures seen as necessary for the protection of another, then that person may be held liable for any harm caused because of the negligent performance of the undertaking.

   > The T.J. Hooper, 60 F. 2d 737, 740 (2nd Cir. 1932);
   > Cottam v. CVS Pharmacy, 436 Mass. 316, 323-324 (2002);
   > Hullum v. Commonwealth, 396 Mass. 1009 (1986) (rescript);
   > Afienko v. Harvard Club of Boston, 365 Mass. 320, 330-333 (1974);
   > Falvey v. Hamelburg, 347 Mass. 430 (1964);
   > Fidalgo v. Columbus McKinnon Co., 56 Mass. App. Ct. 176, 184-185 (2002);
   > Hopkins v. Medeiros, 48 Mass. App. Ct. 600, 613-614 (2000);

> Bergendahl v. Massachusetts Electric Co., 45 Mass. App. Ct. 715, 720-721 (1998);
> Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 792-793 (1996);
> Resendes v. Boston Edison Co., 38 Mass. App. Ct. 344, 358 (1995), further app. rev. denied, 420 Mass. 1105 (1995);
> Thurston v. Ballou, 23 Mass. App. Ct. 737 (1987)
> Rice v. James Hanrahan & Sons, 20 Mass. App. Ct. 701, 704 (1985);
> Johnson v. Boston, 22 Mass. App. Ct. 24, 27-28 (1986);
> Pignone v. Santa Anita Manufacturing Corp., 17 Mass. App. Ct. 944, 945 (1983);
> Torre v. Harris-Seybold co., 9 Mass. App. Ct. 660, 668-673 (1980);
> Scott v. Thompson, 5 Mass. App. Ct. 372, 375-376 (1977).

9. You have heard evidence that the area of the Wal-Mart store where Ms. Leader fell was filmed or recorded by means of a video camera. The video tape of the area was not preserved by Wal-Mart after Wal-Mart was aware of the Plaintiff Michele Leader's injuries and the likelihood that she would make a claim for those injuries. The video tape of the area, where and when the Plaintiff Michele Leader fell, would provide evidence of the events in issue in this case. In Massachusetts, the law requires that those who are, or may be, parties to a lawsuit have a duty to preserve evidence for use by others who will also be involved in that litigation. Where evidence has been destroyed, or not preserved properly, the other party's ability to prosecute his or her case has been prejudiced. The law views the destruction of such evidence as having a pernicious effect on the truth-finding function of the courts. Evidence of bad faith is not essential or required. If evidence is mishandled through carelessness, and the other side is prejudiced, sanctions are appropriate. In this case, because Wal-Mart failed to preserve the video tape, you are entitled to infer that the depiction of events on the video tape would favor the Plainitffs' case and be unfavorable to Wal-Mart. You are permitted to make this inference in order to overcome the unfair prejudice to the Plaintiffs due to the loss or destruction of the video tape.

> Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 704-707(2005);
> Gath v. M/A-Com, Inc., 440 Mass. 482, 487-491 (2003);
> Keene v. Brigham Hospital, 439 Mass. 223, 234-237 (2003);
> Fletcher v. Dorchester Mutual Insurance, 437 mass. 544, 549-551 (2002);
> Westover v. Leiserv, Inc., 64 Mass. App. Ct. 109, 112-113 (2005);
>
> Sacramona v. Bridgestone/Firestone, Inc., 106 F. 3d 444, 447 (1st Cir. 1997);
> Herbert v. Wal-Mart Stores, Inc., 911 F. 2d 1044, 1046-1047

282823.1                                                                 4

(5th Cir. 1990).

10. The Plaintiffs must introduce credible evidence that the facts they allege are more probably true than not true and that the negligence of Wal-Mart was the direct and proximate cause of their injuries and damages. In order to recover, the Plaintiffs must show by a preponderance of the evidence that Wal-Mart breached a duty owed to them, which breach was the direct and proximate cause of the damages they have suffered. They need only show that there is a greater likelihood that their alleged damages were caused by some act of negligence for which Wal-Mart is responsible rather than from a cause for which it is not liable.

A fair preponderance of the evidence does not mean that the Plaintiff has to produce more witnesses or a greater volume of evidence than the Defendant. Whether there is a fair preponderance of the evidence is determined by the quality of the evidence: is it more believable, more trustworthy, is it more accurate, regardless of the number of witnesses testifying for either side.

The Plaintiff needs only to prove the claims by a preponderance of the evidence; she need not prove her case beyond a reasonable doubt, as is necessary in criminal prosecution.

