

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|   |   |
|---|---|
| MICHELE LEADER, LANCE LEADER, KURTIS LEADER, PPA LANCE LEADER,<br><br>Plaintiffs<br><br>v.<br><br>WAL-MART STORES, INC. and WAL-MART STORES EAST, LP,<br><br>Defendant. | Civil Action No. 04-30055-KPN |

## DEFENDANT'S PRE-TRIAL MEMORANDUM

Pursuant to the Court's Procedural Order dated August 12, 2005, Defendant Wal-Mart Stores East, LP ("Wal-Mart") hereby submits its Pre-Trial Memorandum stating as follows:

(1)   CONCISE STATEMENT OF THE  EVIDENCE

Defendant's Evidence:

Defendant Wal-Mart expects the evidence to show that, on February 1, 2002, Michelle Leader reported that she tripped and fell several steps inside the front entrance of the Westfield Wal-Mart Store. Defendant expects the evidence to show that the alleged accident was not the fault of Wal-Mart and that Ms. Leader was not seriously injured on February 1, 2002. She complained of knee pain immediately after the accident, but she had suffered from knee pain prior to February 1, 2002 and, in fact, was already a candidate for knee surgery due to the wear and tear on both of her knees caused by years of obesity. Ms. Leader was 5'3" and weighed approximately 280 pounds at the time of the accident.

Ms. Leader is expected to testify that she tripped on overlapping bad-weather rugs that were placed a number of yards inside the front threshold of the front door and that, immediately after she fell, a female African-American associate from Wal-Mart approached her and said "I knew this was going to happen." The evidence will show that the only African-American associate working in the area on the date of Ms. Leader's accident was Juanita Slaughter, and she will testify that she has no memory of a heavy white woman tripping on a rug near the front door. Ms. Slaughter will also say that she has never told any customers that she "knew an accident was going to happen." In short, the evidence will show that the bad weather mats used by Wal-Mart did not pose a tripping hazard, and none of Wal-Mart's associates were on notice of any dangerous condition on the date of Ms. Leader's alleged accident.

The evidence will show that, even if there were overlapping bad weather mats such a condition on the day of her alleged accident, they were not dangerous, and they would have been open and obvious to any customer. The evidence will show that there is no record of any other customers tripping and falling on the day of Ms. Leader's alleged accident, and the mere placing of rugs inside the store during bad weather to prevent customers from slipping was not a negligent act.

Ms. Leader has claimed that a man who identified himself as the store manager after Ms. Leader's accident told her that the area where she fell was in view of one of the store's cameras. The evidence will show that where the Plaintiff says she fell was not in the view of any camera, and Wal-Mart did not save any video tapes from the time of the accident because Ms. Leader's alleged accident did not appear to be serious. Even if it had, the video camera aimed at the doorway could not possibly have captured the accident because it was pointing at the front door, and the accident (according to Ms. Leader) occurred several steps inside the store.

(2)  STATEMENT OF FACTS ESTABLISHED BY THE PLEADINGS

1. Plaintiffs Michelle Leader, Lance Leader, and Kurtis Leader are individuals residing at 172 Holyoke Road, Westfield, Massachusetts.

2. Defendant Wal-Mart Stores East, LP operates a retail establishment located at 141 Springfield Road, Westfield, Massachusetts.

2

(3) CONTESTED ISSUES OF FACT

1.  Whether the Defendant Wal-Mart was negligent in the manner in which it placed foul weather mats inside its store on February 1, 2002.

2.  Whether Michelle Leader was negligent while walking in or into the Westfield Wal-Mart on February 1, 2002.

3.  Whether, and to what extent, Michelle Leader was injured by any such negligence of Wal-Mart.

4.  Whether, and to what extent, Lance Leader was injured by any such negligence of Wal-Mart.

5.  Whether, and to what extent, Kurtis Leader was injured by any such negligence of Wal-Mart.

(4) JURISDICTIONAL QUESTIONS

None.

(5) QUESTIONS RAISED BY PENDING MOTIONS

1.  Whether Defendant Wal-Mart was guilty of spoliation of videotape evidence where no such evidence ever existed.

(6) ISSUES OF LAW

1.  Whether the Defendant Wal-Mart was negligent in the manner in which it placed foul weather mats inside its store on February 1, 2002.

