UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| MICHELE LEADER, LANCE LEADER, KURTIS LEADER, PPA LANCE LEADER,  )  )  )  )  Plaintiffs  )  )  v.  )  )  WAL-MART STORES, INC. ) and WAL-MART STORES EAST,) LP,  )  )  Defendant.  )  ) | Civil Action No. 04-30055-KPN |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Procedural Order in the above-referenced matter, Wal-Mart Stores East, LP ("Defendant") hereby submits the following proposed jury instructions for consideration by the Court:

## INSTRUCTION NO. 1

In this case, Plaintiff Michelle Leader is claiming that the Defendant Wal-Mart Stores acted negligently when it placed foul weather mats on the floor inside its store.

In order to recover in this lawsuit, the Plaintiff has the burden of proving by a preponderance of the evidence the following four elements:

First, the Plaintiff must prove that the Defendant owed her a duty of care.

Second, the Plaintiff must prove that the Defendant breached that duty of care or, in other words, was negligent.

Third, the Plaintiff must prove that she suffered injury or harm.

Fourth, the Plaintiff must prove that the Defendant's breach of duty was a cause of the Plaintiff's injury or harm.

You cannot permit emotional or sympathy for the plaintiff or the Plaintiff's injuries to play any part in your decision regarding whether the Plaintiff has carried her burden of proof.  If you decide the Plaintiff has not carried her burden of proof, you must return a verdict for the Defendant.

O'Leary v. Jacob Miller Co., 19 Mass. App. Ct. 947, 948, 473 N.E. 2d 200, 201 (1985); Irwin v. Town of Ware, 392 Mass. 745, 764, 467 N.E.2d 1292, 1305 (1984).

INSTRUCTION NO. 2

The first element that the Plaintiff must prove by a preponderance of the evidence is that a duty was owed to her by the Defendant.

You are to interpret the word "duty" as an obligation. Duty means an obligation to conform to a particular standard of conduct toward another person which is recognized and enforced in the law.

The obligation of one who controls business premises is to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition.

It is the law in Massachusetts that a retail merchant such as Wal-Mart has a duty to lawful visitors to its business premises, to keep and maintain its business premises in a reasonably safe condition. Wal-Mart had a duty to take reasonable measures to protect customers and other lawful visitors from tripping hazards, dangerous conditions and sources of injury to persons in the store which were known to it or which should have been reasonably discoverable by it. The knowledge of Wal-Mart is determined by the cumulative knowledge of its employees. Wal-Mart had a legal duty to warn customers of any danger of which it knew or should have known. This duty imposes an obligation of due care on Wal-Mart to refrain from any act which will cause foreseeable harm to others. A defendant's duty is established when it can be said that it was foreseeable that its acts or failure to act may cause harm to someone. The duty is to refrain from such acts or omissions.

A business owner, however, is under no obligation to assume unreasonable maintenance burdens.

Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 166-167 (1973); Mounsey v. Ellard, 363 Mass. 693, 709 (1973).

INSTRUCTION NO. 3

The second element that the Plaintiff must prove by a preponderance of the evidence is that the Defendant did not exercise the required amount of care under the circumstances, that the Defendant breached his duty of care, or, in other words, was negligent.

The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise under the circumstances.   In other words, negligence is doing something that a reasonably prudent person in the ordinary course of human events would not do, or failing to do something that a reasonably prudent person would do.
The term negligence, without qualification and in its ordinary sense, means the failure of a person to exercise that degree of care which a reasonably prudent person would exercise under the same or similar conditions or circumstances.  The burden of proving that the Defendant failed to exercise reasonable care is upon the Plaintiffs.  By the term "negligence" the law means a breach of duty or the failure of a person to exercise that degree of care which a reasonably careful person would exercise under the same or similar circumstances.  Thus, Wal-Mart is negligent if you find that it failed to exercise that degree of care which a reasonably and ordinarily prudent and careful retail merchant would have exercised under the same or similar circumstances.  If you find that Wal-Mart, either by omission or by action, failed to exercise that degree of care, vigilance, caution and forethought which, under the circumstances, a retail merchant of ordinary caution and prudence ought to exercise, then you will find that it was negligent

The mere happening of an accident is not proof of negligence.

