

Job Code No. _____

## DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW
ONE MONARCH PLACE, SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900

TELEPHONE (413) 733-3111
TELECOPIER (413) 734-3910

## TELECOPIER COVER SHEET

DATE:   October 20, 2005                              CLIENT NO.:

Please deliver the following page(s) to:

TO:     Richard E. Quinby, Esq.              FAX:      1-617-742-1788

FROM:   John J. McCarthy                     PHONE:

RE:     Leader v. Wal-Mart

Total number of pages (including this cover sheet): 9

*If there are any problems receiving this transmission, please call or our Fax Operator at (413) 733-3111 x363.*

### MESSAGE

**CONFIDENTIALITY NOTICE**

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN INFORMATION FROM THE LAW FIRM OF DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C. WHICH IS CONFIDENTIAL AND/OR LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ON THIS TRANSMISSION SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT DISCLOSING, COPYING, DISTRIBUTING OR TAKING ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED, AND THAT THE DOCUMENT SHOULD BE RETURNED TO THIS FIRM IMMEDIATELY. IN THIS REGARD, IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE TELEPHONE US IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETURN OF THE DOCUMENTS AT NO COST TO YOU. THANK YOU FOR YOUR COOPERATION 286725.1

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.                                             SUPERIOR COURT
                                                         CIVIL ACTION NO. 04-30055-KPN

MICHELE LEADER ET AL,                )
  Plaintiff,                         )
                                     )
                                     )
vs.                                  )   JOINT PRE-TRIAL MEMORANDUM
                                     )
                                     )
WAL-MART STORES, INC. ET AL,         )
  Defendant.                         )

## 1. PLAINTIFF'S EVIDENCE

    a. Plaintiff will introduce evidence of her medical treatment and bills for that treatment totaling approximately twenty-five thousand ($25,000.00) dollars.

    b. The Plaintiff will introduce evidence of the Defendant's rules, regulations and standards regarding trip and fall injuries.

    c. The Plaintiff will introduce evidence of the Defendant's failure to preserve evidence, i.e. videotape of the area of the time and place that the Plaintiff fell.

    d. The Plaintiff will introduce evidence of the configuration of the store in the area where she fell.

    e. The Plaintiff will introduce evidence of statements she gave and reports made by the Defendant's personnel to the Defendant's Claims Management group.

    f. The Plaintiff will introduce evidence of her activities, employment, family and social, prior to and subsequent to her injury.

    g. The Plaintiffs will introduce evidence regarding the changes and disruptions to their lives as a consequence of the Plaintiff Michele Leader's physical injuries.

    h. The Plaintiff will introduce evidence regarding certain admissions and statements made by Wal-Mart employees, including deposition testimony.

## 2. STATEMENT OF FACTS

    Plaintiffs' Statement of Facts

    A. On February 1, 2002 the Plaintiff Michele Leader was a Special education Teacher in the middle school in Westfield, Ma. She is married to the Plaintiff Lance Leader, and together they have a son Kurtis Leader who was a junior in high school. On that day there was a delay on the start of the school day because of inclement weather. After dropping

286538.1

her son off at school, the plaintiff Michele Leader went ot the defendant's store in Westfield, MA to purchase a videotape for use wither her Special Educations students.

At that time the Defendant placed what are described as foul weather mats near the entranceway of the store to collect moisture and water. These were two large mats placed in an overlapping fashion, with the overlap facing the direction of the entranceway. The entranceway also had a video camera which recorded people walking in and out of the store.

At that time, and at all relevant times, the Defendant had very specific standards, rules, protocols and regulations which applied to the Defendant at the location of the Plaintiff's injury. Those rules, regulations, standards and protocols required, among other things, that foul weather mats, such as what were placed in the entranceway not be overlapped and that the ends be taped to the floor with red tape. The Defendant also was clearly aware, and had very specific knowledge that such overlapping mats created a tripping hazard and that tripping hazards were a consistent and significant cause of injuries to customers in its stores. The evidence will be that the Defendant store had no discretion to deviate from the standards, rules and protocols requiring that the mats be taped to the floor in order to prevent tripping of customers.

