UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION



|  |  |
|---|---|
| MICHELE LEADER, LANCE LEADER, KURTIS LEADER, PPA LANCE LEADER,<br><br>Plaintiffs<br><br>v.<br><br>WAL-MART STORES, INC. and WAL-MART STORES EAST, LP,<br><br>Defendant. | Civil Action No. 04-30055-KPN |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE FOR SANCTIONS DUE TO SPOLIATION

Defendant Wal-Mart Stores East, LP ("Wal-Mart") hereby files this Opposition to the Plaintiffs' Motion *in Limine* for Sanctions Due to Spoliation, stating as follows:

As explained in Wal-Mart's Motion *in Limine* Regarding Alleged Video Evidence, which was filed with the Court on October 21, 2005, not only is there no evidence that Wal-Mart destroyed the alleged video evidence in this case, but there is undisputed credible evidence that the alleged video evidence *never existed*. In short, given that Plaintiffs are unable to make a showing that the alleged video evidence ever existed, much less that Wal-Mart had notice of such evidence and proceeded to destroy it, no adverse inference regarding spoliation is appropriate in this case. See Schmid v. Milwaukee Electric Tool Corporation, 13 F.3d 76 (3d Cir. 1994) (quoting Nation-

wide Check Corp. v. Forest Hills Distributors, Inc., 692 F.2d 214, 218 (1st Cir. 1982), and enunciating the rationale for the "spoliation inference" as "nothing more than the common sense observation that a party who has notice that [evidence] is relevant to litigation and who proceeds to destroy [evidence] is more likely to have been threatened by [that evidence] than is a party in the same position who does not destroy the document.") Wal-Mart hereby adopts and incorporates herein its Motion *in Limine* Regarding Alleged Video Evidence because it more fully discusses the evidentiary and legal support for Wal-Mart's position.

WHEREFORE, Defendant Wal-Mart respectfully requests that the Court deny Plaintiffs' Motion *in Limine* for Sanctions Due to Spoliation, issue an Order *in limine* prohibiting any reference to the alleged videotape evidence in this matter, and make such other rulings as the Court deems just and proper.

Dated: October 25, 2005            Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
PROFESSIONAL CORPORATION

Richard E. Quinby BBO#545641
Chauncey D. Steele IV BBO#647207
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500

2

## RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Plaintiff's counsel, John J. McCarthy on October 21, 2005 and that I attempted in good faith to resolve this issue.

_____
Chauncey D. Steele IV


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on October 25, 2005.

_____
Chauncey D. Steele IV