UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| MICHELE LEADER, LANCE LEADER, KURTIS LEADER, PPA LANCE LEADER,<br><br>Plaintiffs<br><br>v.<br><br>WAL-MART STORES, INC. and WAL-MART STORES EAST, LP,<br><br>Defendant. | Civil Action No. 04-30055-KPN |

DEFENDANT'S LIMITED OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE REGARDING ADMISSIBILITY OF
DEFENDANT'S RULES, REGULATIONS AND SAFETY MATERIALS

Defendant Wal-Mart Stores East, LP ("Wal-Mart") hereby files this Limited Opposition to the Plaintiffs' Motion *in Limine* Regarding Admissibility of Defendant's Rules, Regulations and Safety Materials, stating as follows:

Wal-Mart does not object to the admissibility of its rules, regulations, and safety materials provided that said rules, regulations, and safety materials are relevant to the Plaintiffs' claims. Of course, Wal-Mart does not know which particular rules, regulations, and safety materials the Plaintiffs' intend to offer so Wal-Mart cannot specify which rules, regulations, and safety materials

it must object to at this time. Wal-Mart reserves the right to object to those rules, regulations, and safety materials that are not relevant and material to the issues raised in this case. Should any of its rules, regulations, and safety materials ultimately be admitted into evidence, Wal-Mart requests that the Court issue the following instruction to the jury:

<u>INSTRUCTION NO. 4</u>

You have heard and received evidence about customer safety standards, rules and regulations adopted and promulgated by Wal-Mart. If you find that Wal-Mart's employees followed their safety standards, rules and regulations, then you should find that Wal-Mart acted with due care with regard to its safety standards, rules and regulations. If you find that Wal-Mart's employees violated Wal-Mart's safety standards for customers, you may consider any such violation to be evidence of negligence by Wal-Mart as to any consequence or injury to a customer that the standards, rules and regulations were intended to prevent. The law provides that any person or entity may voluntarily assume a duty that would not otherwise be imposed on it, and thus may voluntarily assume a duty to provide specific safety measures to protect customers from trip and fall hazards and injuries. In Massachusetts, a duty voluntarily assumed must be performed with due care. If a person voluntarily assumes a duty or undertakes to follow rules or procedures seen as necessary for the protection of another, then that person may be held liable for any harm caused because of the negligent performance of the undertaking.

You must bear in mind that any failure to follow a policy or procedure, while evidence of negligence, does not equal negligence and does not amount to liability without proof that such violation was causally connected to the alleged injury.

<blockquote>
<u>The T.J. Hooper</u>, 60 F. 2d 737, 740 (2nd Cir. 1932);<br>
<u>Cottam v. CVS Pharmacy</u>, 436 Mass. 316, 323 - 324 (2002);<br>
<u>Hullum v. Commonwealth</u>, 396 Mass. 1009 (1986) (rescript);
</blockquote>

<u>Afienko v. Harvard Club of Boston</u>, 365 Mass. 320, 330 – 333 (1974);
<u>Falvey v. Hamelburg</u>, 347 Mass. 430 (1964);
<u>Fidalgo v. Columbus McKinnon Co.</u>, 56 Mass. App. Ct. 176, 184 – 185 (2002);
<u>Hopkins v. Medeiros</u>, 48 Mass. App. Ct. 600, 613 – 614 (2000);
<u>Bergendahl v. Massachusetts Electric Co.</u>, 45 Mass. App. Ct. 715, 720 – 721 (1998);
<u>Herson v. New Boston Garden Corp.</u>, 40 Mass. App. Ct. 779, 792 – 793 (1996);
<u>Resendes v. Boston Edison Co.</u>, 38 Mass. App. Ct. 344, 358 (1995), further app. rev. denied, 420 Mass. 1105 (1995);
<u>Thurston v. Ballou</u>, 23 Mass. App. Ct. 737 (1987);
<u>Rice v. James Hanrahan & Sons</u>, 20 Mass. App. Ct. 701, 704 (1985);
<u>Johnson v. Boston</u>, 22 Mass. App. Ct. 24, 27 – 28 (1986);
<u>Pignone v. Santa Anita Manufacturing Corp.</u>, 17 Mass. App. Ct. 944, 945 (1983);
<u>Torre v. Harris-Seybold co.</u>, 9 Mass. App. Ct. 660, 668 – 673 (1980);
<u>Scott v. Thompson</u>, 5 Mass. App. Ct. 372, 375 – 376 (1977).

Dated: October 25, 2005

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
PROFESSIONAL CORPORATION

Richard E. Quinby BBO#545641
Chauncey D. Steele IV BBO#647207
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500

## RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Plaintiff's counsel, John J. McCarthy on October 21, 2005 and that I attempted in good faith to resolve this issue.

_____
Chauncey D. Steele IV

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on October 25, 2005.

_____
Chauncey D. Steele IV