UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| MICHELE LEADER, LANCE LEADER, KURTIS LEADER, PPA LANCE LEADER,<br><br>       Plaintiffs<br><br>v.<br><br>WAL-MART STORES, INC. and WAL-MART STORES EAST, LP,<br><br>       Defendant. | Civil Action No. 04-30055-KPN |

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE TO EXCLUDE OR DELIMIT THE
DEFENDANT'S VOCATIONAL AND MEDICAL EXPERT WITNESSES

Defendant Wal-Mart Stores East, LP ("Wal-Mart") hereby files this Opposition to the Plaintiffs' Motion *in Limine* to Exclude or Delimit the Defendant's Vocational and Medical Expert Witnesses, stating as follows:

*BACKGROUND*

The written report of Kirk H. Johnson, M.D., which is the central focus of Plaintiffs' motion *in limine*, was produced by Dr. Johnson in November 21, 2004 at the request of Wal-Mart's counsel. Dr. Johnson is a reputable orthopedic surgeon practicing in Worcester area, and his report, which is attached hereto as

Exhibit 1, was the culmination of an extensive review of Michelle Leader's medical records. Shortly after issuing his report, which Wal-Mart's counsel promptly supplied to Plaintiffs' counsel pursuant to Fed. R. Civ. P. 26(a)(2), Dr. Johnson offered to conduct an independent medical examination of the Plaintiff under Fed. R. Civ. P. 35. At the same time, Dr. Johnson indicated that, despite the conclusions he reached after reviewing Ms. Leader's medical records, his examination would be truly independent, and he specifically requested that counsel for the parties not be present to ensure that this was the case.

On January 25, 2005, in response to Wal-Mart's request that Ms. Leader be examined, Plaintiffs' counsel agreed to the examination "in principle" but requested certain information including the name of the physician conducting the examination, the nature of the examination, and the location of the examination. This information was promptly supplied to Plaintiffs' counsel.

When an agreement on the demands of the Plaintiffs could not be reached, Wal-Mart was left with no choice but to resort to motion practice (as the Court may recall). During said motion practice, one of the main sticking points was Plaintiffs' counsel's insistence that someone from his office be permitted in the room during the examination, and Dr. Johnson's insistence that

counsel's presence would compromise the integrity of the examination. The Court ultimately agreed with Wal-Mart that it was not appropriate for counsel to be in the examination room, but it issued an order permitting a non-attorney monitor to be present. Dr. Johnson indicated that this was fine with him provided that the monitor was a member of Ms. Leader's immediate family. Ultimately, however, Plaintiffs' counsel refused to confirm that the monitor would be a family member and would only offer that it "might" be. This forced Wal-Mart's counsel into having to find a second doctor to perform an examination of the Plaintiff. This doctor, Thomas P. Goss, M.D., ultimately conducted an examination, prepared a report, and is presently prepared to testify regarding his findings. Plaintiffs' counsel was supplied with Dr. Goss's report on June 29, 2005.

*ARGUMENT*

Whether or not the Court were to find that the written report of Dr. Johnson is hearsay, Plaintiffs' Motion *in Limine* to Exclude or Delimit the Defendant's Vocational and Medical Expert Witnesses should be denied for two reasons: 1) the opinions of Wal-Mart's experts are not based on the opinion of Dr. Johnson; and 2) even if they were, their opinions would still be admissible under Rule 703 of the Federal Rules of Evidence.

*The Opinions of Wal-Mart's Experts Are Not Based on the Opinion of Kirk H. Johnson, M.D.*

Plaintiffs' Motion *in Limine* to Exclude or Delimit the Defendant's Vocational and Medical Expert Witnesses should be denied because the opinions of Wal-Mart's experts are not based on the opinion of Kirk H. Johnson, M.D. Of course, Wal-Mart's vocational expert, Amy E. Vercillo, relied on Dr. Johnson's report when she drafted her report because Dr. Johnson's report was the only medical report available at the time discussing the effects of Ms. Leader's alleged accident at Wal-Mart. See Affidavit of Amy E. Vercillo (attached hereto as Exhibit 2). Nevertheless, she has since had the opportunity to review the report of Thomas P. Goss, M.D., and his report is consistent with that of Dr. Johnson and currently serves as the basis for her opinion. See id. Furthermore, Ms. Vercillo, at present, relies on Dr. Goss's report and will rely on it when she gives her opinion at trial. See id.

As for Wal-Mart's medical expert, Thomas P. Goss, M.D., although he reviewed Dr. Johnson's report in conducting his review of Michelle Leader's medical history, he did not *rely* upon it in forming his opinion or creating his report, as Plaintiffs suggest. See Affidavit of Thomas P. Goss, M.D. (attached hereto as Exhibit 3). In fact, Dr. Johnson's report only served to confirm Dr. Goss' independently-arrived-at opinion. See id. Moreover, Dr. Goss, has always relied on his own observations, experience, and

4

medical training and will do so when he presents his opinion at trial. See id.

*Even If Exposed to Inadmissible Hearsay, The Opinions of Wal-Mart's Experts Are Still Admissible Under Rule 703*

Plaintiffs' Motion *in Limine* to Exclude or Delimit the Defendant's Vocational and Medical Expert Witnesses should also be denied because, even if the opinions of Wal-Mart's experts have been exposed to inadmissible hearsay, those opinions are still admissible under Rule 703 of the Federal Rules of Evidence.

Rule 703 provides, in relevant part:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. Fed. R. Evid. 703 (2005).

Accordingly, Wal-Mart, as a proponent of expert testimony in this case, need only make two showings under Rule 703. First, Wal-Mart must show that its experts relied on facts or data of the type relied upon by experts in the field, which it will be able to do through the testimony of its experts. Second, Wal-Mart must show that this reliance was reasonable, which it will also be able to do given that there is nothing inherently unreliable about Dr. Johnson's report.

WHEREFORE, Defendant Wal-Mart respectfully requests that the Court deny Plaintiffs' Motion *in Limine* to Exclude or Delimit the

Defendant's Vocational and Medical Expert Witnesses and make such other rulings as the Court deems just and proper.

Dated: October 25, 2005

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
PROFESSIONAL CORPORATION

_____
Richard E. Quinby BBO#545641
Chauncey D. Steele IV BBO#647207
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500


## RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Plaintiff's counsel, John J. McCarthy on October 21, 2005 and that I attempted in good faith to resolve this issue.

_____
Chauncey D. Steele IV


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on October 25, 2005.

_____
Chauncey D. Steele IV