UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

MICHELE LEADER, ET ALS   )
    Plaintiffs   )
        )
v.   )   Civil Action No. 04-30055-KPN
        )
WAL-MART STORES, INC., ET AL)
    Defendants   )
        )

### Plaintiffs Opposition to Defendant's Motion *In Limine* Regarding Surprise Witnesses

The Plaintiffs oppose the Defendant's Motion *In Limine* regarding so-called surprise witnesses. The Defendant identifies four (4) allegedly "surprise" witnesses who were in fact identified in the Plaintiff Michele Leader's Supplemental Responses to Interrogatories, served on the Defendant's counsel twice – once on May 23, 2005 and once on June 1, 2005. (*See* Exhibit 1 attached hereto and incorporated by reference).

As can be seen, Supplemental Answer 3 identifies Dianne Walton, Ellen Henriques, Eleanor Cook and Dennis Fahey as potential witnesses.[1] The Defendant has not deposed any of these individuals, nor has the Defendant inquired about doing so. They are friends or work colleagues of the Plaintiff and will be called to testify about their observations of the Plaintiff, both before and after Wal-Mart injured her.

The remaining "surprise" witnesses are family members of the Plaintiffs, one of whom, Patricia Leader, was identified during depositions has having assisted in moving Michele Leader from the Wal-Mart facility into her car. (*See* Lance Leader deposition p. 14, L 1 to L 9; P. 15, L18 to L23). Of the remaining, Norma Forney and Gregory Forney are Ms. Leader's siblings, and Denette Shea is Mr. Leader's sister. They were listed as

---

[1] The Defendant's representation that no supplementation has been made is perplexing since it was made twice – the second in response to a similar comment about an expert witness.

287240.1                                                                                                                1

witnesses for trial purposes to possibly testify about their observations of the changes in Ms. Leader and the impact of her injuries on the family unit.

In the circumstances of this case, that is that the Defendant has not sought to take the deposition of any person other than the direct Plaintiffs, and in those depositions did not inquire as to any interactions or reactions by others, the Defendant is hard pressed to claim prejudice at this point in time. The Plaintiffs submit that the first four witnesses, and Patricia Leader, have been clearly identified prior to the Pre-Trial Memorandum and that the others are witnesses who the Defendant would not have pursued any further discovery about if they had been identified weeks or months earlier.

Wherefore, the Plaintiffs respectfully request that the Defendants' motion be denied.

THE PLAINTIFFS
MICHELE LEADER, ET AL

Date: 10/26/05    By: _____
John J. McCarthy, Esquire
Doherty, Wallace, Pillsbury, and Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Telephone: 413-733-3111
Facsimile: 413-734-3910
BBO# 328280

287240.1                                                                                                    2

## CERTIFICATE OF SERVICE

      I, John J. McCarthy, Esquire, Counsel of Record, do hereby certify that I made service of the foregoing document by mailing a copy of same, postage prepaid, first class mail, to:

Chauncey D. Steele IV, Esq.
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Date: 10/26/05

John J. McCarthy, Esq.