```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
                          WESTERN DIVISION
```

|  |  |
|---|---|
| MICHELE LEADER, LANCE LEADER, KURTIS LEADER, PPA LANCE LEADER,<br><br>       Plaintiffs<br><br>v.<br><br>WAL-MART STORES, INC. and WAL-MART STORES EAST, LP,<br><br>       Defendant. | Civil Action No. 04-30055-KPN |

## DEFENDANT'S TRIAL BRIEF

Pursuant to Local Rule 16.5(F), Defendant Wal-Mart Stores East, LP ("Defendant") hereby submits this Trial Brief stating as follows:

### FACTS

Plaintiff Michelle Leader, her husband, Lance Leader, and her son, Kurtis Leader, have brought an action against Wal-Mart alleging that, on February 1, 2002, Mrs. Leader tripped and fell on allegedly overlapping bad weather rugs a number of steps inside the entrance to the Westfield, Massachusetts Wal-Mart Store. She further alleges that, as a direct result of her alleged accident, she has suffered a multitude of maladies stemming from the trauma to both of her knees.

ARGUMENT

Plaintiffs cannot provide any credible evidence to show that Michelle Leader sustained personal injury as a result of Defendant's negligence. They cannot offer any evidence of a hazardous condition, let alone a condition that Defendant created, knew about, or should have corrected. Further, to the extent that the overlapping bad weather mats represented a hazardous condition, it was an open and obvious one, which absolves the Defendant of any duty to warn of it or provide a remedy for it.

It is well established in Massachusetts that the mere happening of an accident resulting in injury is neither evidence of negligence nor a proper basis for the inference that anyone was negligent. Olofsen v. Kilgallan, 362 Mass. 803 (1973); Tamanjo v. Conley, 322 Mass. 218 (1948). Plaintiffs have the burden of proving, by means of affirmative and credible evidence, that the alleged accident and alleged injuries were caused by some act or omission of the Defendant. Battista v. F.W. Woolworth Co., 317 Mass. 179 (1944). That is, to the extent that Plaintiffs allege the existence of a hazardous condition, they must submit evidence to support that allegation. Battista, 317 Mass. at 179.

In addition, although it is also well established in Massachusetts that a property owner owes its customers a duty to keep its premises reasonably safe for their use and enjoyment, Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 264

(1961), a property owner is not an insurer of its customer's safety. In short:

> Where, without action for which [the property owner] is responsible, a dangerous condition arises, the law allows [the property owner] reasonable opportunity to become informed of the danger and to take measures to remedy it. [The property owner] is not liable, in such a case, unless [it] is negligent in failing to inform [itself] and to take appropriate action.

Id. at 264 (citation omitted). That is, even if the Plaintiffs can show the existence of a hazardous condition, the Defendant cannot be found liable absent a showing that its employees knew of the alleged hazardous condition or, alternatively, that the hazard was present for such a period of time that the property owner, in the exercise of reasonable care, should have been aware of its presence and taken steps necessary to remove it or warn of it. Id. at 265.

In the instant action, there is no credible evidence to support Mrs. Leader's contention that she was injured due to a hazardous condition on the Defendant's property. There is nothing inherently dangerous about the Defendant's bad weather mats with heavy rubber borders, and a retailer cannot be charged with negligence for placing said mats in its store for the convenience and safety of its customers during wet weather. Further, Plaintiffs have not alleged that the offending mats were defective in any way and, if so, that Defendant knew or should have known about any defect.

Absent a showing of a defective condition, Plaintiffs' action should fail. Plaintiff cannot establish that Defendant

3

created a defect or that Defendant knew or should have known of the existence of a defective condition and failed to take appropriate actions to remove the defect.  Further, Plaintiffs cannot establish that Wal-Mart could have reasonably foreseen that the bad weather mats with heavy rubber borders were dangerous - especially given that they successfully soaked up the water that customers tracked into the store from outside.  Without question, Plaintiffs' inability to establish these critical legal elements should prove fatal to their claim for negligence.

Finally, even if the Court were to find that the allegedly overlapping bad weather mats represented a hazardous condition in this case and that Defendant knew or should have know about it and should have warned the Plaintiff, it should still find that the Plaintiff was the primary cause of her accident.  See M.G.L. c. 231 § 85 (barring the plaintiff's recovery in negligence actions where the plaintiff's negligence is greater than 50% of the total negligence).  Here, even if one takes all of the Plaintiff's allegations as true, she tripped and fell on a dark colored weather mat, which a reasonable customer in the exercise of due care should have been able to notice and negotiate.  Thus, Mrs. Leader should be found to the primary cause of her accident, and Plaintiffs should be barred from recovery in this case.

## CONCLUSION

Plaintiffs have failed to present sufficient credible evidence to show that Defendant breached any duty of care it owed

to them. Specifically, Plaintiffs have failed to demonstrate that their alleged injuries were caused by a defective condition caused by Defendant or a defective condition known or knowable to Defendant.

Dated: November 9, 2005                Respectfully submitted,

                                             WAL-MART STORES EAST, LP

                                             By its attorneys,

                                             CRAIG AND MACAULEY
                                               PROFESSIONAL CORPORATION

                                           Richard E. Quinby, (BBO #545641)
                                           Chauncey D. Steele IV, (BBO #647207)
                                           Craig and Macauley
                                            Professional Corporation
                                           Federal Reserve Plaza
                                           600 Atlantic Avenue
                                           Boston, Massachusetts 02210
                                           (617) 367-9500

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was mailed to the attorney of record for each other party November 9, 2005.

                                             Chauncey D. Steele IV