UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

```
                                    )
MICHELE LEADER, LANCE               )
LEADER, KURTIS LEADER,              )
PPA LANCE LEADER,                   )    Civil Action No. 04-30055-KPN
                                    )
        Plaintiffs                  )
                                    )
v.                                  )
                                    )
WAL-MART STORES, INC.               )
and WAL-MART STORES EAST,           )
LP,                                 )
                                    )
        Defendant.                  )
                                    )
```

### DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF PLAINTIFFS' CASE

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure Defendant Wal-Mart Stores East, LP ("Defendant") hereby moves this Honorable Court for Judgment as a Matter of Law in its favor with respect to all counts in Plaintiffs' Complaint. In support of this Motion, Defendant states that, after the close of Plaintiffs' evidence and upon the facts and the law, Plaintiffs have failed to establish the elements necessary to recover against Defendant as a matter of law.

In further support, Defendant incorporates by reference its previously-filed Trial Brief. Moreover, any additional grounds set forth in the oral argument on this motion are herein incorporated by reference as if fully set forth herein. Defendant further states as follows:

FACTS

The evidence has shown that, on February 1, 2002, Michelle Leader reported that she tripped and fell a number of steps inside the front entrance of the Westfield Wal-Mart Store. The evidence has also shown that Mrs. Leader was not seriously injured on February 1, 2002. Mrs. Leader complained of knee pain immediately after the accident, but she had suffered from knee pain prior to February 1, 2002 and, in fact, was already a candidate for knee surgery due to the wear and tear on both of her knees caused by years of obesity. Ms. Leader was 5'3" and weighed approximately 280 pounds at the time of the accident. The emergency room record from that day notes that Mrs. Leader merely suffered contusions to both of her knees, and all of the tests on her knees were normal.

ARGUMENT

In the instant action, there is no credible evidence to support Plaintiffs' contention that Michelle Leader was injured due to a defective condition on Defendant's property. There is nothing inherently dangerous about bad weather mats with heavy rubber borders, and a retailer cannot be charged with negligence for placing such mats in its store for the convenience and safety of its customers during wet weather. Cf. Gallant v. Indian Ranch, Inc., 2002 Mass. App. Div. 12, 14 (2002) ("The natural surroundings of pine trees with exposed roots in a picnic grove, is not a dangerous condition that would impose on a landowner the duty to warn lawful visitors of any unreasonable danger.");

2

Goldberg v. F.W. Woolworth Co., 1992 Mass. App. Div. 230, 232 (1992) (upholding verdict for a retailer where the plaintiff was allegedly struck by boxes of window shades after finding that "[c]ardboard boxes are not inherently dangerous, and the report is devoid of any evidence as to the number, size, weight, stacking or placement of the window shade boxes which would permit an inference that the location of the boxes along one side of the store aisle constituted a condition dangerous to the defendant's store patrons"); Abraham v. E. H. Porter Constr. Co., 354 Mass. 757, 758 (1968) (holding that cut timber at a construction site was not inherently dangerous). Without question, the mere placing of rugs inside the store during bad weather to prevent customers from slipping was not a negligent act on the part of Wal-Mart. Cf. McGowan v. Monahan, 199 Mass. 296, 299 (1908) ("Placing a mat in a common passageway before the outer door of a tenement leading out of it is as a matter of common experience usual and ordinary and is a thing which all using the passageway must be taken to expect, and no warning is necessary when it is first done.") Further, Plaintiffs have not alleged that the offending mats were defective in any way, and the Customer Incident Report for Mrs. Leader's accident clearly states that there were no defects or obstructions present immediately after the accident.

Moreover, Plaintiffs have failed to provide sufficient evidence about how the offending rugs overlapped to warrant a finding of negligence. Falvey v. Hamelburg, 347 Mass. 430, 435

3

(1964) (recognizing that, to recover for a breach of duty, it is incumbent upon plaintiffs to establish that their injuries were proximately caused by a defect or dangerous condition in the defendant's store which was attributable to a negligent act or omission of the defendant's). Notably, Mrs. Leader cannot explain how the offending rugs came to be overlapping, how long they were overlapping prior to her accident, or the nature of their overlapping. The lack of all of this evidence necessarily results in a lack of evidence of negligence. To be sure, based on Mrs. Leader's own description of the accident, it is impossible to know whether the alleged overlapping was a defective condition and one of which Wal-Mart was on notice. Thus, Plaintiffs have failed to carry their burden of proving negligence.

Even if the Court were to somehow find based on the limited record that overlapping bad weather rugs represented a trip hazard, the condition of the mats was an open and obvious one, about which Wal-Mart had no duty to warn. See Laterza v. Buehler, 12 Mass. L. Rep. 203 (Mass. Super. Ct. 2000) (dismissing plaintiff's complaint, which alleged that she fell off of a plastic bench with no handrails on defendant's property, because it was an open and obvious danger); Robinson v. Ipswich Post 1093, V. F. W., Inc., 343 Mass. 771 (1961) (upholding a directed verdict for the defendant where the plaintiff alleged that he slipped and fell on defendant's over-waxed dance floor because "[a] highly polished surface is to be expected on dance hall

4

floors" and "[t]here is no duty to warn when the condition is obvious." Similarly, the alleged overlapping bad weather mats at the Westfield Wal-Mart on the day of Mrs. Leader's alleged accident would have been open and obvious to any customer who visited that day because they were dark in color with thick black rubber borders, and the linoleum floor tiles upon which they were arranged were white.

Not only is there no evidence that the offending mats were defective, but there is no evidence that Wal-Mart knew or should have known about a defect. See Silvia v. Woodhouse, 356 Mass. 119, 122 (1969) (noting that a place of public accommodation "is bound to exercise reasonable care to keep the premises in a reasonably safe condition for the use of the patrons and to warn them of the dangers which [it] knew or ought to have known they might encounter there and of which they could not reasonably be expected to know.") Not only did the overlapping bad weather mats not pose a latent hazard in this case, but none of Wal-Mart's associates or management were on notice of any dangerous condition on the date of Ms. Leader's alleged accident. Goldberg, 1992 Mass. App. Div. at 232 ("Even assuming arguendo that the boxes were in some manner dangerous, the plaintiffs failed to introduce any evidence that the defendant or its employees created the dangerous condition, were actually aware of it or had sufficient time to discover and remedy it before the plaintiff's mishap.") Significantly, there is no record of any other customers tripping and falling on mats on the day of Ms.

Leader's alleged accident - or any other time for that matter. Given that an average of 1.8 million customers walk into the Westfield Wal-Mart each year, and no one had tripped and fallen in the entire year in question (or in the preceding two years), the Westfield Wal-Mart was certainly not on notice of a problem.

## CONCLUSION

Plaintiffs have failed to present sufficient credible evidence to show that Defendant breached any duty of care it owed to them. Specifically, Plaintiffs have failed to demonstrate that their alleged injuries were caused by a defective condition caused by Defendant or a defective condition known or knowable to Defendant.

Dated: November 17, 2005        Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
PROFESSIONAL CORPORATION

Richard E. Quinby, (BBO #545641)
Chauncey D. Steele IV, (BBO #647207)
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on November 17, 2005.

                                        Richard E. Quinby