UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELE LEADER, LANCE LEADER, )
and KURTIS LEADER ppa LANCE )
LEADER, )
             Plaintiffs )
)
)
v. ) Civil Action No. 04-30055-KPN
)
)
WAL-MART STORES EAST, LP )
             Defendant )

JURY INSTRUCTIONS
November 18, 2005

1. It is now my duty to instruct you as to the law which applies to this case. I urge you to pay close attention. You will also have a copy of the instructions in the jury room with you. The instructions cover four subject areas -- general comments; evidence; the burden of proof; and the elements of the case.

## I. GENERAL COMMENTS

2. You have been chosen and sworn as jurors to try the issues of fact presented in this case by the complaint of Michele, Lance and Kurtis Leader (sometimes referred to together as "Plaintiffs"), and by the answer of Wal-Mart Stores East, LP (sometimes referred to as "Wal-Mart" or "Defendant"). You are to perform your duty without bias or prejudice to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences.

3. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

4. It is also your duty as jurors to follow the law as stated in my instructions and to apply the rules of law to the facts as you find them from the evidence. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

5. Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion might be. It is not my function to determine the facts. It is yours.

6. During the course of the trial, I have occasionally asked questions of a witness in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions may have related.

7. As I indicated in my instructions at the beginning of the case, it is the duty of each attorney to object when the other side offers testimony or evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections or because of my ruling on any objection.

## II. EVIDENCE

8. Statements and arguments of counsel are not evidence in the case.

9. Similarly, any evidence as to which I sustained an objection, and any evidence I ordered stricken, must be entirely disregarded by you in your deliberations.

10. In addition, unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

11. As I previously explained, there are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts. One is direct evidence--such as the testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accord with the preponderance of all the evidence, both direct and circumstantial.

12. The evidence in this case consists of the sworn testimony of the witnesses, including interrogatories and deposition testimony read to you, regardless of who may have called them; all exhibits and photographs received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts and evidence which may have been judicially noticed.

13. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial I have sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, have instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question nor may you speculate as to what the witness would have said if the witness had been permitted to answer the question.

14. In determining what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony. There is no magical formula by which one may evaluate testimony. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given. You should carefully scrutinize the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. In addition, in your consideration of the evidence, you are permitted to draw such reasonable inferences as seem justified in the light of your experience.

15. Finally, the rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining whether a fact in issue is more likely true than not true, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters. Expert opinion, however, must be based on the expert's direct personal knowledge, or evidence in the record, or facts or data reasonably relied upon by experts in their particular field in forming opinions or inferences. An expert's opinion cannot be based on speculation, conjecture or surmise.

16. You should consider the expert opinions received in evidence in this case and give them such weight as you think they deserve. If you should decide that the opinion of the expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the expert's opinions are not sound, or that the opinions are outweighed by other evidence, then you may disregard

that expert's opinion in whole or in part.

### III. BURDEN OF PROOF

17. The burden of proof in civil cases is to establish each essential element of a claim or an affirmative defense by a preponderance of the evidence. To establish an element of a claim or an affirmative defense "by a preponderance of the evidence" means to prove that something is more likely so than not so. In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider, unless otherwise instructed, the evidence I spoke of above -- sworn testimony, exhibits, stipulated facts, etc. In reaching your verdict, you should give to this evidence whatever weight you deem proper.

### IV. ELEMENTS OF THE CASE

18. As I told you at the start of this trial, the claim asserted by Michele Leader is for negligence; the claim asserted by Lance Leader is for loss of consortium; and the claim asserted by Kurtis Leader is for loss of parental services. I shall now instruct you with respect to the elements of these claims.

A. Negligence

19. Generally speaking, negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do under circumstances similar to those shown by the evidence in this case. It is, in other words, a failure to use ordinary care. Negligence is a form of carelessness and does not involve a bad intent on the part of the defendant. I will now address the elements which Michele Leader must prove against Wal-Mart.