The burden of proof in a civil case such as this one is much less. On the civil side of the Court, we deal in terms of probabilities and not certainties; that a thing is more likely so that not, or that a thing is more probably so that not.

The Plaintiff is not required to eliminate entirely all possibility that the Defendant's conduct was not a cause. It is enough that the Leaders introduce evidence from which you, as reasonable persons, may conclude that it is more probable that the negligent acts and/or omissions of Wal-Mart were a cause or contributing factor to their injuries.

The fact of causation is incapable of mathematical proof, since no person can say with absolute certainty what would have occurred if Wal-Mart had acted otherwise. If, as a matter or ordinary experience, a particular act or omission might be expected to produce a particular result, and if that result has in fact followed, the conclusion is justified that the causal relation exists. In drawing that conclusion, you, the jury, are permitted to draw upon ordinary human experience as to the probabilities of the case. You are entitled to infer from the evidence whether Wal-Mart's negligence caused or contributed to the Plaintiffs' injuries. In this case you are also entitled to infer from the loss or destruction of evidence by Wal-Mart that the Defendant's negligence caused or contributed to the Plainitffs' injuries. It is not necessary that the Plaintiffs prove the exact means of injury and they are not required to exclude all other causes or contributing factors; proximate cause of an injury does not mean the sole cause. Rather, if Wal-Mart's conduct, by action or failure to act, is a contributing factor in bringing about injury, then the Defendant can be found to have caused the injury.

Proximate cause does not require that the particular act which caused the injury be specifically foreseeable. Proximate cause only requires that the general character and probability of the injury be foreseeable. Damages are proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or failure to act probably played a substantial part in bringing about the damage.

>DiRoberto v. Lagasse, 336 Mass. 309 (1957);
>Tritsch v. Boston Edison Co., 363 Mass. 179 (1973);
>Zezuski v. Jenny Manufacturing Company, 363 Mass. 324 (1973).
>Power Service Supply, Inc. v. E. W. Wiggins Airways, Inc., 9 Mass. App. Ct. 122 (1980);
>Vanalstyne v. Whalen, 15 Mass. App. Ct. 340 (1983);
>Coughlin v. Bixon, 23 Mass. App. Ct. 639, 644 (1987);
>Held v. Bail, 28 Mass. App. Ct. 919, 920 (rescript) (1989);
>Rohde v. Lawrence General Hospital, 34 Mass. App. Ct. 584, 588 (1993);
>Cronin v. I.G.A. Foodliner, 55 Mass. App. Dec. 158 (1974);
>Delta Airlines Inc. v. U. S., 561 F.2d 318 (1st Cir., 1977) *certiorari* denied 434 U. S. 1064 (1978);
>Restatement of Torts, 2d, Section 433 B (1), comment (b).

13. Even if Wal-Mart could not have foreseen the precise manner in which the injury to Michele Leader would occur, if you find that Wal-Mart's negligent conduct increased the risk of harm to the plaintiffs, and was a substantial factor in bringing about the plaintiffs' injuries, the Defendant will be liable even if other events or conditions were also a factor in causing the Plaintiffs' injuries.

    >Furtado v. Bishop, 604 F. 2d 80 (1st Cir., 1979);
    >Lawrence v. Kamco, Inc., 8 Mass. App. Ct. 854 (1979).

14. Wal-Mart is liable for the effects of its wrongful acts which exacerbated or exaggerated any pre-existing condition of the Plaintiff, or if it combined to worsen the effects of a subsequently developed conditions. Thus, if you find that any of the medical conditions or disabilities suffered by Michele Leader, prior to or after she fell at Wal-Mart, were caused to be worsened as a result of the injuries she sustained in the fall, then you will find that the Defendant was the proximate cause of the damages sustained by the Plaintiff as a result of the worsened condition or disability and any treatment thereof. The Defendant is not excused from liability because of any unusual susceptibility of the Plaintiff to a particular type of injury or damage. Rather, a negligent defendant must take persons that are injured as a consequence of its negligence. As they find them, including their frailties and any unusual susceptibility to injury or disability.

>McGrath v. G&P Thread Corp., 353 Mass. 60 (1967);
>Wallace v. Ludwig, 292 Mass. 251 (1935).
>Peacock v. Ambassade Realty Corp., 336 Mass. 115 (1957);
>Lydon v. Warehouse 13, Inc., 335 Mass. 729 (1957);
>McGrath v. G & P Thread Corp., 353 Mass. 60 (1967);
>Harlow v. Chin, 405 Mass. 697, 702 (1989);
>Held v. Bail, 28 Mass. App. Ct. 919, 920-921 (rescript) (1989);
>Rohde v. Lawrence General Hospital, 34 Mass. App. Ct., 584, 588, (1993).