2.  Whether Michelle Leader was negligent while walking in or into the Westfield Wal-Mart on February 1, 2002.

3.  Whether, and to what extent, Michelle Leader was injured by any such negligence of Wal-Mart.

4.  Whether, and to what extent, Lance Leader was injured by any such negligence of Wal-Mart.

5.  Whether, and to what extent, Kurtis Leader was injured by any such negligence of Wal-Mart.

6.  Whether Defendant Wal-Mart was guilty of spoliation of videotape evidence where no such evidence ever existed.

(7) REQUESTED AMENDMENTS

Wal-Mart requests that Wal-Mart Stores, Inc. be removed as a party because it did not own or operate the Westfield Wal-Mart Store at the time of the Plaintiff's accident and, consequently, will bear no responsibility for the payment of any judgment in this matter. The entity that operated the Westfield Wal-Mart Store at the time of the Plaintiff's accident was Wal-Mart Stores East, LP, and Wal-Mart Stores East, LP will be solely responsible for the payment of any judgment in this matter. Plaintiffs were made aware of the name of the proper corporate defendant in August of 2004. Further, should Wal-Mart Stores, Inc. be permitted to remain in the case as an additional defendant, it will have a tendency to confuse the jury.

(8) ADDITIONAL MATTERS

Wal-Mart reserves the right to make any motions concerning expert testimony that is lacking in foundation or not based on admissible, authentic evidence.

(9) PROBABLE LENGTH OF TRIAL

Two or three full days.

(10) NAMES AND ADDRESSES OF WITNESSES

Defendant's Witnesses:

1.  Michelle Leader, 172 Holyoke Road, Westfield, Massachusetts (lay witness);

2.  Lance Leader, 172 Holyoke Road, Westfield, Massachusetts (lay witness);

3.  Kurtis Leader, 172 Holyoke Road, Westfield, Massachusetts (lay witness);

4.  Don Bryam, Former Store Manager, Westfield Wal-Mart Store, 82 Devon Terrace, Westfield, Massachusetts, 01085 (lay witness);

5.  Scott Swain, Current Store Manager, Westfield Wal-Mart Store, 141 Springfield Road, Westfield, Massachusetts, 01085 (lay witness);

6.  Juanita Slaughter, People Greeter, Westfield Wal-Mart Store, 141 Springfield Road, Westfield, Massachusetts, 01085 (lay witness);

7.  Linda Gacona, Customer Service Associate, Westfield Wal-Mart Store, 141 Springfield Road, Westfield, Massachusetts, 01085 (lay witness);

8.  Thomas Goss, M.D., 17 Colonial Dr., Shrewsbury, Massachusetts, 01545 (medical expert);

9.  Kirk Johnson, M.D., 33 Oak Avenue, Worcester, Massachusetts, 01605 (medical expert);

10. Amy Vercillo, Rehabilitation and Re-Employment, 28 Bradfield Avenue, Boston, Massachusetts, 02131 (vocational expert);

11. Any and all witnesses called by the Plaintiffs and all rebuttal witnesses as necessary.

Wal-Mart reserves the right to supplement its witness list prior to trial. Wal-Mart reserves the right to call other witnesses depending upon the names of Plaintiffs' witnesses and the availability of other rebuttal witnesses.

(11) PROPOSED EXHIBITS, JURY INSTRUCTIONS, AND SPECIAL VERDICT QUESTIONS

Defendant's Exhibits:

1.  Wal-Mart Report of Customer Incident (02/01/02);

2.  Recorded interview with Michelle Leader (02/05/02);

5

3. Sketch of alleged accident scene drawn by Michelle Leader (07/13/04);

4. Floor plan of the Westfield Wal-Mart Store;

5. Foul weather rug exemplar;

6. Michelle Leader's medical records;

7. Expert witness report and curriculum vitae of Kirk Johnson, M.D. (11/21/04);

8. Expert witness report and curriculum vitae of Amy Vercillo (05/20/05);

9. Expert witness report and curriculum vitae of Thomas Goss, M.D. (06/13/05);

10. Any and all exhibits called by the Plaintiffs.

Wal-Mart reserves the right to supplement its exhibit list prior to trial. Wal-Mart reserves the right to call other exhibits depending upon the names of Plaintiffs' exhibits.

Agreed-Upon Jury Instructions:

1. A corporation like Wal-Mart can only act through its agents or employees. In cases such as this, the Defendant Wal-Mart is responsible for the conduct of its agents and employees acting within the scope of their employment duties and obligations. The law treats corporations as a person and, imposes on it the duties and obligations that the law imposes on any other person.

2. You have heard and received evidence about customer safety standards, rules and regulations adopted and promulgated by Wal-Mart. If you find that Wal-Mart's employees violated Wal-Mart's safety standards for customers, you may consider any such violation to be evidence of negligence by Wal-Mart as to any consequence or injury to a customer that the standards, rules and regulations were intended to prevent. The law provides that any person or entity may voluntarily assume a duty that would not otherwise be imposed on it, and thus may voluntarily assume a duty to provide specific safety measures to

6

protect customers from trip and fall hazards and injuries. In Massachusetts, a duty voluntarily assumed must be performed with due care. If a person voluntarily assumes a duty or undertakes to follow rules or procedures seen as necessary for the protection of another, then that person may be held liable for any harm caused because of the negligent performance of the undertaking. You must bear in mind that any failure to follow a policy or procedure, while evidence of negligence, does not equal negligence and does not amount to liability without proof that such violation was causally connected to the alleged injury.