Morgan v. Lalumiere, 22 Mass. App. Ct. 262, 267, 493 N.E.2d 206, 210 (1986); Massachusetts Lobstermen's Assoc., Inc. v. United States, 554 F. Supp. 740, 472 (D. Mass. 1982); Rizzittelli v. Vestine, 246 Mass. 391, 392, 141 N.E.2d 110, 110 (1923).

INSTRUCTION NO. 4

You have heard and received evidence about customer safety standards, rules and regulations adopted and promulgated by Wal-Mart. If you find that Wal-Mart's employees violated Wal-Mart's safety standards for customers, you may consider any such violation to be evidence of negligence by Wal-Mart as to any consequence or injury to a customer that the standards, rules and regulations were intended to prevent.  The law provides that any person or entity may voluntarily assume a duty that would not otherwise be imposed on it, and thus may voluntarily assume a duty to provide specific safety measures to protect customers from trip and fall hazards and injuries.  In Massachusetts, a duty voluntarily assumed must be performed with due care.  If a person voluntarily assumes a duty or undertakes to follow rules or procedures seen as necessary for the protection of another, then that person may be held liable for any harm caused because of the negligent performance of the undertaking.

You must bear in mind that any failure to follow a policy or procedure, while evidence of negligence, does not equal negligence and does not amount to liability without proof that such violation was causally connected to the alleged injury.

> The T.J. Hooper, 60 F. 2d 737, 740 (2nd Cir. 1932);
> Cottam v. CVS Pharmacy, 436 Mass. 316, 323 – 324 (2002);
> Hullum v. Commonwealth, 396 Mass. 1009 (1986) (rescript);
> Afienko v. Harvard Club of Boston, 365 Mass. 320, 330 – 333 (1974);
> Falvey v. Hamelburg, 347 Mass. 430 (1964);
> Fidalgo v. Columbus McKinnon Co., 56 Mass. App. Ct. 176, 184 – 185 (2002);
> Hopkins v. Medeiros, 48 Mass. App. Ct. 600, 613 – 614 (2000);
> Bergendahl v. Massachusetts Electric Co., 45 Mass. App. Ct. 715, 720 – 721 (1998);
> Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 792 – 793 (1996);
> Resendes v. Boston Edison Co., 38 Mass. App. Ct. 344, 358 (1995), further app. rev. denied, 420 Mass. 1105 (1995);
> Thurston v. Ballou, 23 Mass. App. Ct. 737 (1987);

Rice v. James Hanrahan & Sons, 20 Mass. App. Ct.
701, 704 (1985);
Johnson v. Boston, 22 Mass. App. Ct. 24, 27 – 28
(1986);
Pignone v. Santa Anita Manufacturing Corp., 17
Mass. App. Ct. 944, 945 (1983);
Torre v. Harris-Seybold co., 9 Mass. App. Ct. 660,
668 – 673 (1980);
Scott v. Thompson, 5 Mass. App. Ct. 372, 375 – 376
(1977).

INSTRUCTION NO. 5

The Plaintiffs must introduce credible evidence that
the facts they allege are more probably true than not
true and that the negligence of Wal-Mart was the direct
and proximate cause of their injuries and damages.  In
order to recover, the Plaintiff's must show by a
preponderance of the evidence that Wal-Mart breached a
duty owed to them, which breach was the direct and
proximate cause of the damages they have suffered.

A fair preponderance of the evidence does not mean that
a party has to produce more witnesses or a greater
volume of evidence than the other party.  Whether there
is a fair preponderance of the evidence is determined
by the equality of the evidence:  is it more
believable, more trustworthy, is it more accurate,
regardless of the number of witnesses testifying for
either side.