The Plaintiff Michele Leader entered the store, caught her foot on the overlapped mat, staggered and fell very heavily on her hands and knees. At that time Michele Leader was in a general state of good health and suffered no disabling conditions. She was working full time, and performing all of her family and social functions as a mother, wife and social friend and acquaintance of others. She was also performing all of her responsibilities as a Special Education Teacher in a classroom of children with serious behavioral and emotional control disorders requiring her to be physically involved with her students.

After falling, the Plaintiff Michele Leader was helped by several Wal-Mart employees to a chair, provided certain assistance, gave a statement which was prepared by the manager of the Wal-Mart and then transmitted to the Claims Management Service of Wal-Mart. The plaintiff, with the assistance of Wal-Mart personnel, called her husband so that he could come and retrieve her from the store since she was unable to drive and unable to walk. They also assisted her in contacting her employer, the Westfield school system, informing them that she would not be at school. The Plaintiff was taken from the store in a wheelchair, across the slush covered parking lot, to her husband's vehicle who then transported her to the hospital.

The Plaintiff remained out of work for a period of time, but the injury to her knees did not improve. She sought consultation with Dr. John Corsetti of New England Orthopedic Surgeons who prescribed a regimen of conservative care and pain injections, all to no avail. On October 16, 2002 Dr. Corsetti performed an arthroscopy on the right knee of the Plaintiff. As a consequence of the surgery the Plaintiff suffered a Deep Vein Thrombosis (DVT) which required further treatment by a vascular specialist. Dr. Corsetti has found that the Plaintiff has a ten percent (10%) loss of function in each of her knees as a consequence of her injuries.

The evidence will establish that the Plaintiff continues to suffer from debilitating pain and discomfort from her knees and that the disability from which she suffers has been exacerbated by the development of a fibromyalgia condition that has developed. The Plaintiff

Michele Leader remains unable to return to the level of activity and function she experienced prior to the injury.

    b.    Defendant's Statement of Facts.

### 3. CONTESTED ISSUES OF FACT

1. The Plaintiff Michele Leader alleges that the medical condition of her knees was directly and proximately caused by and/or contributed to by the injuries sustained on February 1, 2002. The Defendant denies causal relationship.
2. The Plaintiff alleges that the Defendant improperly failed to preserve and maintain a videotape which would have depicted and shown the area of the store where the Plaintiff fell and the Plaintiff actually falling. The Defendant denies that it did anything improper.

### 4. JURISDICTIONAL QUESTIONS

None

### 5. QUESTIONS RAISED BY PENDING MOTIONS

1. Plaintiff's Motion in Limine regarding spoliation of evidence and the sanctions for such spoliation.
2. Plaintiff's Motion in Limine regarding the Defendant's experts and limitations regarding the proposed expert testimony.
3. Plaintiff's Motion in Limine regarding the admissibility of the Defendant safety rules, regulations and protocols.

### 6. ISSUES OF LAW

See comments regarding Plaintiff's Motions in Limine above.

### 7. REQUESTED AMENDMENTS

None

### 8. ADDITIONAL MATTERS
None

### 9. PROBABLE LENGTH OF TRIAL

4-5 Days-Jury Trial.

**10      LIST OF WITNESSES.**

a. **Plaintiffs' Witnesses**

The Plaintiffs expect some or all of the following individuals and/or entities to offer evidence, by direct testimony or documentary evidence during the trial of this case.