20. In this case, Michele Leader alleges that Wal-Mart was negligent. A corporation like Wal-Mart can only act through its agents or employees. Accordingly, Wal-Mart is responsible for the conduct of its agents and employees acting within the scope of their employment duties and obligations. Since the law treats a corporation as a person, it imposes on the corporation the duties and obligations that it imposes on any other person.

21. In order for Michele Leader to prevail against Wal-Mart for negligence, she must prove three elements by a preponderance of the evidence. If her proof should fail to convince you of any one of the three elements, you must find for Wal-Mart. The three elements are:

First, that Wal-Mart owed Michele Leader a <u>duty</u> of care;

Second, that Wal-Mart <u>breached</u> that duty of care; and

Third, that as a proximate result of that breach, Michele Leader suffered personal injuries.

<u>(1) Duty</u>

22. The first element Michele Leader must prove by a preponderance of the evidence is duty. A defendant's duty is established when it can be said that it was foreseeable that its acts or failure to act may cause harm to someone.

23. The obligation of one who controls business premises is to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition. In this case, therefore, Wal-Mart had a duty to take reasonable measures to protect customers and other lawful visitors from tripping hazards and other dangerous conditions which were known to it or which should have been reasonably discovered by

it. Wal-Mart also had a duty to warn customers of any danger of which it knew or should have known.

(2) Breach

24.     The second element which Michele Leader must prove by a preponderance of the evidence is Wal-Mart's breach of its duty of care. A defendant is deemed to have breached a duty of care when it fails, either by its actions or failure to take actions, to exercise that degree of care, vigilance and foresight that a reasonable and prudent person would have exercised under the circumstances. If a defendant breaches a duty of care, then it is negligent.

25.     In this case, Michele Leader alleges that Wal-Mart breached its duty of care with regard to a dangerous condition on the floor. Wal-Mart may be considered negligent if it directly caused a dangerous condition to exist, if it had actual knowledge of the condition, or if the condition existed on the premises for such a length of time that Wal-Mart's agents or employees should have reasonably known about it.

26.     You have also heard and received evidence about customer safety standards, rules and regulations adopted or promulgated by Wal-Mart. If you find that Wal-Mart violated these standards, rules or regulations, you may consider any such violation to be evidence of negligence by Wal-Mart as to any consequence or injury that the standards, rules and regulations were intended to prevent. The law provides that any person or entity may voluntarily assume a duty that would not otherwise be imposed on it, and thus may voluntarily assume a duty to provide specific safety measures to protect customers from trip and fall hazards and injuries. In Massachusetts, a duty voluntarily assumed must be performed with due care. If a

person voluntarily assumes a duty or undertakes to follow rules or procedures seen as necessary for the protection of another, then that person may be held liable for any harm caused because of the negligent performance of the undertaking. You must, however, bear in mind that any failure by Wal-Mart to follow its own standards, rules or regulations, while evidence of negligence, does not equal negligence and does not amount to liability in this case without proof that such failure was causally connected to the alleged injury.

### (3) Proximate Cause

27.  The final element Michele Leader must establish by a preponderance of the evidence is proximate causation, that is, that Michele Leader suffered personal injuries as a proximate result of Wal-Mart's negligence.

28.  The mere happening of an accident, without more, is not enough to establish negligence or proximate cause. If, however, you find that Wal-Mart's negligent conduct increased the risk of harm to her and was a substantial factor in bringing about her injuries, Wal-Mart will be liable. This is so, even if Wal-Mart could not have foreseen the precise manner in which the injury to Michele Leader would occur or even if other events or conditions were also a factor in bringing about Michele Leader's injuries.

29.  If on all the credible evidence you find that it is just as reasonable to believe that the proximate cause of Michele Leader's alleged injury is one for which Wal-Mart is not liable as one for which it is liable, then you must find for Wal-Mart.