15. If you find that Wal-Mart was negligent then the Plaintiff Lance T. Leader is entitled to be compensated for his loss of consortium as a result of the injuries sustained by his wife. By "loss of consortium" the law means the loss, impairment or diminution of the quality of the relationship between husband and wife. "Loss of consortium" entails such factors as lost income and loss or impairment of the love, affection, companionship and care between a married couple. A spouse's inability, even temporarily, to assist in household chores, to aid in taking care of the home, to aid in taking care of children, to assist her husband in his occupation, to socialize, to bathe or tend to other matters of personal hygiene, or to participate in normal marital sexual activities, in the manner in which was customary prior to an injury, are the types of factors which compose "loss of consortium". If you find that the Defendant was negligent, then the Plaintiff Lance T. Leader is entitled to be compensated for losses of this kind.

>Diaz v. Eli Lilly & Co., 364 Mass. 153 (1973);
>Ferriter v. Daniel O'Connell's Sons, Inc., 381 Mass. 507   (1980).

16. Similarly, the Plaintiff Kurtis Leader is entitled to be compensated for his loss of parental services or the interferences and limitations the injuries to Michele Leader have caused to his relationship with his mother. As with his father's claim, a parent's inability, even temporarily, to participate in normal parenting roles as were customary prior to any injury, including supporting a child's school and educational activities, constitutes loss of parental services. If you find that the Defendant was negligent, then Kurtis Leader is entitled to be compensated for his losses.

17 In order to find for the Plaintiffs, it is sufficient if the evidence shows that there was a greater likelihood that the accident was due to the Defendant's negligence rather than to some other cause.

>Paulin v. H. A. Tobey Lumber Corp., 337 Mass. 146 (1958).

18. Wal-Mart has alleged that Michele Leader was negligent. You are instructed that the burden of proving any such negligence rests upon Wal-Mart and it must introduce sufficient evidence of the Plaintiff's alleged negligence to overcome the presumption that Ms. Leader was acting in the exercise of due and proper care.

282823.1

7

Wal-Mart must prove that the Plaintiff was at fault by a preponderance of the evidence.

If you find that the Plaintiff was contributorily negligent; that is, that she acted to some degree in a manner showing a failure to exercise due care, then you must compare the total negligence of Wal-Mart with the contributory negligence of the Ms. Leader. If you find that Ms. Leader's negligence was not greater than the total amount of the negligence attributable to Wal-Mart, then Ms. Leader is entitled to recover for her injuries, less, or reduced by, an amount equal to the proportion of the negligence you attribute to her.

If you find that the Plaintiff Michele Leader's negligence was greater than the total amount of the negligence attributable to the Defendant, then the Plaintiff Michele Leader is not entitled to recover for her injuries.

Massachusetts General Laws, chapter 231, section 85.

19. You are instructed that in lawsuits such as this to recover damages for negligence resulting in injury to a person, the Plaintiff Michele Leader is presumed to have been acting in the exercise of due care.

Massachusetts General Laws 231, section 85.

20. With respect to the Plaintiff Lance Leader's claim for loss of consortium and the Plaintiff Kurtis Leader's claim for loss of parental services, you are not to consider any negligence of the part of the Plaintiff Michele Leader to reduce compensation to them. If you find that Wal-Mart was negligent, then the Plaintiff Lance Leader and the Plaintiff Kurtis Leader are entitled to recover, regardless of whether or not you find Michele Leader contributorily negligent for her injury. The contributory negligence of the Plaintiff Michele Leader cannot be imputed to nor attributed to the Plaintiff Lance Leader or the Plaintiff Kurtis Leader in any way and you cannot reduce or diminish their recovery because of any contributory fault on her part.

Feltch v. General Rental Co., 383 Mass. 60 (1981).

21. The compensation for personal injury occasioned by the negligence or misconduct of another, and which the law promises, is indemnity, so far as it may be afforded in money, for the losses and damages which a person has suffered. Some of the elements may be bodily pain, loss of function of a bodily part, mutilation, loss of time and outlay of money, loss or diminution of earning capacity, but of more important consideration often times, is the mental and emotional suffering and loss of capacity which ensues from the injury.

Ballou v. Farnum, 93 Mass. (11 Allen) 73 (1865);
Lewis v. Springfield, 261 Mass. 183 (1927);
Shea v. Rettie, 287 Mass. 454 (1934);

Menard v. Collins, 298 Mass. 40 (1937).