> The T.J. Hooper, 60 F. 2d 737, 740 (2nd Cir. 1932);
> Cottam v. CVS Pharmacy, 436 Mass. 316, 323 – 324 (2002);
> Hullum v. Commonwealth, 396 Mass. 1009 (1986) (rescript);
> Afienko v. Harvard Club of Boston, 365 Mass. 320, 330 – 333 (1974);
> Falvey v. Hamelburg, 347 Mass. 430 (1964);
> Fidalgo v. Columbus McKinnon Co., 56 Mass. App. Ct. 176, 184 – 185 (2002);
> Hopkins v. Medeiros, 48 Mass. App. Ct. 600, 613 – 614 (2000);
> Bergendahl v. Massachusetts Electric Co., 45 Mass. App. Ct. 715, 720 – 721 (1998);
> Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 792 – 793 (1996);
> Resendes v. Boston Edison Co., 38 Mass. App. Ct. 344, 358 (1995), further app. rev. denied, 420 Mass. 1105 (1995);
> Thurston v. Ballou, 23 Mass. App. Ct. 737 (1987);
> Rice v. James Hanrahan & Sons, 20 Mass. App. Ct. 701, 704 (1985);
> Johnson v. Boston, 22 Mass. App. Ct. 24, 27 – 28 (1986);
> Pignone v. Santa Anita Manufacturing Corp., 17 Mass. App. Ct. 944, 945 (1983);
> Torre v. Harris-Seybold Co., 9 Mass. App. Ct. 660, 668 – 673 (1980);
> Scott v. Thompson, 5 Mass. App. Ct. 372, 375 – 376 (1977);
> Falvey v. Hamelburg, 347 Mass. 430, 435, 198 N.E.2d 400 (1964).

    3.    Even if Wal-Mart could not have foreseen the precise manner in which the injury to Michele Leader would occur, if you find that Wal-Mart's negligent conduct increased the risk of harm to the plaintiffs, and was a substantial factor in bringing about the plaintiff's injuries, the Defendant will be liable even if other events or conditions were also a factor in causing the Plaintiffs' injuries.

        Furtado v. Bishop, 604 F.2d 90 (1st Cir., 1979);
        Lawrence v. Kamco, Inc., 8 Mass. App. Ct. 854 (1979).

    4.    With respect to the Plaintiff Lance Leader's claim for loss of consortium and the Plaintiff Kurtis Leader's claim for loss of parental services, you are not to consider any negligence of the part of the Plaintiff Michele Leader to reduce compensation to them. If you find that Wal-Mart was negligent, and that its negligence was the direct and proximate cause of harm to Plaintiffs Lance and Kurtis Leader, then the Plaintiff Lance Leader and the Plaintiff Kurtis Leader are entitled to recover the reasonable value of damages for that harm, regardless of whether or not you find Michele Leader contributorily negligent for her injury. The contributory negligence of the Plaintiff Michele Leader cannot be imputed to nor attributed to the Plaintiff Lance Leader or the Plaintiff Kurtis Leader in any way and you cannot reduce or diminish their recovery because of any contributory fault on her part.

        Feltch v. General Rental Co., 383 Mass. 60 (1981).

    5.    A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time, the witness has said or done something or has failed to say or do something which is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it may deserve. If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust any of that witness' testimony. You may reject all the testimony of that witness or give it such credibility as you may think it deserves.

2 Devitt & Blackmar, <u>Federal Jury Practice and Instruction</u> (3rd ed.), section 72:07 (1977).

6. By the fact that the Court has given instructions to you on the issue of damages, you should not conclude that the Court has an opinion relative to liability. It is for you to determine from the evidence and instructions whether there would be any recovery in this case. To award damages, you may only award such damages as are supported by the evidence. You must not indulge in speculation or conjecture.

<u>Carey v. Piphus</u>, 435 U.S. 247 (1978).

Dated: October 21, 2005

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
 PROFESSIONAL CORPORATION

_____
Richard E. Quinby BBO#545641
Chauncey D. Steele IV BBO#647207
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500

<u>RULE 7.1(A)(2) CERTIFICATION</u>

I hereby certify that I conferred with Plaintiff's counsel, John J. McCarthy on October 21, 2005 and that I attempted in good faith to resolve this issue.

_____
Chauncey D. Steele IV

9

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on October 21, 2005.

Chauncey D. Steele IV