The Plaintiff needs to prove the claims by a
preponderance of the evidence; she need not prove her
case beyond a reasonable doubt, as is necessary in
criminal prosecution.

The Plaintiff is not required to eliminate entirely all
possibility that the Defendant's conduct was not a
cause.  It is enough that the Leaders introduce
evidence from which you, as reasonable persons, may
conclude that it is more probable that the negligent
acts and/or omissions of Wal-Mart were a cause or
contributing factor to their injuries.

The fact of causation is incapable of mathematical
proof, since no person can say with absolute certainty
what would have occurred if the parties had acted
differently.  If, as a matter of ordinary experience, a
particular act or omission might be expected to produce
a particular result, and if that result has in fact
followed, the conclusion is justified that the causal
relation exists.  In drawing that conclusion, you, the
jury, are permitted to draw upon ordinary human
experience as to the probabilities of the case.

Proximate cause does not require that the particular
act which caused the injury be specifically
foreseeable.  Proximate cause only requires that the
general character and probability of the injury be
foreseeable.  Damages are proximately caused by an act,
or a failure to act, whenever it appears from the

evidence in the case, that the act or failure to act probably played a substantial part in bringing about the damage.

If you decide that the Defendant was negligent, you must then consider whether the Defendant's negligent conduct caused the Plaintiff's injuries. Even if you decide that the Defendant was negligent, it is not liable to the Plaintiff unless its negligence caused the Plaintiff's harm.

Restatement (Second) of Torts § 430 (1965).

The Defendant's conduct was a legal cause of the Plaintiff's injuries if it was a substantial factor in bringing it about. Furthermore, to establish causation, the Plaintiff must show that the harm was reasonably foreseeable to a person in the Defendant's position at the time of Defendant's negligence. In other words, the Plaintiff must show that the harm was a natural and probable consequence of the Defendant's negligence and that the harm was more likely due to the Defendant's negligence than to some other cause.

Evangelico v. Metro Bottling Co., 339 Mass. 177, 180, 158 N.E.2d 342, 343-44 (1959); Hill v. Winsor, 118 Mass. 251, 259 (1875).

That the Defendant possibly caused harm is not enough. The Plaintiff must prove that any injury was the foreseeable consequence of an unbroken and continuous series of events, which would not have occurred but for the conduct of Wal-Mart.

Correia v. Firestone Tire and Rubber Co., 388 Mass. 342, 352 (1982);
Jones v. Hayden, 310 Mass. 90, 95 (1941);
Wallace v. Ludwig, 292 Mass. 251, 254 (1935);
LaClair v. Silberline Manufacturing, Co., Inc., 379 Mass. 21, 31 (1979).

If on all credible evidence you find that it is just as reasonable to believe that the proximate cause of the Plaintiff's alleged injury is one for which the Defendant is not liable as one for which it is liable, then you must find for the Defendant.

Morris v. Weene, 258 Mass. 178, 180 (1927).

INSTRUCTION NO. 6

With regard to Plaintiff Lance Leader, if you find that
Wal-Mart was negligent and that its negligence was the
direct and proximate cause of a loss suffered by Lance
Leader, then the Plaintiff Lance T. Leader is entitled
to be compensated for his loss of consortium as a
result of the injuries sustained by his wife.  By "loss
of consortium" the law means the loss, impairment or
diminution of the quality of the relationship between
husband and wife.  "Loss of consortium" entails such
factors as lost income and loss or impairment of the
love, affection, companionship and care between a
married couple.  A spouse's inability, even
temporarily, to assist in household chores, to aid in
taking care of the home, to aid in taking care of
children, to assist her husband in his occupation, to
socialize, to bathe or tend to other matters of
personal hygiene, or to participate in normal marital
sexual activities, in the manner in which was customary
prior to an injury, are the types of factors which
compose "loss of consortium."