- 1. Lance Leader, 172 Holyoke Road, Westfield, MA 01085 – fact, damages testimony
- 2. Kurtis Leader, 172 Holyoke Road, Westfield, MA 01085 – fact, damages testimony
- 3. Dianne Walton, friend, Center Street, Ludlow, MA 01056 - fact, damages testimony
  4. Ellen Henriques, friend, Westfield, MA - fact, damages testimony
  5. Ms. Eleanor Cook, Special Education Supervisor, South Middle School, Westfield, Ma. - fact, damages testimony
  6. Mr. Dennis Fahey, Principal, South Middle School, Westfield, Ma. - fact, damages testimony
  7. Dr. John Corsetti, MD, New England Orthopedic Surgeons, 300 Birnie Avenue Springfield, MA. – medical testimony
  8. Dr. Lorraine Mayer-Wolpert Berman, MD, 3500 Main Street, Suite 201 Springfield, MA 01107-1117 - medical testimony
  9. Dr. John D. Kasper, MD, New England Surgical Group, LLP, 401 Chestnut Street, Suite 1, Springfield, MA 01104-3477 - medical testimony
  10. Dr. Armand A. Aliota, MD, 48 East Silver Street, Westfield, MA 01085 - medical testimony
  11. Alliance Imaging, Inc, 46 Jonspin Road, Wilmington, MA 01887 – medical testimony
  12. American Medical Response, 595 Cottage Street, Springfield, MA 01104 - medical testimony
  13. Arthritis Treatment Center, 3377 Main Street, Springfield, MA 01107-1135 – medical testimony
  14. Dr. Bashir Bashiruddin, Family Medicine Associates, 75 Springfield Road Westfield, MA 01085 - medical testimony
  15. Baystate Medical Associates, 3300 Main Street, Springfield, MA 01199 - medical testimony
  16. Baystate Medical Center, 759 Chestnut Street, Springfield, MA 01199- medical testimony
  17. Baystate MRI and Imaging Center,, 330 Main Street, Springfield, MA 01101 - medical testimony
  18. Baystate Pathology Associates, 759 Chestnut Street, Springfield, MA 01199- medical testimony
  19. Dr. Paul Bothner, Family Medicine Associates, 75 Springfield Road Westfield, MA 01085 - medical testimony
  20. Gregg Condon, PT, Physical Therapy Partners, 65 Springfield Road, Westfield, MA - medical testimony
  21. Dr. David J. Desilets, Baystate Medical Associates, 3300 Main Street, Springfield, MA 01199 - medical testimony

286538.1

22. Dr. Henry Drinker, Hampshire Orthopedics and Sports Medicine, Inc., 65 Springfield Road, Westfield, MA 01085 - medical testimony
23. Dr. Bruce Dziura, Life Laboratories, 299 Carew Street, Springfield, MA 01104 - medical testimony
24. Dr. George Reynolds, MD, Family Medicine Associates, 75 Springfield Road, Westfield, MA 01085 - medical testimony
25. Dr. Robert Gray, Arthritis Treatment Center, 3377 Main Street, Springfield, MA 01107-1135 - medical testimony
26. Dr. Don Goldenberg, Newton-Wellesley Hospital, 2000 Washington Street, Suite 304, Newton, MA 02462 - medical testimony
27. Hampden County Physician Associates, LLC, 77 Boylston Street, Springfield, MA 01103 - medical testimony
28. Jack Jury, PT, Physical Therapy Partners, 65 Springfield Road, Westfield, MA 01085 - medical testimony
29. Dr. James Katz, Noble Hospital, 115 West Silver Street, Westfield, MA 01085 - medical testimony
30. Dr. Jeffrey L. Kaufman, The Vascular Laboratory of Western New England, 3500 Main Street, 2nd Floor, Springfield, MA 01107-0126 - medical testimony
31. Dr. Christopher Keroack, Mercy Medical Center, Comprehensive Weight Management Program, 300 Stafford Street, Suite 254, Springfield, MA 01104 - medical testimony
32. Maria Lankowski, MS RNCS, NPC, Family Medicine Associates, 75 Springfield Road, Westfield, MA 01085 - medical testimony
33. Dr. Steve Lee, Baystate MRI and Imaging Center, 330 Main Street, Springfield, MA 01101 - medical testimony
34. The Maple Surgery Center, 298 Carew Street, Springfield, MA 01104 - medical testimony
35. Mercy Medical Center, Comprehensive Weight Management Program, 300 Stafford Street, Suite 254, Springfield, MA 01104 - medical testimony
36. Dr. James Mueller, Baystate Pathology Associates, 759 Chestnut Street, Springfield, MA 01199 - medical testimony
37. Noble Hospital, 115 West Silver Street, Westfield, MA 01085 - medical testimony
38. Noble Hospital Sports and Rehabilitation, 76 Main Street, Westfield, MA 01085 - medical testimony
39. Physical Therapy Partners, 65 Springfield Road, Westfield, MA 01085 - medical testimony
40. Dr. David Peterson, Noble Hospital, 115 West Silver Street, Westfield, MA 01085 - medical testimony
41. Dr. David J. Pierangelo, Hampden County Physician Associates, LLC, 77 Boylston Street, Springfield, MA 01103 - medical testimony
42. Quest Diagnostics, Nichols Institute, 14225 Newbrook Drive, Chantilly, VA 20153 - medical testimony
43. Dr. John F. Wilinsky, Noble Hospital, 115 West Silver Street, Westfield, MA 01085 - medical testimony