### (4) In Sum

30.  To summarize the legal elements of Michele Leader's negligence claim

against Wal-Mart: if you conclude that Ms. Leader has proven by a preponderance of the evidence that Wal-Mart breached a duty of care owed to her and that she was injured as a proximate result of that breach, then you will have concluded that Wal-Mart is liable and may consider the question of damages. If Michele Leader should fail to establish each of the elements of negligence, then you need not deliberate any further.

B. Comparative Negligence

31. One more issue needs to be addressed before I turn to the question of damages. In this case, Wal-Mart has claimed that Michele Leader was herself negligent in various particulars and that her own negligence was also a cause of her injuries.

32. As I have mentioned, the law recognizes that there may be more than one proximate cause of an injury. By raising the affirmative defense of comparative negligence, Wal-Mart alleges that even if it was negligent (which it denies), Michele Leader was also negligent by failing to exercise ordinary care for her own safety and her negligence was also a proximate cause of her injuries.

33. Because it is an affirmative defense, Wal-Mart has the burden of proving by a preponderance of the evidence that Michele Leader was negligent and that her negligence was a proximate cause of her injury.

34. If, therefore, you should find from a preponderance of the evidence that Michele Leader failed to exercise that degree of care as would be exercised by a reasonably prudent person, and that her negligence contributed to her injuries, then you must assess, in percentage terms, the degree to which the negligence, if any, of Michele Leader and Wal-Mart contributed to her injuries. You will indicate your answer

in the special verdict form which you will have with you and which I will read to you shortly. You should remember, however, that in apportioning the relative fault between Michele Leader and Wal-Mart, your answer must total 100 percent.

35. If you find that Michele Leader did not contribute by her negligence to her own injuries, full damages as you calculate them will be awarded to her. If you find that Michele Leader's negligence was a cause of 50% or less of the total amount of damages she would otherwise be entitled, these damages will be reduced by the court by the percentage which you find her negligence contributed to her injury. I want to emphasize that you should not reduce your damage award but only provide the percentage, if any, which Michele Leader's own negligence contributed to her injury. The reduction will be made by the court based on that percentage. If, however, you find that Michele Leader was more than 50% responsible for her injury, a verdict will be entered in favor of Wal-Mart on this claim.

C. Damages

36. First, I caution you that nothing said in these instructions is to be taken by you as intimating how I think you should decide any question in the case, and what amount of damages, if any, you may wish to award.

37. If you should find that Michele Leader is entitled to a verdict, you must then consider the question of damages. You are instructed that in cases where damages are awarded, the law prescribes no definite measure of damages. Since there is no "yardstick" for computing damages, the matter is to be fixed by the jury as your discretion dictates and as may be just and proper under all the circumstances.

38. You are also instructed that a defendant is liable for the effects of its

negligent acts which exacerbated or exaggerated any pre-existing condition of the plaintiff, or if it is combined to worsen the effects of a subsequently developed condition. Thus, if you find that any of the medical conditions or disabilities suffered by Michele Leader, prior to or after she fell at Wal-Mart, worsened as a result of the injuries she sustained in the fall, then you will find that Wal-Mart was a proximate cause of the damages sustained by Michele Leader as a result of the worsened condition or disability and any treatment thereof. A defendant is not excused from liability because of any unusual susceptibility of the plaintiff to a particular type of injury. Rather, a negligent defendant must take persons that are injured as a consequence of its negligence as it finds them, including their frailties and any unusual susceptibility to injury.

39.  If you reach the damage issue, your function on damages is to find a fair and reasonable figure. Damages with respect to Michele Leader include elements such as bodily pain, loss of function of a body part, loss of time, and outlay of money, loss or diminution of earning capacity, mental suffering, and the loss of capacity which may ensue from the injury.

40.  If you find that Wal-Mart was negligent, then Michele Leader is entitled to be awarded monetary compensation for all medical expenses incurred by her or on her behalf as a result of injuries proximately caused by the accident, if the preponderance of the evidence which has been introduced warrants such a result.

41.  In addition, Michele Leader is entitled to recover for the value of her time if she was incapacitated and unable to perform her usual functions or work and the present and future impairment of her earning capacity due as a result of the injury she

suffered at Wal-Mart.