22. If you find that Wal-Mart was negligent, then the Plaintiff Michele Leader is entitled to be awarded monetary compensation for:

   A. All medical expenses incurred by her or on her behalf as a result of injuries proximately caused by the accident, some evidence of which has been introduced by way of medical certificates which will go to the jury room with you.

   B. In addition, she is entitled to recover for the value of her time during which she was incapacitated and unable to perform her usual functions or work and the present and future impairment of her earning capacity. It is the fair value of her skills and not what she actually earned which should be your guide.

   C. In addition, she is entitled to recover for all the pain and suffering, both mental and physical, and mental and emotional anguish, which you find was due to this accident; you should consider the nature of these injuries and the pain and suffering which you ascribe to the injuries.

   D. You must consider not only the past and present physical and mental condition brought on by this accident, but consider and include in your verdict damages for all future pain and suffering and disability which, on the evidence, you find is probable as a result of her injuries. Just as the Defendant is entitled to its day in Court, so too is the Plaintiff, and there can be only one recovery, including all damages for the future as well as the past and present. There is no mathematical formula to arrive at these elements of damages; unlike the first two elements mentioned where, to a degree, you can arrive readily at a certain sum, the last element is left to be determined by you on the evidence, and in large measure based on your own common sense and experience in life, after considering all the evidence presented in this courtroom.

23. A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time, the witness has said or done something or has failed to say or do something which is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it may deserve. If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust any of that witness' testimony. You may reject all the testimony of that witness or give it such credibility as you may think it deserves.

> 2 Devitt & Blackmar, *Federal Jury Practice and Instruction* (3rd ed.), section 72:07 (1977).

24. If you find that any of Wal-Mart's employees have made false or inconsistent statements regarding its actions or activities in connection with placing of the "foul weather mats" or the events that occurred on February 1, 2002 as described by the evidence, you may infer that those false or inconsistent statements were made out of a consciousness of liability.

> McNamara v. Honeyman, 404 Mass. 43 (1989).
> Meehan v. Goriansky, 317 Mass. 10 (1944).

25. In this case, you have heard testimony from witnesses who are referred to as expert witnesses. These are witnesses who, because of their particular training, education, experience, background, in other words, their special expertise, are allowed to express an opinion based on the facts of the case. They are allowed to express an opinion because of their special expertise, to help you, the jury, to accomplish the basic objective of all trials, which is to present the most reliable sources of information before you.

    The role of an expert witness is to help the jury understand issues of fact beyond their common experience. Under modern standards, expert testimony on matters within the witness' field of expertise is admissible whenever it will aid the jury in reaching a decision, even if the expert opinion touches on the ultimate issues that the jury must decide. An expert opinion must be based on either the expert's direct personal knowledge, on evidence already in the record, or which the parties know will be put on the record before the close of the trial, or on a combination of these sources. As long as the facts on which the opinion is based are in evidence, the expert is entitled to offer an opinion which you, the jury, may consider and give weight to as you deem appropriate. A medical expert may testify outside his own area of expertise as long as the expert has sufficient education, training, experience, and familiarity with the subject matter of the testimony to render an opinion.

    > La Clair v. Silberline Manufacturing Co., 379 Mass. 21, 32 (1979);
    > Baker v. Commercial Union Insurance Co., 382 Mass. 347, 351 (1981);
    > Simon v. Solomon, 385 Mass. 91, 105 (1982);
    > Letch v. Daniels, 401 Mass. 65, 68 (1987);
    > Sacco v. Roupenian, 409 Mass. 25, 28-29 (1990);
    > Samii v. Baystate Medical Center, Inc., 8 Mass. App. Ct. 911, 911-912 (1979);
    > Simmons v. Yurchak, 28 Mass. App. Ct., 371, 378 (1990).

THE PLAINTIFFS
MICHELE LEADER, ET ALS

_/s/ John J. McCarthy_____

John J. McCarthy, Esquire
Doherty, Wallace, Pillsbury
   & Murphy, P. C.
One Monarch Place
1414 Main Street
Springfield, Massachusetts 01144
(413) 733-3111
BBO # 328280

Date:September 28, 2005

### CERTIFICATE OF SERVICE

I, John J. McCarthy, Esquire, counsel of record, do hereby certify that I made service of the foregoing document by mailing a copy of same, postage prepaid, first class mail, to:

**Richard E. Quinby, Esq.
Craig & Macauley, PC
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Ma. 02210**

Date: 10/20/05

_/s/ John J. McCarthy_____
John J. McCarthy, Esquire