INSTRUCTION NO. 7

With regard to Plaintiff Kurtis Leader, if you find
that Wal-Mart was negligent and that its negligence was
the direct and proximate cause of a loss suffered by
Kurtis Leader, the Plaintiff Kurtis Leader is entitled
to be compensated for his loss of parental services or
the interferences and limitation the injuries to
Michele Leader have caused to his relationship with his
mother.  As with this father's claim, a parent's
inability, even temporarily, to participate in normal
parenting roles as were customary prior to any injury
constitutes loss of parental services.  If you find
that the Defendant was negligent, then Kurtis Leader is
entitled to be compensated for any such losses.

INSTRUCTION NO. 8

The Plaintiff is not required to exclude all causes except the Defendant's negligence, and it is sufficient if upon the evidence there is a greater likelihood that the accident was due to its negligence rather than to some other cause.

If on all credible evidence you find that it is just as reasonable to believe that the proximate cause of the Plaintiff's alleged injury is one for which the Defendant is not liable as one for which it is liable, then you must find for the Defendant.

Paulin v. H.A. Tobey Lumber Corp., 337 Mass. 146 (1958);
Morris v. Weene, 258 Mass. 178, 180 (1927).

INSTRUCTION NO. 9

Wal-Mart has alleged that Michele Leader was negligent. You are instructed that the burden of proving any such negligence rests upon Wal-Mart and it must introduce sufficient evidence of the Plaintiff's alleged negligence to overcome the presumption that Ms. Leader was acting in the exercise of due and proper care.

If you find that the Plaintiff was contributorily negligent, that is, that she acted to some degree in a manner showing a failure to exercise due care, than you must determine the total negligence of Wal-Mart and the total negligence of the Ms. Leader and write down these amounts as percentages in Special Verdict Question #5. The total amount of negligence must equal 100%.

If you find that the Plaintiff's negligence was the sole cause of her alleged injury or that the Plaintiff's negligence was greater than the total of any  negligence of the Defendant, then you must return a verdict for the   Defendant.

Massachusetts General Laws, chapter 231, section 85; Correia v. Firestone Tire & Rubber Co., 388 Mass. 3423, 355 (1983).

INSTRUCTION NO. 10

With respect to the Plaintiff Lance Leader's claim for
loss of consortium and the Plaintiff Kurtis Leader's
claim for loss of parental services, you are not to
consider any negligence of the part of the Plaintiff
Michele Leader to reduce compensation to them.   If you
find that Wal-Mart was negligent, and that its
negligence was the direct and proximate cause of harm
to Plaintiffs Lance and Kurtis Leader, then the
Plaintiff Lance Leader and the Plaintiff Kurtis Leader
are entitled to recover the reasonable value of damages
for that harm, regardless of whether or not you find
Michele Leader contributorily negligent for her injury.
The contributory negligence of the Plaintiff Michele
Leader cannot be imputed to nor attributed to the
Plaintiff Lance Leader or the Plaintiff Kurtis Leader
in any way and you cannot reduce or diminish their
recovery because of any contributory fault on her part.

Feltch v. General Rental Co., 383 Mass. 60 (1981).

INSTRUCTION NO. 11

The compensation for personal injury occasioned by the negligence or misconduct of another, and which the law promises, is indemnity, so far as it may be afforded in money, for the losses and damages which a person has suffered.  Some of the elements may be bodily pain, loss of function of a bodily part, loss of time and outlay of money, loss or diminution of earning capacity, and the mental suffering and loss of capacity which may ensue from the injury.

Ballou v. Farnum, 93 Mass. (11 Allen) 73 (1865);
Lewis v. Springfield, 261 Mass. 183 (1927);
Shea v. Rettie, 287 Mass. 454 (1934);
Menard v. Collins, 298 Mass. 40 (1937).

INSTRUCTION NO. 12

If you find that Wal-Mart was negligent, then the Plaintiff Michele Leader is entitled to be awarded monetary compensation for:

A.    Any medical expenses incurred by her or on her behalf as a result of injuries proximately caused by the accident, if the preponderance of the evidence which has been introduced warrants such a result.

B.    In addition, she is entitled to recover for the value of her time if she was incapacitated and unable to perform her usual functions or work and the present and future impairment of her earning capacity.