286538.1

44. Dr. Armand Aliotta, 48 East Silver Street, Westfield, MA 01085 - medical testimony
45. Footit Surgical Supply, 340 Memorial Avenue, West Springfield, MA - medical testimony
46. New England Surgical Group, Dr. John Kasper, Springfield, MA - medical testimony
47. Springfield Anesthesia Service, Inc., 908 Allen Street, Springfield, MA 01118 - medical testimony
48. Webb Family Chiropractic, Westfield, MA - medical testimony
49. Don Byram, 82 Devon Terrace, Westfield, Ma. - fact, damages testimony
50. Juanita Slaughter, 419 Westfield Dr., Westfield, Ma. - fact, damages testimony
51. Linda Gacona, 60 Highland Street, Feeding Hills, Ma. - fact, damages testimony
52. Westfield Public Schools, 22 Ashley Street, Westfield, Ma. - fact, damages testimony
53. Michele Leader, 172 Holyoke Rd., Westfield, Ma. - fact, damages testimony
54. Norma Forney, 115 Alice Burke Way, Westfield, Ma. – fact, damages testimony
55. Gregory Forney, 176 Main St., Wallingford, Ct. – fact, damages testimony
56. Patricia Leader, 1588 East Mountain Rd., Westfield, Ma. – fact, damages testimony
57. Denette Shea, 132 East St., Southampton, Ma. – fact, damages testimony

b. **Defendants' Witnesses**

## 11. LIST OF EXHIBITS

a. **Plaintiff's Exhibits.**

The Plaintiffs may offer some or all of the following items into evidence:
1. Claim Report #L211156 prepared by Don Byram
2. Tape recording and transcript of tape recording of telephone interview of Michele Leader regarding the fall on February 1, 2002.
3. Employment records of Westfield Public Schools of Michele Leader
4. Diagram/Floor plan of Westfield Wal-Mart Store
5. Video tape testimony of Dr. Lorraine Wolpert Berman and exhibits
6. Video tape testimony of Dr. John Corsetti and exhibits
7. Wal-Mart Risk Control document (Byram Ex. 3)
8. Wal-Mart Risk Control document (Byram Ex. 4)
9. Wal-Mart Risk Control document (Byram Ex. 5)
10. Wal-Mart Risk Control document (Byram Ex. 6)
11. Wal-Mart Risk Control document (Byram Ex. 7)
12. Wal-Mart Risk Control document (Byram Ex. 8)
13. Wal-Mart Risk Control document (Byram Ex. 9)
14. Wal-Mart Risk Control document – WM133878C000101
15. Wal-Mart Risk Control document – WM133878C000088

16. Wal-Mart Risk Control document – WM133878C000051
17. Wal-Mart Risk Control document – WM133878C000055
18. Wal-Mart Risk Control document – WM133878C000056
19. Wal-Mart Risk Control document – WM133878C000057
20. Wal-Mart Risk Control document – WM133878C000087
21. Wal-Mart Risk Control document – WM133878C001422-1442
22. Records and Reports of Medical Treatment and Bills rendered to Michele Leader (the Plaintiff is preparing a separate package of the bills and records which will be delivered to the Defendant's counsel for review.)

b. **Defendant's Exhibits.**

THE PLAINTIFFS
MICHELE LEADER, ET ALS

---

John J. McCarthy, Esquire
Doherty, Wallace, Pillsbury
 & Murphy, P. C.
One Monarch Place
1414 Main Street
Springfield, Massachusetts 01144
(413) 733-3111
BBO # 328280

THE DEFENDANT
WAL-MART STORES, INC.

BY:_____
Richard E. Quinby, Esq.
Craig & Macauley, PC
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Ma. 02210

-8-

286538.1

TOTAL P.09