42.  Michele Leader is also entitled to recover for any pain and suffering, both mental and physical, and mental and emotional anguish, which you should find was due to this accident. You should consider the nature of these injuries and the pain and suffering which you ascribe to the injuries.

43.  You must consider not only the past and present physical and mental condition brought on by this accident, but consider and include in your verdict damages for all future pain and suffering and disability which, on the evidence, you find is probable as a result of her injuries. Just as Wal-Mart is entitled to its day in court, so too is Michele Leader, and there can be only one recovery, including all damages for the future as well as the past and present. There is no mathematical formula to arrive at these elements of damages. Unlike the other damage elements mentioned where, to a degree, you can arrive readily at a certain sum, this last element is left to be determined by you on the evidence and, in large measure, based on your own common sense and experience in life, after considering all the evidence presented in this courtroom.

44.  I also instruct you that a plaintiff has an obligation to take reasonable steps to mitigate her damages, that is, to keep them to a minimum. If the defendant proves by a preponderance of the evidence that the plaintiff did not do so, you must reduce any award of damages by the amount that the plaintiff reasonably could have reduced the total damages.

D.  Lance and Kurtis Leader

45.  In addition to the damages just described to you which Michele Leader is

seeking, her husband, Lance Leader, has a claim to recover the damages he has suffered as a result of Wal-Mart's alleged negligence. This type of claim is called loss of consortium. Thus, if you find that Wal-Mart was negligent and that its negligence was the direct and proximate cause of a loss suffered by Lance Leader, then he is entitled to be compensated for his loss of consortium as a result of the injuries sustained by his wife.

46. By loss of consortium, I mean the loss, impairment or diminution of the quality of the relationship between husband and wife. It entails such factors as loss or impairment of the love, affection, companionship and care between a married couple. A spouse's inability, even temporarily, to assist in household chores, to aid in taking care of the home and children, to assist her husband in his occupation, to socialize, to bathe or tend to other matters of personal hygiene, or to participate in the normal marital sexual activities in the manner in which was customary prior to an injury, are the types of factors which compose "loss of consortium."

47. Similarly, Michele Leader's son, Kurtis Leader, has a claim to recover the damages he has suffered as a result of Wal-Mart's alleged negligence. This type of claim is called loss of parental services, that is, the interferences and limitations the injuries to his mother have caused to his relationship with her. A parent's inability, even temporarily, to participate in normal parenting roles as were customary prior to any injury constitutes loss of parental services. Thus, if you find that Wal-Mart was negligent and that its negligence was the direct and proximate cause of a loss suffered by Kurtis Leader, then Kurtis Leader is entitled to be compensated for his loss of parental services.

48. I will give you one final instruction with respect to both Lance Leader's claim for loss of consortium and Kurtis Leader's claim for loss of parental services; you are not to consider any negligence on the part of Michele Leader to reduce compensation to them. Thus, if you find that Wal-Mart was negligent, and that its negligence was the direct and proximate cause of the harm to Lance and/or Kurtis Leader, then they are entitled to recover the reasonable value of damages for that harm, regardless of whether or not you find Michele Leader comparatively negligent for her injuries. Put differently, the comparative negligence of Michele Leader cannot be imputed nor attributed to Lance or Kurtis Leader in any way and you cannot reduce or diminish their recovery because of any contributory fault on Michele Leader's part.

## V. CONCLUSION

49. That completes my instructions to you. Special verdict questions have been prepared for your convenience. You will take the form containing these questions with you to the jury room, where you will deliberate with a view towards reaching a unanimous answer to each question. Follow the directions on the form, as they will explain to you how, and in what order, to answer the questions.

**[READ SPECIAL VERDICT FORM]**

50. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question, and will date and sign the special verdict form when completed. When you have reached unanimous agreement as to each question on the verdict form, you will have your foreperson fill in, date and sign the form at the bottom of the

last page. Then, the jury will return to the courtroom and render its verdict to the Court.

Go now, and begin your deliberations.