C.    In addition, she is entitled to recover for any pain and suffering, both mental and physical, and mental and emotional anguish, which you find was due to this accident; you should consider the nature of these injuries and the pain and suffering which you ascribe to the injuries.

D.    You must consider not only the past and present physical and mental condition brought on by this accident, but consider and include in your verdict damages for all future pain and suffering and disability which, on the evidence, you find is probable as a result of her injuries.  Just as the Defendant is entitled to its day in Court, so too is the Plaintiff, and there can be only one recovery, including all damages for the future as well as the past and present.  There is no mathematical formula to arrive at  these elements of damages; unlike the first two elements mentioned where, to a degree, you can arrive readily at a certain sum, the last element is left to be determined by you on the evidence, and in large measure based on your own common sense and experience in life, after considering all the evidence presented in this courtroom.

INSTRUCTION NO. 13

If you find that any of the witnesses have made false
or inconsistent statements regarding their actions or
activities in connection with the events that occurred
on February 1, 2002 as described by the evidence, you
may infer that those false or inconsistent statements
were made out of a consciousness of liability.

McNamara v. Honeyman, 406 Mass. 43 (1989).
Sheehan v. Goriansky, 317 Mass. 10 (1944).

INSTRUCTION NO. 14

In this case, you have heard testimony from witnesses who are referred to as expert witnesses. These are witnesses who, because of their particular training, education, experience, background, in other words, their special expertise, are allowed to express an opinion based on the facts of the case. They are allowed to express an opinion because of their special expertise, to help you, the jury, to accomplish the basic objective of all trials, which is to present the most reliable sources of information before you.

The role of an expert witness is to help the jury understand issues of fact beyond their common experience. Under modern standards expert testimony on matters within witness' field of expertise is admissible whenever it will aid the jury in reaching a decision, even if the expert opinion touches on the ultimate issues that the jury must decide. An expert opinion must be based on either the expert's direct personal knowledge, on evidence already in the record, or which the parties know will be put on the record before the close of the trial, or on a combination of these sources. As long as the facts on which the opinion is based are in evidence, the expert is entitled to offer an opinion which you, the jury, may consider and give weight to as you deem appropriate.

> LaClair v. Silberline Manufacturing Co., 379 Mass. 21, 32 (1979)
> Baker v. Commercial Union Insurance Co., 382 Mass. 347, 351 (1981);
> Simon v. Solomon, 385 Mass. 91, 105 (1982);
> Letch v. Daniels, 401 Mass. 65, 68 (1987);
> Sacco v. Roupenian, 409 Mass. 25, 28-29 (1990);
> Samii v. Baystate Medical Center, Inc., 8 Mass. App. Ct. 911,-912 (1979);
> Simmons v. Yurchak, 28 Mass. App. Ct., 371, 378 (1990)

INSTRUCTION NO. 15

As a retail store, Wal-Mart is not an insurer of the
safety of its patrons.

Cronin v. I.G.A. Foodliner, 55 Mass. App.
Dec. 158.

INSTRUCTION NO. 16

Defendant can only be considered negligent if its agents, servants or employees either:  (1) directly caused the alleged "dangerous condition" to exist, or (2) if it had actual knowledge of the existence of this condition, or (3) if the alleged condition existed on the premises for such a length of  time that defendant, its agents or employees should have reasonably known about it.

Oliveri v. MBTA, 363 Mass. 165, 167 (1973).

INSTRUCTION NO. 17

If you find that the conduct of someone other than the
Defendant was the sole proximate cause of the
Plaintiff's accident, then you must return a verdict
for the defendant.

Correia v. Firestone Tire and Rubber Co., 388
Mass. 342, 352 (1983).

Dated: October 21, 2005

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
 PROFESSIONAL CORPORATION


Richard E. Quinby BBO#545641
Chauncey D. Steele IV BBO#647207
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts  02210
(617) 367-9500


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on October 21, 2005.


Chauncey D. Steele IV

21